MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace, Esq. [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANGELO PENA, ROLANDO ROJAS, JOSE
DIROCHE, and FRANKLIN SANTANA,
*individually and on behalf of others simiarly situated*,

                      **07 CV 7013**

        *Plaintiffs*,

        -against-                **COMPLAINT**

SP PAYROLL, INC., NICHOLAS PARKING,
CORP., IVY PARKING, CORP.,
BIENVENIDO, LLC, CASTLE PARKING      **ECF Case**
CORP., SAGE PARKING CORP., and SAM
PODOLAK,

        *Defendants.*
-------------------------------------------------------X

       Plaintiffs Angelo Pena, Rolando Rojas, Jose Diroche, and Franklin Santana, individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., allege upon information and belief of the Defendants, as follows:

**NATURE OF ACTION**

    1.    Plaintiffs are current and former parking lot attendants of SP Payroll, Inc., Nicholas Parking, Corp., Ivy Parking, Corp., Bienvenido, LLC, Castle Parking Corp., and Sage Parking Corp. (collectively referred to as "Defendant Corporations"), and Sam Podolak ("Defendant Podolak"), who owns and operates Defendant Corporations.

2. Defendant Corporations, by and through their owner, operate a chain of parking lots in New York City.

3. Defendant Corporations are owned and operated by individual Defendant Sam Podolak.

4. At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring their parking lot attendants to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

5. Plaintiffs now bring this action on behalf of themselves and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") § 650 *et seq*., and the spread of hours and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. § 142-2.2, 2.4.).

6. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

7. Plaintiffs seek further certification on behalf of themselves and a class of other similarly situated current, former, and future individuals who worked for Defendants in the state of New York, pursuant to Fed. R. Civ. Proc. 23.

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (interstate commerce). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

9. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Defendant Corporations reside in this district and Plaintiffs were employed by Defendants in this district.

**THE PARTIES**

*Plaintiffs*

10. Angelo Pena ("Plaintiff Pena") is an adult individual residing in New York County, New York. Plaintiff Pena has been employed by Defendants from approximately October 2003 through the present. Plaintiff Pena regularly works 60 hours a week (7 p.m. to 7 a.m., five days a week). At all times relevant, Plaintiff Pena was paid the minimum hourly wage mandated by federal law. In addition to his weekly wages paid by check, Plaintiff Rojas was given approximately $20 to $70 a week in cash. Plaintiff Pena has worked at the following locations: 199 Street and Western Avenue, Bronx, NY; 404 W. 155th Street, New York, NY; 145th W. Street, New York, NY; and 1295 Jerome Street, New York, NY 10452 .

11. Rolando Rojas ("Plaintiff Rojas") is an adult individual residing in New York County, New York. Plaintiff Rojas was employed by Defendants from approximately May 2003 through January 20, 2007. Plaintiff Rojas regularly worked 60 hours a week (7 a.m. to 7 p.m., five days a week). In approximately October 2006, Plaintiff Rojas' schedule was reduced to 48 hours a week, 4 p.m. to 12 a.m., six days a week. At all times relevant, Plaintiff Rojas was

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com

paid the minimum hourly wage mandated by federal law. In addition to his weekly wages paid by check, Plaintiff Rojas was given approximately $20 to $70 a week in cash. Plaintiff Rojas has worked at the 404 W. 55th Street, New York, NY location.

12. Jose Diroche ("Plaintiff Diroche") is an adult individual residing in Bronx County, New York. Plaintiff Diroche has been employed by Defendants from approximately February 2001 through the present. Plaintiff Diroche regularly works 72 hours per week (6 p.m. to 6 a.m., six days a week). At all times relevant, Plaintiff Diroche was paid the minimum hourly wage mandated by federal law. In addition to his weekly wages paid by check, Plaintiff Diroche was given approximately $20 to $70 a week in cash. Plaintiff Diroche has worked at the following locations: 1295 Jerome Avenue, New York, NY 10452; 1277 Jerome Avenue, New York, NY 10452; 199 Street & Western Avenue, Bronx, NY; 404 W. 55th Street, New York, NY.

