PETER A. WALKER, ESQ. (PW-7984)
JACQUELYN G. WHITE, ESQ. (JW-4168)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York  10018
(212) 218-5500
(212) 218-5526

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELO PENA, ROLANDO ROJAS, JOSE DIROCHE, and FRANKLIN SANTANA, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SP PAYROLL, INC., NICHOLAS PARKING, CORP., IVY PARKING, CORP., BIENVENIDO, LLC, CASTLE PARKING CORP., SAGE PARKING CORP., and SAM PODOLAK, <br><br> Defendants. | CIVIL ACTION NO.: 07-CV-7013 (RJH) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants SP Payroll, Inc. ("SP Payroll"), Nicholas Parking, Corp. ("Nicholas Parking"), Ivy Parking, Corp. ("Ivy Parking"), Bienvenido, LLC ("Bienvenido Parking"), Castle Parking Corp. ("Castle Parking"), Sage Parking Corp. ("Sage Parking") (collectively, "Defendant Corporations"), and Sam Podolak ("Podolak") (collectively, "Defendants"), by and through their counsel, Seyfarth Shaw LLP, for their Answer and Affirmative and Other Defenses to the Complaint of plaintiffs Angelo Pena ("Pena"), Rolando Rojas ("Rojas"), Jose Diroche

NY1 26482877.5

("Diroche") and Franklin Santana ("Santana") (collectively, "Plaintiffs"), as purportedly asserted on behalf of themselves and all others similarly situated, allege and state as follows:

## NATURE OF ACTION

1. Defendants deny the allegations in paragraph 1 of the Complaint, except admit that Plaintiffs are current or former parking lot attendants of Ivy Parking, Bienvenido Parking, Castle Parking and/or Sage Parking. Defendants specifically deny that Plaintiffs are current or former parking lot attendants of SP Payroll or Nicholas Parking, and aver that Nicholas Parking and Ivy Parking are no longer operating entities. Defendants further aver that Podolak is an owner and Executive Director of Defendant Corporations.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. Defendants deny the allegations in paragraph 3 of the Complaint, except admit that Sam Podolak is an owner and Executive Director of Defendant Corporations.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint asserts legal declarations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 5 of the Complaint, except admit that Plaintiffs purport to bring an action on behalf of certain individuals who are not parties to this action. Defendants deny knowledge or information sufficient to form a belief that other persons are joining or intend to join this action, and further deny that a class or collective action is appropriate in this case. Defendants further aver that they have not violated any provisions of any of the laws alleged in the Complaint.

6. Paragraph 6 of the Complaint asserts legal declarations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 6 of the Complaint, except admit that Plaintiffs purport to bring a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of certain individuals who are not parties to this action. Defendants

NY1 26482877.5

deny knowledge or information sufficient to form a belief that other persons are joining or intend to join this action, and further deny that a "collective action" is appropriate in this case.

7. Paragraph 7 of the Complaint asserts legal declarations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 7 of the Complaint, except admit that Plaintiffs purport to bring a class action pursuant to Fed. R. Civ. P. 23 on behalf of certain individuals who are not parties to this action. Defendants deny knowledge or information sufficient to form a belief that other persons are joining or intend to join this action, and further deny that a class action is appropriate in this case.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 8 of the Complaint, except admit that Plaintiffs purport to assert claims over which this Court may have subject matter jurisdiction.

9. Paragraph 9 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 9 of the Complaint, except admit that Defendants conducted business from offices located in this district and that venue is proper.

## THE PARTIES

*Plaintiffs*

10. Defendants deny the allegations in Paragraph 10 of the Complaint, except deny knowledge or information sufficient to form a belief as to the location of Plaintiff Pena's residence, and admit that Plaintiff Pena has worked for Ivy Parking, Bienvenido Parking, Castle Parking and Sage Parking at various times since in or about October 2003. Defendants further aver that Plaintiff Pena was compensated in accordance with federal and state law.

11. Defendants deny the allegations in Paragraph 11 of the Complaint, except deny knowledge or information sufficient to form a belief as to the location of Plaintiff Rojas' residence. Defendants admit that Plaintiff Rojas worked for Castle Parking at various times between May 2003 and on or about January 20, 2007. Defendants further aver that Plaintiff Rojas was compensated in accordance with federal and state law.

12. Defendants deny the allegations in Paragraph 12 of the Complaint, except deny knowledge or information sufficient to form a belief as to the location of Plaintiff Diroche's residence, and admit that Plaintiff Diroche has worked for Bienvenido Parking, Castle Parking and Sage Parking at various times since in or about April 2001. Defendants further aver that Plaintiff Diroche was compensated in accordance with federal and state law.

