MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace, Esq. [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ANGELO PENA, ROLANDO ROJAS, JOSE
DIROCHE, and FRANKLIN SANTANA,
*individually and on behalf of others similarly situated,*

       Plaintiffs,

  -against-

SP PAYROLL, INC., NICHOLAS PARKING,
CORP., IVY PARKING, CORP.,
BIENVENIDO, LLC, CASTLE PARKING
CORP., SAGE PARKING CORP., and SAM
PODOLAK,

       Defendants.
-------------------------------------------------------X

07 CV 7013

AFFIDAVIT OF MICHAEL
FAILLACE, ESQ IN SUPPORT OF
MOTION FOR LEAVE TO
AMEND COMPLAINT UNDER
FED. R. CIV. P. 15(a)(2) AND FOR
OTHER RELIEF

ECF Case

STATE OF NEW YORK  )
         ) ss
COUNTY OF NEW YORK )

  MICHAEL A. FAILLACE, an attorney duly admitted to practice in New York and in this court, affirms on penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

  1.  I represent plaintiffs Angelo Pena, Rolando Rojas, Jose Diroche, and Franklin Santana (the "Named Plaintiffs"), as well as eight prospective named plaintiffs Christian Santos, Luis Ramon Luna, Miguel Alcantara, Miguel Garcia, Miguel Rojas, Victor Gonzales, Jose De Arce Reyes, and Edison Alvarez (the "Prospective Named Plaintiffs") (collectively the

"Plaintiffs"), in this lawsuit for unpaid wages and overtime, and for other violations under the FLSA and New York Labor Law and associated rules and regulations.

2. I submit this affidavit in support of Plaintiffs' Motion pursuant to Fed. R. Civ. P. ("FRCP") 15(a) to amend the Complaint in this action to do the following:

> (1) add the additional Prospective Named Plaintiffs (under FRCP 21 and 15) (who are formerly prospective "opt-in" plaintiffs under the proposed collective action under 29 U.S.C. 216(b));
>
> (2) conform facts in the Complaint to facts as corrected and/or obtained in deposition and discovery;
>
> (3) remove the request for certification of a collective action under 29 U.S.C. 216(b); and
>
> (4) correct several typographical errors and conform the 'relief requested' section with the damages available given the removal of the collective action claims.

3. In seeking amendment of the Complaint, Plaintiffs further request relation back of the amendment under FRCP 15(c), and for all other relief that this Court should deem just and appropriate under the circumstances.

4. On August 6, 2007 the Named Plaintiffs filed their Complaint against Defendants Bienvendio, LLC, Castle Parking Corp., Sage Parking Corp., Sam Podolak, SP Payroll, Inc., Nicholas Parking, Corp., and IVY Parking Corp. (the "Defendants"). A true and correct copy of the Complaint is attached as "Exhibit A."

5. On August 14, 2007, Prospective Named Plaintiffs Edison Alvarez and Jose De Arce Reyes[1] filed consent forms to become party plaintiffs under 29 U.S.C. 201 et seq. (the "Fair Labor Standards Act" or "FLSA"). Notably, issue had yet to be joined as of this date, and therefore, Plaintiffs could amend as of right. True and correct copies of the consent forms are attached as "Exhibits B" and "C," respectively.

---

[1] a.k.a. Jesus De Arce Reyes

2

6.   On or about September 18, 2007 Defendants filed their Answer in this action. A copy of the electronic docket sheet (showing the timing of the filing of papers with the Court), printed out from pacer and dated July 11, 2008 is attached hereto as "Exhibit D."

7.   Thereafter, On September 28, 2007 Prospective Named Plaintiff Miguel Alcantara filed his consent form to become party plaintiffs under the FLSA. A true and correct copy of Alcantara's consent form is attached hereto as "Exhibit E."

8.   On October 1, 2007 an initial conference was held, and a Joint Discovery Plan was adopted *inter alia* setting the date by which Plaintiffs were to make their application for class certification by January 15, 2008, and setting a status conference for April 18, 2008.