13. Franklin Santana ("Plaintiff Santana") is an adult individual residing in Bronx County, New York. Plaintiff Santana has been employed by Defendants from approximately 2003 through the present. Plaintiff Santana regularly worked 72 hours per week (7 p.m. to 7 a.m., six days per week). At all times relevant, Plaintiff Santana was paid the minimum hourly wage mandated by federal law. In addition to his weekly wages paid by check, Plaintiff Santana was given approximately $20 to $70 a week in cash. Plaintiff Santana worked at the 1277 Jerome Avenue, Bronx, NY 10452 location.

*Defendants*

14. Defendant SP Payroll Inc. is a corporation organized and existing under the laws of the State of New York. Community Parking Inc., operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

PDF Creator - PDF4Free v2.0                http://www.pdf4free.com

15. Defendant Nicholas Parking Corp. is a corporation organized and existing under the laws of the State of New York. Nicholas Parking Corp. operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

16. Defendant Ivy Parking, Corp. is a corporation organized and existing under the laws of the State of New York. Ivy Parking, Corp. operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

17. Defendant Bienvenido, LLC is a corporation organized and existing under the laws of the State of New York. Bienvenido LLC operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

18. Defendant Castle Parking Corp. is a corporation organized and existing under the laws of the State of New York. Castle Parking Corp. operates parking lots and maintains its corporate headquarters at 9 E. 40th Street, New York, NY 10016.

19. Defendant Sage Parking Corp. is a corporation organized and existing under the laws of the State of New York. Sage Parking Corp. operates a parking lot and maintains its corporate headquarters at 9 E. 40th Street, New York, NY 10016.

20. Defendant Sam Podolak is an individual engaged in business in the City and County of New York. Defendant Podolak, who is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations, possesses operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, controls significant functions of Defendant Corporations, determines the wages of the parking lot attendants, and makes hiring decisions.

PDF Creator - PDF4Free v2.0    http://www.pdf4free.com

**STATEMENT OF FACTS**

*Defendant Corporations Constitute Joint Employers*

21. SP Payroll, Inc., Nicholas Parking, Corp., Ivy Parking, Corp., Bienvenido, LLC, Castle Parking Corp., and Sage Parking Corp. are shell corporations controlled by the same owner, or owner group, operating as a unified operation.

22. Defendant Corporations are associated and joint employers, utilizing Plaintiffs in a fungible and interchangeable manner as parking lot attendants between the parking lots operated by the Defendant Corporations.

23. Defendant Corporations share the same employees among them, act in the interest of each other with respect to employees, pay their employees by the same method and in the same amount, share control over the employees, and are themselves under common control.

24. Upon information and belief, Defendant Podolak is the owners and/or executive directors of the Defendant Corporations.

25. At all relevant times, Defendant Podolak employed and/or jointly employed the Plaintiffs.

26. The gross annual volume of sales made or business done by Defendant Corporations, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

27. At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

PDF Creator - PDF4Free v2.0                                    http://www.pdf4free.com

*Defendants' General Compensation and Employment Practices*

28.     At all times relevant to this action, Plaintiffs worked as attendants in parking lots owned and/or operated by Defendants. As such, Plaintiffs' work was involved with or related to the movement of goods for interstate commerce.

29.     Defendants regularly require Plaintiffs to work in excess of forty (40) hours per week and more than ten (10) hours a day without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

30.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain proper and complete timesheets or payroll records.

31.     Defendants paid Plaintiffs with a combination of check and cash, without providing an accurate indication as to their rate of pay, daily hours worked, or total hours worked each week for the full amount of weekly hours. Although Plaintiffs regularly worked 60 to 72 hours per week, their pay checks only reflected an average of 55 hours per week. Defendants regularly paid the remainder of Plaintiffs' hours in cash without reporting the time or wages on the Plaintiffs' original pay checks. As such, Plaintiffs were not properly paid for their overtime hours.

32.     Plaintiffs could not leave the parking lot unattended and as a result, were required to work their entire 12-hour shift without receiving a meal break. Instead, Plaintiffs had to sneak off the parking lot to buy food and eat it as they ran back to work.

33.     Defendants denied Plaintiffs time off for meals and breaks in violation of New York State Labor Law § 162.2. Plaintiffs received neither a thirty-minute break for lunch, nor an

- 7 -

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com

additional 20 minute break between 5 P.M. and 7 P.M. for those employed on a shift starting before 11 A.M. and continuing after 7 P.M.