13. Defendants deny the allegations in Paragraph 13 of the Complaint, except deny knowledge or information sufficient to form a belief as to the location of Plaintiff Santana's residence, and admit that Plaintiff Santana has worked for Bienvenido Parking, Castle Parking and Sage Parking at various times since in or about May 2003. Defendants further aver that Plaintiff Santana was compensated in accordance with federal and state law.

*Defendants*

14. Defendants deny the allegations in paragraph 14 of the Complaint, except admit that defendant SP Payroll is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 1832 Second Avenue, New York, New York 10128. Defendants aver that Community Parking Inc. is not a named defendant in this action.

15. Defendants deny the allegations in paragraph 15 of the Complaint, except admit that defendant Nicholas Parking is a corporation organized under the laws of the State of New

York. Defendants deny that Nicholas Parking is in the business of operating parking lots, and further aver that Nicholas Parking is no longer an operating entity.

16.     Defendants deny the allegations in paragraph 16 of the Complaint, except admit that Ivy Parking is a corporation organized under the laws of the State of New York. Defendants deny that Ivy Parking currently operates parking lots, and aver that Ivy Parking ceased its operations in or about January 2005.

17.     Defendants deny the allegations in paragraph 17 of the Complaint, except admit that Bienvenido Parking is a corporation organized and existing under the laws of the State of New York, that Bienvenido Parking operates a parking lot, and that the principal place of business of Bienvenido Parking is located at 1277 Jerome Avenue, Bronx, New York.

18.     Defendants deny the allegations in paragraph 18 of the Complaint, except admit that Castle Parking is a corporation organized and existing under the laws of the State of New York, that Castle Parking operates a parking lot, and that the principal place of business of Castle Parking is located at 2046 Webster Avenue, Bronx, New York.

19.     Defendants deny the allegations in paragraph 19 of the Complaint, except admit that Sage Parking is a corporation organized and existing under the laws of the State of New York, that Sage Parking operates a parking lot, and that the principal place of business of Sage Parking is located at 1295 Jerome Avenue, Bronx, New York.

20.     Paragraph 20 of the Complaint asserts legal declarations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 20 of the Complaint, except admit that Podolak is an owner and Executive Director of Defendant Corporations.

**STATEMENT OF FACTS**

21. Paragraph 21 of the Complaint asserts legal declarations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint asserts legal declarations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint, except admit that at various times Ivy Parking, Bienvenido Parking, Castle Parking and Sage Parking have employed individuals who may have worked for other Defendant Corporations, and admit that Ivy Parking, Bienvenido Parking, Castle Parking and Sage Parking process their payroll through SP Payroll.

24. Defendants deny the allegations in paragraph 24 of the Complaint, except admit that Podolak is an owner and the Executive Director of Defendant Corporations.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 27 of the Complaint, except admit that Ivy Parking, Bienvenido Parking, Castle Parking and Sage Parking had the power to hire and fire their respective employees, control the terms and conditions of employment, and determine the rate and method of their employees' compensation. Defendants aver that each Plaintiff was employed by at least one Defendant, but that no Plaintiff was ever employed by all Defendants.

NY1 26482877.5

28. Paragraph 28 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 28 of the Complaint, except admit that Plaintiffs were formerly or are currently employed as parking lot attendants by at least one Defendant Corporation.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint, except deny knowledge or information sufficient to form a belief as to the personal observations of the individual Plaintiffs. Defendants further aver that they have complied with all posting requirements under federal and state law.

## FLSA COLLECTIVE ACTION CLAIMS

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint, including its subpart, paragraph 36a.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

37. Paragraph 37 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 37 of the Complaint, except admit that Plaintiffs purport to bring an action pursuant to Fed. R. Civ. P. 23 on behalf of certain individuals who are not parties to this action. Defendants aver that a class action pursuant to Fed. R. Civ. P. 23 is not appropriate in this case.

NY1 26482877.5

38. Paragraph 38 of the Complaint asserts legal declarations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 38 of the Complaint, except admit that Plaintiffs purport to bring an action on behalf of certain individuals who are not parties to this action.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint, except deny knowledge or information sufficient to form a belief as to the qualifications or experience of Plaintiffs' counsel.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint, including each of its subparts, a through g.