9.   On October 3, 2007, Prospective Named Plaintiffs Christian Santos Vargas and Victor Gonzales filed their consent forms to become party plaintiffs under the FLSA, and on October 4, 2007, Miguel Garcia filed his consent form. These consent forms were filed prior to the last day to amend as of right (20 days from the filing of the Answer). True and correct copies of the consent forms of Vargas, Gonzales and Garcia are attached hereto as "Exhibits F," "G," and "H," respectively.

10.   On October 12, 2007, and October 30, 2007 consent forms to become party plaintiffs were filed by Luis Roman Luna, and Miguel Rojas, respectively. True and correct copies of these consent forms are attached hereto as "Exhibits I" and "J," respectively.

11.   Defendants conducted depositions of all of the Named Plaintiffs, and two of the Prospective Named Plaintiffs as follows:

>  Named Plaintiff Angelo Pena on November 9, 2007;
>  Named Plaintiff Rolando Rojas on November 9, 2007;
>  Named Plaintiff Jose Diroche on November 12, 2007;
>  Named Plaintiff Franklyn Santana on November 12, 2007;
>  Prospective Named Plaintiff Miguel Alcantara on November 13, 2007; and
>  Prospective Named Plaintiff Luis Luna on December 7, 2007.

12. Defendants also had planned to depose Prospective Named Plaintiff Edison Alverez, and noticed his deposition for December 6, 2007.

13. However, despite counsel and Prospective Named Plaintiff Edison Alverez arriving at Defendants' counsel's offices on December 6, 2007, the Defendants cancelled the deposition because they were unable to provide a translator.

14. Defendants never rescheduled the deposition of Edison Alverez. A copy of a letter from opposing counsel discussing the scheduling of the depositions is attached hereto as "Exhibit K."

15. Defendants further requested and received document production and discovery for the Prospective Named Plaintiffs. Notably, Defendants' request for production specifically asked for materials for all prospective opt-in plaintiffs, as well as interrogatory responses from all prospective opt-in plaintiffs. True and correct copies of the Interrogatories and Requests for Production are attached hereto as "Exhibits L" and "M," respectively.

16. Discovery proceeded but was not completed by the April 18, 2008 scheduled status conference.

17. During the April 18, 2008 Conference before the Court, the Defendants stated that they wished to move to remove all the Prospective Named Plaintiffs from the action, as Plaintiffs had not moved for class or collective action certification. Plaintiffs responded that they were amenable to dropping the collective action claims, but requested to amend the Complaint to include the Prospective Named Plaintiffs (all of whom had filed consent forms).

18. Defendants initially opposed the amendment, and the Plaintiffs pointed out that they could simply file separate actions and relate the complaints back to the filing of the consent forms in the present action.

4

19. The Court then requested that Plaintiffs and Defendants attempt to draft an amended Complaint that both parties were amenable to (which would allow the entry of the amended complaint with consent of all parties under FRCP 15(a)).

20. Plaintiffs supplied Defendants with a proposed amended complaint on or about June 10, 2008.

21. The parties unfortunately have been unable to agree upon the form of a proposed amended Complaint.

22. By letter dated July 3, 2008, Defendants set forth their objections to the proposed amendments. Defendants stated that they refused to allow amendment of the Complaint to reflect any new, corrective, or supplemental factual information. A true and correct copy of the July 3, 2008 letter is attached hereto as "Exhibit N."

23. The letter in relevant part states as follows:

> If you recall, at the conference before the judge, we agreed to consider stipulating to permit Plaintiffs to remove the collective and class claims based on your representation that your clients did not want to represent anyone other than themselves, and to add the opt-in plaintiffs as named plaintiffs for the federal and state claims. We did not agree to stipulate to allow you to amend the complaint in any other respect.