34. At no time during the course of this action did Plaintiffs ever observe on Defendants' premises any posted notice regarding employees' rights under the Fair Labor Standards Act, New York State Labor Law and Regulations or the procedures for filing a charge for violations of these state and federal labor laws.

**FLSA COLLECTIVE ACTION CLAIMS**

35. On information and belief, there are over 15 current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

36. The named Plaintiffs are representative of these other parking lot attendants who work for Defendants and are acting on behalf of their interests as well as their own interest in bringing this action:

    a. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

PDF Creator - PDF4Free v2.0    http://www.pdf4free.com

37. Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

38. Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the state of New York, on or after the date that is six years before the filing of the complaint in this case, August 2001, to entry of judgment in this case (the "New York Class Period"), as travel agency or money wire employees. All said persons, including Plaintiffs, are referred to herein as the "New York Class."

39. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately 100 members of the New York Class during the New York Class Period. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the class.

40. The representative parties will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

41. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small,

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com

compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

42. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

43. The claims of Plaintiffs are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the Named Plaintiffs were and are typical of those of class members.

44. There are questions of law and fact common to the New York Class which predominate over any questions solely affecting individual members of the Class, including:

   a. what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

   b. what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

   c. what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

   d. whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

   e. whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

   f. at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

PDF Creator - PDF4Free v2.0                           http://www.pdf4free.com

g. common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

### FIRST CAUSE OF ACTION
### Minimum Wage Act Under the FLSA

45. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

46. At all times relevant to this action, Plaintiffs were engaged in interstate commerce in an industry or activity affecting commerce.

47. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

48. Defendant Corporations constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

49. Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. §§ 206(a) and 255(a).

50. Plaintiffs have been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### Overtime Wage Order Under the FLSA

1. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

2. Defendants willfully failed to pay Plaintiffs pursuant to the overtime wage order at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of 29 U.S.C. §§ 207(a)(1) and 255(a).

3. Plaintiffs have been damaged in an amount to be determined at trial.

PDF Creator - PDF4Free v2.0     http://www.pdf4free.com

**THIRD CAUSE OF ACTION**
**Minimum Wage Act Under the NYLL**

51.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

52.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

53.     Defendants knowingly paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

54.     Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

55.     Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**Overtime Wage Order Under the NYSLL**

56.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

57.     Defendants willfully failed to pay Plaintiffs overtime at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of NYLL § 190 *et seq.* and regulations of the New York State Department of Labor.

58.     Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

59.     Plaintiffs have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**Spread of Hours Wage Order**

4.Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

5.     Defendants failed to pay Plaintiffs one additional hour's pay at the minimum

PDF Creator - PDF4Free v2.0                         http://www.pdf4free.com

wage rate for each day Plaintiffs worked more than ten hours in violation of the Spread of Hours Wage Order.

6.  Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs in excess of ten hours was willful within the meaning of NYLL § 663.

7.  Plaintiffs have been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b) Designating this action as a class action under Rule 23 of the Federal Rules of Civil Procedure pursuant to Rule 23 to all putative class members for applicable claims under New York Labor Law;

(c) Declaring that Defendants have violated the minimum wage orders of the FLSA and NYLL, as to Plaintiffs;

(d) Declaring that Defendants have violated the overtime wage orders of the FLSA and NYLL, as to Plaintiffs;

(e) Declaring that Defendants' violation of the FLSA and NYLL were willful, as to Plaintiffs;

(f) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor;

PDF Creator - PDF4Free v2.0     http://www.pdf4free.com

(g) Declaring that Defendants' violations of the FLSA and New York Labor Law were willful;

(h) Awarding Plaintiffs and the punitive class members damages for the amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL;

(i) Awarding Plaintiffs and the punitive class members liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b);

(j) Awarding Plaintiffs and the punitive class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

(k) Awarding Plaintiffs and the punitive class prejudgment interest;

(l) Awarding Plaintiffs and the punitive class members the expenses incurred in this action, including costs and attorney's fees; and

(m) Awarding Plaintiffs and the punitive class members liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b);

(n) Awarding Plaintiffs and the punitive class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

(o) Awarding Plaintiffs and the punitive class prejudgment interest;

(p) Awarding Plaintiffs and the punitive class members the expenses incurred in this action, including costs and attorney's fees; and

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com

For such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 1, 2007

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/_____
Michael A. Faillace, Esq. [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*