### FIRST CAUSE OF ACTION
### Minimum Wage Act Under the FLSA

45. Defendants reassert and incorporate their responses to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

46. Paragraph 46 of the Complaint asserts legal declarations and conclusions to which no response is required.

47. Paragraph 47 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 47 of the Complaint, except admit that Ivy Parking, Bienvenido Parking, Castle Parking and Sage Parking had the power to hire and fire their respective employees, control the terms and conditions of employment, and determine the rate and method of their employees'

compensation. Defendants aver that each Plaintiff was employed by at least one Defendant, but that no Plaintiff was ever employed by all Defendants.

48. Paragraph 48 of the Complaint asserts legal declarations and conclusions to which no response is required.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

## SECOND CAUSE OF ACTION
### Overtime Wage Order Under the FLSA

1. Defendants reassert and incorporate their responses to paragraphs 1 through 50 of the Complaint as if fully set forth herein.

2. Defendants deny the allegations in incorrectly numbered paragraph 2 under subheading "Second Cause of Action" of the Complaint.

3. Defendants deny the allegations in incorrectly numbered paragraph 3 under the subheading "Second Cause of Action" of the Complaint.

## THIRD CAUSE OF ACTION
### Minimum Wage Act Under the NYLL

51. Defendants reassert and incorporate their responses to the aforementioned paragraphs of the Complaint as if fully set forth herein.

52. Incorrectly numbered paragraph 52 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 52 of the Complaint, except admit that Ivy Parking, Bienvenido Parking, Castle Parking and Sage Parking had the power to hire and fire their respective employees, control the terms and conditions of employment, and determine the rate and method of their employees' compensation. Defendants aver that each Plaintiff was employed by at least one Defendant, but that no Plaintiff was ever employed by all Defendants.

9

53. Defendants deny the allegations in incorrectly numbered paragraph 53 of the Complaint.

54. Defendants deny the allegations in incorrectly numbered paragraph 54 of the Complaint.

55. Defendants deny the allegations in incorrectly numbered paragraph 55 of the Complaint.

**FOURTH CAUSE OF ACTION**
**Overtime Wage Order Under the NYSLL**

56. Defendants reassert and incorporate their responses to the aforementioned paragraphs of the Complaint as if fully set forth herein.

57. Defendants deny the allegations in incorrectly numbered paragraph 57 of the Complaint.

58. Defendants deny the allegations in incorrectly numbered paragraph 58 of the Complaint.

59. Defendants deny the allegations in incorrectly numbered paragraph 59 of the Complaint.

**FIFTH CAUSE OF ACTION**
**Spread of Hours Wage Order**

4. Defendants reassert and incorporate their responses to the aforementioned paragraphs of the Complaint as if fully set forth herein.

5. Defendants deny the allegations in incorrectly numbered paragraph 5 under the heading "Fifth Cause of Action" of the Complaint.

6. Defendants deny the allegations in incorrectly numbered paragraph 6 under the heading "Fifth Cause of Action" of the Complaint.

NY1 26482877.5

7. Defendants deny the allegations in incorrectly numbered paragraph 7 under the heading "Fifth Cause of Action" of the Complaint.

## PRAYER FOR RELIEF

60. Answering the "Prayer for Relief," Defendants deny that Plaintiffs are entitled to the relief for which they pray on behalf of themselves or any other individual or to any other relief.

61. Unless and to the extent expressly admitted herein, Defendants deny any and all allegations in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have. Defendants further aver that Plaintiffs' claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus, expressly reserve their right to assert additional defenses should the precise nature of Plaintiffs' claims become clear.

## FIRST DEFENSE

Plaintiffs fail to state a claim, in whole or in part, upon which relief may be granted, either on their own behalf or on behalf of those persons whom they purport to represent, or to whom they purportedly are similarly situated.

## SECOND DEFENSE

This case may not be maintained as a collective action because Plaintiffs are not similarly situated to or otherwise an adequate representative for the persons whom they purport to represent and, thus, cannot establish the existence of each of the requirements under 29 U.S.C. § 216. Defendants specifically maintain that Plaintiffs' pleadings fail to meet the requirements necessary to justify a collective action or issuance of notice pursuant to 29 U.S.C.§ 216.

NY1 26482877.5

## THIRD DEFENSE

Some or all of Plaintiffs' and/or the putative class members' claims are barred in whole or in part by the applicable statute(s) of limitations.

## FOURTH DEFENSE

Defendants at all times, in all manners, acted in accordance with any and all duties and obligations under the FLSA and its regulations, and/or applicable state law and regulations, if any.

## FIFTH DEFENSE

Plaintiffs do not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus this action cannot be maintained as a class action.

## SIXTH DEFENSE

Plaintiffs and/or the putative class members lack standing or are otherwise not entitled to bring, maintain or participate in a class action under the FLSA or under Rule 23 of the Federal Rules of Civil Procedure.