24. The proposed amendments to the factual information contained in the proposed amended complaint either correct or supplement the information as a result of deposition testimony elicited by the Defendants from the Named Plaintiffs, and two of the Prospective Named Plaintiffs.

25. For example, Named Plaintiff Angelo Pena states as follows in paragraph 10 of the original Complaint:

> 10. Angelo Pena ("Plaintiff Pena") is an adult individual residing in New York County, New York. Plaintiff Pena has been employed by Defendants from approximately October 2003

through the present. Plaintiff Pena regularly works 60 hours a week (7 p.m. to 7 a.m., five days a week). At all times relevant, Plaintiff Pena was paid the minimum hourly wage mandated by federal law. In addition to his weekly wages paid by check, Plaintiff Rojas was given approximately $20 to $70 a week in cash. Plaintiff Pena has worked at the following locations: 199 Street and Western Avenue, Bronx, NY; 404 W. 155th Street, New York, NY; 145th W. Street, New York, NY; and 1295 Jerome Street, New York, NY 10452.

26. In the proposed amended Complaint, Plaintiff Pena states the following in paragraphs 8-14:

> 8. Angelo Pena ("Plaintiff Pena") is an adult individual residing in New York County, New York. [Unchanged]
>
> 9. Plaintiff Pena has been employed by Defendants from approximately October 2003 through the present. [Unchanged]
>
> 10. Plaintiff Pena regularly works 60 hours per week (7 a.m. to 7 p.m., five days a week), without taking a meal break. [This paragraph was changed as a result of Deposition Testimony. "7 a.m. to 7 p.m." was changed from "7 p.m. to 7 a.m.," See Pena TR 10:18-19. "…[W]ithout taking a meal break" was added. See Pena TR 24:5-24.]
>
> 11. In addition, on many occasions, Plaintiff Pena was and is required by the Defendants to work extra hours beyond those of his shift (i.e. to cover for an absent co-worker). [This paragraph was added to reflect transcript testimony. See Pena TR 10:23-5, 38:6-11.]
>
> 12. At all times relevant, Plaintiff Pena was and is paid by check for the hours he worked, minus one hour per day for the meal break that he never took. [This paragraph was added to reflect discovery obtained and testimony, See Pena TR 35:25, 36:2, 40:18-22, 43 20-25 and 44:2]
>
> 13. In addition to his weekly wages paid by check, Plaintiff Pena receives approximately $10 to $20 per week in cash. However, Plaintiff Pena is not compensated for the hours worked beyond his scheduled work time (i.e. covering for absent co-worker). [The changes here were made to reflect deposition testimony, Pena TR at 33:17-18, 35:17-20 (regarding the cash payments); Pena TR at 39:4-6, 40:8-22 (regarding failure of

>Defendants to specifically pay Pena for hours worked beyond his scheduled time)]
>
>14.  Plaintiff Pena has worked at the following locations: 199 Street and Western Avenue, Bronx, NY; 404 W. 155th Street, New York, NY; W. 145th Street, New York, NY; and 1295 Jerome Street, New York, NY 10452.

27.  A true and correct copy of the relevant excerpts of Plaintiff Pena's November 9, 2007 deposition transcript, cited in the paragraph above, are attached hereto as "Exhibit O."

28.  Where the depositions of the Plaintiffs, and two of the Prospective Named Plaintiffs, were taken by Defendants, the proposed Amended Complaint draws directly from the deposition transcripts for the factual information being amended.

29.  The portion of the Proposed Amended Complaint discussing Named Plaintiff Rojas, paragraphs 15-21, is amended to conform to his deposition testimony. See e.g. Proposed Amended Complaint ¶ 17 (Rojas TR at 11:8, 21:13-18, 26:17-19); Proposed Amended ¶ 18 (Rojas TR at 10:5-8); Proposed Amended ¶ 19 (Rojas TR at 13:6-20, 16:19-21); Proposed Amended ¶ 20 (Rojas TR at 15:23 (amount paid in cash), 11:20-25, 12:2-4, 12-15 (not paid for hours worked over 40)).  A true and correct copy of the above-referenced portions of Plaintiff Rojas's November 9, 2007 Deposition Transcript are attached hereto as "Exhibit P."