## SEVENTH DEFENSE

Plaintiffs and/or the putative class members are not entitled to some or all of the relief sought under the doctrine of consent.

## EIGHTH DEFENSE

Subject to proof through discovery, some or all of the putative class members may be exempt from overtime pay as executive and/or administrative employees.

NY1 26482877.5

## NINTH DEFENSE

Defendants state, in the alternative if necessary, that part or all of any time Plaintiffs allege should be paid to them and/or to allegedly similarly situated employees is properly preliminary or postliminary time under the Portal-to-Portal Pay Act, 29 U.S.C. § 254(a), and therefore not compensable.

## TENTH DEFENSE

Defendants state, in the alternative if necessary, that if, in fact, they have failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

## ELEVENTH DEFENSE

Defendants state, in the alternative if necessary, that even if they in fact failed to pay unidentified individuals for any of the activities alleged in Plaintiffs' Complaint, such activities do not constitute compensable work under the FLSA, and/or applicable state law and, furthermore, such alleged activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.

## TWELFTH DEFENSE

Defendants state, in the alternative if necessary, that their actions with respect to Plaintiffs and any similarly situated worker, and/or putative class members were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259, and/or applicable state law.

NY1 26482877.5

**THIRTEENTH DEFENSE**

Defendants state, in the alternative if necessary, that their actions with respect to Plaintiffs and any other similarly situated worker, and/or putative class members, were taken in good faith with reasonable grounds to believe such conduct comported with the FLSA or interpretations of the FLSA pursuant to 29 U.S.C. § 260, and/or applicable state law.

**FOURTEENTH DEFENSE**

If Plaintiffs have sustained any damages or if any putative members of any purported class defined in the Complaint have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or putative class members owed to Defendants against any judgment that may be entered against Defendants.

**FIFTEENTH DEFENSE**

The claims of Plaintiffs and each putative class member are barred to the extent that there is/are currently or were other action(s) raising on the same claims.

**SIXTEENTH DEFENSE**

Plaintiffs and/or the putative class members have received full payment for all work performed thereby barring Plaintiffs' and/or the purported class members' claims.

**SEVENTEENTH DEFENSE**

Some or all of the putative class members claims are barred by the doctrine of accord and satisfaction.

**EIGHTEENTH DEFENSE**

To the extent permitted by law, Defendants seek recovery of reasonable and necessary attorneys' fees.

## NINETEENTH DEFENSE

Subject to proof by discovery, some or all of Plaintiffs' and/ or the putative class members' claims are barred because they executed a valid and enforceable general release of Defendants.

## TWENTIETH DEFENSE

This Court lacks jurisdiction over some or all of Plaintiffs' or the putative class members' state claims.

## TWENTY-FIRST DEFENSE

Some or all of Plaintiffs' and the putative class members' claims are preempted, in whole or in part.

## TWENTY-SECOND DEFENSE

Plaintiffs' Rule 23 allegations should be stricken and they cannot pursue their state law claims as a class action because they are so vague and imprecise that no ascertainable class is present.

## TWENTY-THIRD DEFENSE

Some or all of Plaintiffs' claims for relief under New York law fail because New York law does not provide for mandatory overtime.

## TWENTY-FOURTH DEFENSE

Some or all of Plaintiffs' claims for class action relief under New York law fail because New York law prohibits class causes of action for relief that include invocation of penalties or liquidated damages against a defendant.

## TWENTY-FIFTH DEFENSE

Some or all of Plaintiffs' claims fail because Defendants did not employ Plaintiffs or any other putative plaintiff or other individual, and was not such person's employer, during all or part of the time period relevant to this lawsuit.

## TWENTY-SIXTH DEFENSE

Defendants assert all affirmative and other defenses available to them under each of the state laws and precedents cited in the Complaint.

WHEREFORE, Defendants demands judgment against Plaintiffs in their favor:

(a) denying that Plaintiffs are entitled to the relief for which they pray on behalf of themselves or any other individual or to any other relief.

(b) dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

(c) awarding Defendants their costs and disbursements, including reasonable attorneys' fees incurred in this action; and

(d) granting Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       September 18, 2007

                    Respectfully submitted,

                    SEYFARTH SHAW LLP

                    By: <u>s/ Peter Walker</u>
                       Peter A. Walker (PW-7984)
                       Jacquelyn G. White (JW-4168)
                    620 Eighth Avenue
                    New York, New York 10018
                    (212) 218-5500

                    Attorneys for Defendants

NY1 26482877.5