30.  The portion of the Proposed Amended Complaint discussing Named Plaintiff Jose Diroche, paragraphs 22-28, is amended to conform to his deposition testimony. See e.g. Proposed Amended Complaint ¶ 24 (Diroche TR 10:5, 14:23 (hours per week), 24:7-13; 26:2-6, 36:18-21 (meal break not given); Proposed Amended Complaint ¶ 25 (Diroche TR 9:22-5, 15:24-5, 16:2-15 (not paid for hours worked beyond his shift)); Proposed Amended Complaint ¶ 26 (Diroche TR 11:8, 13:22-5, 15:3-6 (not paid for meal break he never took)); Proposed Amended Complaint ¶ 27 (Diroche TR 11:12 (correcting amount of cash received), Diroche TR

15:14-23, 16:16-20, 36:21-5, 37:3-7 (not compensated for hours worked beyond his scheduled work time). A true and correct copy of the above-referenced portions of Plaintiff Jose Diroche's November 12, 2007 Deposition Transcript are attached hereto as "Exhibit Q."

31. The portion of the Proposed Amended Complaint discussing Named Plaintiff Santana, paragraphs 29-35, is amended to conform to his deposition testimony. See e.g. Proposed Amended Complaint ¶ 31 (Santana TR 31:4-12, 32:19-24 (corrected hours worked with no meal break)); Proposed Amended Complaint ¶ 32 (Santana TR 9:21-5, 14:2-7, 12:5-16, 13:4-5, 18:4-9 (Santana required to work extra hours beyond his shift)); Proposed Amended Complaint ¶ 33 (Santana TR 44:9-14, 39:14-16 (Santana not paid for meal break he did not take); Proposed Amended Complaint ¶ 34 (Santana TR 15:13-5, 42:17-9 (corrected amount paid in cash), Santana TR 13:13-18, 18:21-24, 22:11-15, 23:6-11, 39:14-7, 40:2-18 (Santana not compensated for hours worked beyond his scheduled work hours). A true and correct copy of the above-referenced portions of Plaintiff Santana's November 12, 2007 Deposition Transcript are attached hereto as "Exhibit R."

32. Defendants also deposed Prospective Named Plaintiff Luis Ramon Luna on December 7, 2007. The portion of Proposed Amended Complaint discussing Luis Luna, paragraphs 42-48, is amended to conform to his deposition testimony. See e.g. Proposed Amended Complaint ¶ 42 (Luna TR 11:4-7); Proposed Amended Complaint ¶ 43 (Luna TR 15:16-25, 16:1-8); Proposed Amended Complaint ¶ 44 (Luna TR 68:5-7, 71:19-25, 72:2-5); Proposed Amended Complaint ¶ 45 (Luna TR 26:9-17, 28:17-29:10); Proposed Amended Complaint ¶ 46 (Luna TR 57:14-18, 60:22-5, 67:19-20); Proposed Amended Complaint ¶ 47 (Luna TR 29:25, 34:1-25, 29:11-18). A true and correct copy of the above-referenced portions of Luis Ramon Luna's December 7, 2007 Deposition Transcript are attached hereto as "Exhibit S."

33. Defendants also deposed Prospective Named Plaintiff Miguel Alcantara on November 13, 2007. The portion of Proposed Amended Complaint discussing Miguel Alcantara, paragraphs 50-55, is amended to conform to his deposition testimony. See e.g. Proposed Amended Complaint ¶ 51 (Alcantara TR 14:22, 15:4-8); Proposed Amended Complaint ¶ 52 (Alcantara TR 18:21-5); Proposed Amended Complaint ¶ 53 (Alcantara TR 22:20-23:3); Proposed Amended Complaint ¶ 54 (Alcantara TR 20, 28:8-18, 19:17-22, 29:20-25, 30:2-9). A true and correct copy of the above-referenced portions of Miguel Alcantara's November 13, 2007 Deposition Transcript are attached hereto as "Exhibit T."

34. Plaintiffs added additional paragraphs in the Proposed Amended Complaint for each Prospective Named Plaintiff setting forth their expected testimony at trial, based upon the information communicated to counsel.

35. The sections of the Complaint containing the allegations for the prospective collective and class actions were removed from the Proposed Amended Complaint.

36. In addition, the section "Defendants' General Compensation and Employment Practices" was amended to reflect what was revealed in depositions and discovery. (See e.g. Proposed Amended Complaint paragraphs 107, 108, 109, 110 and 112.) The relief requested section was also substantially amended to reflect the removal of the class allegations and correct typographical errors.

37. Further changes reflected in the Proposed Amended Complaint include the correction of occasional typographical errors, the splitting apart of larger paragraphs into smaller paragraphs, and the renumbering of the paragraphs.

38. A "redline" comparison of the original Complaint, and the Proposed Amended Complaint, generated by my offices using Microsoft Word's compare document function, is attached hereto for the Court's convenience as "Exhibit U."

39. Finally, Plaintiffs are somewhat surprised that Defendants now oppose the addition of Prospective Named Plaintiff Edison Alvarez.

40. Defendants take the position that the addition of Prospective Named Plaintiff Edison Alvarez would be "futile" as according to Defendants "Mr. Alvarez was paid more than $30,000 in cash, in addition to his paychecks, and he actually was overpaid and owes the Company more than $13,000." See Defendants' July 3, 2008 letter (attached hereto as "Exhibit N.")

41. Plaintiffs note that (1) Defendants initially at the April 18, 2008 conference did not single out Alverez as a Plaintiff they refused to consent to adding, (2) Defendants noticed and then cancelled the deposition of Alverez, and (3) the grounds that Defendants seek to prevent Alverez from being added appear to be based on disputed factual issues.

42. Plaintiffs note that if Alverez is forced to file a separate action, he will simply relate this action to Alverez's new one, and request relation back to his opt-in consent form, which was filed on 8/14/97, less than 20 days after the filing of the Complaint. Plaintiffs submit that such an action will not be "futile" as Defendants suggest, and it will be judicially inefficient to require him to file a separate matter.

43. Indeed, Plaintiffs respectfully submit that the addition of all the Prospective Named Plaintiffs will result in increased judicial efficiency, as it will eliminate the need to file separate actions.

44. Further, the Prospective Named Plaintiffs all filed consent forms well before the close of last year, and therefore, I submit Defendants sufficiently received notice of their intent to be included in the action, and Defendants will therefore not be prejudiced by defending against their claims on the merits.

45. In addition, Defendants knew of or should have known that the action, as sought to be amended, would be brought against them by both the Named Plaintiffs, and the Prospective Named Plaintiffs.

46. The original Complaint in this action sets forth, or attempts to set forth, claims that arose out of the same conduct, transactions or occurrences set out in the original Complaint. Plaintiffs clearly plead in the original Complaint as against all Defendants violations of the minimum wage, overtime provisions, and other rules and regulations of the FLSA and NYLL, giving Defendants sufficient notice of the action.

47. Further, such an amendment as requested herein will foster a trial based upon the merits of the action.

48. Therefore, for the above-mentioned reasons, I respectfully request that the Court grant Plaintiffs' motion to amend the Complaint and for other relief, and respectfully submit this affidavit in support of the motion.

Dated: New York, New York
July 11, 2007

_____
Michael A. Faillace [MF-8436]

Sworn to before me this
11th day of July, 2008

_____
Notary Public

YOLANDA RIVERO
Notary Public, State of New York
No. 02RI6061584
Qualified in Queens County
Commission Expires July 16, 2011

11