PETER A. WALKER, ESQ. (PW-7984)
JACQUELYN G. WHITE, ESQ. (JW-4168)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York  10018
(212) 218-5500
(212) 218-5526

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELO PENA, ROLANDO ROJAS, JOSE
DIROCHE, and FRANKLIN SANTANA,
individually and on behalf of others similarly
situated,

                              Plaintiffs,

                  v.

SP PAYROLL, INC., NICHOLAS PARKING,
CORP., IVY PARKING, CORP., BIENVENIDO,
LLC, CASTLE PARKING CORP., SAGE
PARKING CORP., and SAM PODOLAK,

                              Defendants.

CIVIL ACTION NO.: 07-CV-7013 (RJH)

---

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules

of this Court, defendants SP Payroll, Inc. ("SP Payroll"), Nicholas Parking, Corp. ("Nicholas

Parking"), Ivy Parking, Corp. ("Ivy Parking"), Bienvenido, LLC ("Bienvenido Parking"), Castle

Parking Corp. ("Castle Parking"), Sage Parking Corp. ("Sage Parking"), and Sam Podolak

("Podolak") (collectively, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP,

request that plaintiffs Angelo Pena, Rolando Rojas, Jose Diroche, Franklin Santana, and any

individual who consents to join this action (collectively, "Plaintiffs") answer the following interrogatories in writing and under oath, within thirty (30) days after the date of service.

1.

## DEFINITIONS AND INSTRUCTIONS

1. This request for information is addressed to Plaintiffs, their agents, representatives, and attorneys, or any of them. These interrogatories are deemed to be continuing, requiring Plaintiffs to provide verified supplemental answers setting forth any additional information within the scope of these interrogatories as may be acquired by Plaintiffs and their agents and attorneys. Such supplemental responses shall be served upon the undersigned counsel for Defendants promptly after receipt of such information.

2. The full text of the interrogatory to which the answer is intended to respond is to be restated immediately preceding such answer.

3. Where identification of a person is requested, state the person's name, address and telephone number, or if such information is unavailable, state any other available means of identifying such person.

4. Where identification of a document is requested, the following information should be provided: (i) the date that the document bears or, if the document is undated, the date on which the document was drafted or originated; (ii) the identity of the author or originator and, if different, of the signer of the document; (iii) where the document is located; (iv) the identity of each person to whom the document or a copy thereof was addressed or distributed; and (v) the type of document (e.g., letter, memorandum, schedule, report, graph, chart, press release or telegram). If any of the foregoing information is not available, state any other available means of identifying the document. In lieu of the information requested in subparts (i) through (v),

2

inclusive, of this Instruction No. 4, Plaintiffs may produce a complete copy of the document with Plaintiffs' responses to the interrogatories.

5.    Where the identification of an oral communication is requested, the following information should be provided: (i) the substance of such communication; (ii) the parties to such communication; (iii) the date and place of such communication; and (iv) the mode of such communication (e.g., by telephone, videotape or face-to-face).

6.    "Person" shall mean and include a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents or employees.

7.    The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes; correspondence; communication of any nature; telegrams; electronic mail; computer files; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; calendars; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements, contracts, and collective bargaining agreements, including all revisions and/or modifications thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, and/or translations of any documents; tape recordings; record and dictation belts; audio tapes and video tapes. Any document with any marks on any sheet, back, or side thereof, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment, or any notation of any character, not part of the original

3

text, or any reproduction thereof, is to be considered a separate document for purposes of this Interrogatory.

8.    The term "communications" shall mean every form of written and non-written communication between or involving one or more persons, by whatever means accomplished.

9.    "You" or "your" or "Plaintiffs" shall refer to Angelo Pena, Rolando Rojas, Jose Diroche, Franklin Santana, and/or any individual who consents to join this action, their counsel and any consultants, experts, investigators, agents, representatives, or other persons acting or purporting to act on Plaintiffs' behalf.

10.    The term "Complaint" shall refer to the Complaint filed on behalf of Plaintiffs, bearing Civil Action No. 07-CV-7013 (RJH).

11.    "Concerning" shall be interpreted broadly to include both explicit and implicit reference, and shall be construed to mean all of the following, as appropriate: relating to, pertaining to, referring to, regarding, describing, evidencing, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to the matter specified in the Interrogatory.

12.    If any document or other communication required to be identified in any of the following interrogatories is withheld under a claim of privilege, Plaintiffs shall serve upon the undersigned attorneys for Defendants a written list of the withheld documents, including the following information as to each such item: (i) its date; (ii) the name(s) of the person(s) or other entity(ies) who or which drafted, authorized, or prepared it; (iii) its title; (iv) the type of document (e.g., letter, memorandum, notes of meetings, conversations); (v) the name(s) of each person(s) or other entity(ies) to whom it was addressed; (vi) the name(s) of each person(s) or

4

other entity(ies) to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given, or in any other manner disclosed; (vii) the subject matter of the document; and (viii) a statement of the ground or grounds on which each such document is considered to be privileged from production.

13.    In construing these interrogatories: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neuter pronouns, respectively, shall include the other genders; (iii) "and " as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these requests all documents that might otherwise be construed to be outside their scope; and (iv) the present tense of a verb shall include its past tense and vice versa.

14.    The word "all" shall be construed to include the word "any" and the word "any" shall be construed to include the word "all."

15.    Consistent with the Federal Rules of Civil Procedure, these interrogatories shall be continuing so as to require Plaintiffs to supplement their responses when and if they obtains any further information subsequent to the service of their responses.

16.    Unless otherwise stated, Plaintiffs shall produce documents concerning the time period of August 6, 2001 through the present time.

## II.

## INTERROGATORIES

Interrogatory No. 1:

For each person whom you believe has knowledge or information concerning, or which in any way supports, your claims or allegations in the captioned lawsuit, disclose his or her

name, last known address and telephone number and describe in detail what you believe he or she knows about this case.

## Interrogatory No. 2:

Identify any statements provided to you by any person concerning the allegations and claims set forth in the Complaint, including, but not limited to, any verbal statements, e-mail messages, audio recordings, video recordings, written statements, declarations, affidavits, testimony or admissions against interest.

## Interrogatory No. 3:

Identify any person with whom you have communicated regarding the allegations and claims set forth in this case, including without limitation, any person with whom he or his representatives have corresponded about this matter via e-mail or telephone.

## Interrogatory No. 4:

Identify any and all judicial, administrative or arbitration proceedings (other than this lawsuit) in which you were either a Plaintiff (or a complaining party) or a Defendant (or a responding party), including both criminal and civil proceedings, and provide the following information regarding each such proceeding:

    a.    the title of the proceeding and any other identifying information, including but not limited to charge numbers, case numbers and civil action numbers;

    b.    the forum of the proceedings;

    c.    the names and addresses of all parties involved in the proceedings;

    d.    identification of counsel, if any; and

e.    the status and/or final outcome of the proceedings, included but not limited to settlement, judgment in your favor, or judgment in your opponent's favor.

This interrogatory shall not be limited to the time period set forth in Instruction No. 16.

## Interrogatory No. 5:

Identify, on a week-by-week basis, all of your time off taken during your employment with Defendants, whether paid or unpaid, whether full days or partial days, including, but not limited to, vacation, personal days or time, sick days, sick leave, disability leave, jury duty, military leave, bereavement leave or any other leaves of absence.

## Interrogatory No. 6:

Identify each and every person who possesses facts or knowledge concerning your time off taken during your employment with Defendants, whether paid or unpaid, whether full or partial days, including, but not limited to, vacation, personal days or time, sick days, sick leave, disability leave, jury duty, military leave, bereavement leave or any other leaves of absence.

## Interrogatory No. 7:

Identify each and every passport held by you, including the Country of issuance and the Passport Number.

## Interrogatory No. 8:

Identify each trip that you took outside the United States, including the date on which the trip began, the date of return to the United States and the Country visited.

NYI 26487128.1

Interrogatory No. 9:

Identify the full name and address of any and all banks, credit unions, or other financial institutions at which you held an account, cashed or deposited payroll checks, or otherwise did business while employed by Defendants.

Interrogatory No. 10:

Identify every person with knowledge of your claim that Defendants had a "policy" or "practice" of not paying minimum wage and overtime compensation in compliance with federal and state laws and regulations.

Interrogatory No. 11:

Identify each and every person who possesses facts or knowledge concerning your work hours and/or schedule during your employment with Defendants.

Interrogatory No. 12:

Identify, on a week-by-week basis, all hours you worked for Defendants.

Interrogatory No. 13:

Identify each and every day that you worked in excess of ten (10) hours and were not paid in accordance with the spread of hours wage order referenced in the Complaint.

Interrogatory No. 14:

Identify each and every person by whom you were employed at any time during the period from August 6, 2001 to the present.

Interrogatory No. 15:

Identify your date of hire, job title, job duties and responsibilities, work schedule, hours worked, and date of termination, if any, concerning each person identified in response to Interrogatory No. 14.

Interrogatory No. 16:

Except to the extent already provided in response to Interrogatory No. 14, identify each and every person for whom you provided services of any kind, whether or not for money or other remuneration, including, but not limited to, any volunteer work, self-employment or consulting services at any time during the period from August 6, 2001 to the present.

Interrogatory No. 17:

For each person identified in response to Interrogatory No. 16, identify the period of time during which you provided services, the number of hours you spent providing services, and your duties and responsibilities concerning any services.

Interrogatory No. 18:

Identify each expert witness or person who will offer opinion testimony in this matter whom you have retained or consulted in connection with this case and, for each such person, state the following:

a. The individual's full name, title, current business address and telephone number;

b. The area of his or her expertise;

c. The individual's background (e.g., education, experience, professional affiliations, certifications, publications, etc.);

d. The dates on which you or any representative acting on your behalf met or consulted with such expert and identify the information and documents that were provided to such expert by you or your representative at each such meeting;

e. The subject matter on which the expert was consulted or is expected to testify;

f. The substance of the facts and opinions to which the expert was consulted or is expected to testify; and

g. The summary of the grounds for each such opinion.

Interrogatory No. 19:

State the total amount of each item or category of damages you seek to recover in this action, if any, by category or item, and the manner or method by which such amount was calculated.

Interrogatory No. 20:

With respect to each item or category of damages specified in response to Interrogatory No. 19 above, provide the factual basis for such alleged damages and identify all persons having knowledge thereof.

Dated: New York, New York
      October 15, 2007

                                  Respectfully submitted,

                                  SEYFARTH SHAW LLP

                                  By: _____

                                      Peter A. Walker (PW-7984)
                                      Jacquelyn G. White (JW-4168)
                                  620 Eighth Avenue
                                  New York, New York 10018
                                  (212) 218-5500

                                  Attorneys for Defendants

PETER A. WALKER, ESQ. (PW-7984)
JACQUELYN G. WHITE, ESQ. (JW-4168)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
(212) 218-5526

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELO PENA, ROLANDO ROJAS, JOSE
DIROCHE, and FRANKLIN SANTANA,
individually and on behalf of others similarly     : CIVIL ACTION NO.: 07-CV-7013 (RJH)
situated,

                     Plaintiffs,

        v.

SP PAYROLL, INC., NICHOLAS PARKING,
CORP., IVY PARKING, CORP., BIENVENIDO,
LLC, CASTLE PARKING CORP., SAGE
PARKING CORP., and SAM PODOLAK,

                     Defendants.

---

## DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules

of this Court, defendants SP Payroll, Inc. ("SP Payroll"), Nicholas Parking, Corp. ("Nicholas

Parking"), Ivy Parking, Corp. ("Ivy Parking"), Bienvenido, LLC ("Bienvenido Parking"), Castle

Parking Corp. ("Castle Parking"), Sage Parking Corp. ("Sage Parking"), and Sam Podolak

("Podolak") (collectively, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP,

request that plaintiffs Angelo Pena, Rolando Rojas, Jose Diroche, Franklin Santana, and any

1/12/2007 03:16 FAX                SEYFARTH SHAW                    004/013

individual who consents to join this action (collectively, "Plaintiffs") answer the following interrogatories in writing and under oath, within thirty (30) days after the date of service.

## I.

## DEFINITIONS AND INSTRUCTIONS

1.       This request for information is addressed to Plaintiffs, their agents, representatives, and attorneys, or any of them. These interrogatories are deemed to be continuing, requiring Plaintiffs to provide verified supplemental answers setting forth any additional information within the scope of these interrogatories as may be acquired by Plaintiffs and their agents and attorneys. Such supplemental responses shall be served upon the undersigned counsel for Defendants promptly after receipt of such information.

2.       The full text of the interrogatory to which the answer is intended to respond is to be restated immediately preceding such answer.

3.       Where identification of a person is requested, state the person's name, address and telephone number, or if such information is unavailable, state any other available means of identifying such person.

4.       Where identification of a document is requested, the following information should be provided: (i) the date that the document bears or, if the document is undated, the date on which the document was drafted or originated; (ii) the identity of the author or originator and, if different, of the signer of the document; (iii) where the document is located; (iv) the identity of each person to whom the document or a copy thereof was addressed or distributed; and (v) the type of document (e.g., letter, memorandum, schedule, report, graph, chart, press release or telegram). If any of the foregoing information is not available, state any other available means of identifying the document. In lieu of the information requested in subparts (i) through (v),

2

1/02/2007  08 15 FAX                SEYFARTH SHAW                              ⊠005/013

inclusive, of this Instruction No. 4, Plaintiffs may produce a complete copy of the document with Plaintiffs' responses to the interrogatories.

5.    Where the identification of an oral communication is requested, the following information should be provided: (i) the substance of such communication; (ii) the parties to such communication; (iii) the date and place of such communication; and (iv) the mode of such communication (e.g., by telephone, videotape or face-to-face).

6.    "Person" shall mean and include a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents or employees.

7.    The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes; correspondence; communication of any nature; telegrams; electronic mail; computer files; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; calendars; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements, contracts, and collective bargaining agreements, including all revisions and/or modifications thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, and/or translations of any documents; tape recordings; record and dictation belts; audio tapes and video tapes. Any document with any marks on any sheet, back, or side thereof, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment, or any notation of any character, not part of the original

11/02/2007 08:15 FAX                    SEYFARTH SHAW                          ⌐008/013

text, or any reproduction thereof, is to be considered a separate document for purposes of this Interrogatory.

8.      The term "communications" shall mean every form of written and non-written communication between or involving one or more persons, by whatever means accomplished.

9.      "You" or "your" or "Plaintiffs" shall refer to Angelo Pena, Rolando Rojas, Jose Diroche, Franklin Santana, and/or any individual who consents to join this action, their counsel and any consultants, experts, investigators, agents, representatives, or other persons acting or purporting to act on Plaintiffs' behalf.

10.     The term "Complaint" shall refer to the Complaint filed on behalf of Plaintiffs, bearing Civil Action No. 07-CV-7013 (RJH).

11.     "Concerning" shall be interpreted broadly to include both explicit and implicit reference, and shall be construed to mean all of the following, as appropriate: relating to, pertaining to, referring to, regarding, describing, evidencing, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to the matter specified in the Interrogatory.

12.     If any document or other communication required to be identified in any of the following interrogatories is withheld under a claim of privilege, Plaintiffs shall serve upon the undersigned attorneys for Defendants a written list of the withheld documents, including the following information as to each such item: (i) its date; (ii) the name(s) of the person(s) or other entity(ies) who or which drafted, authorized, or prepared it; (iii) its title; (iv) the type of document (e.g., letter, memorandum, notes of meetings, conversations); (v) the name(s) of each person(s) or other entity(ies) to whom it was addressed; (vi) the name(s) of each person(s) or

NY1 26489433 1

11/02/2007  09:15 FAX          SEYFARTH SHAW                    🖂 007/013

other entity(ies) to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given, or in any other manner disclosed; (vii) the subject matter of the document; and (viii) a statement of the ground or grounds on which each such document is considered to be privileged from production.

13.     In construing these interrogatories: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neuter pronouns, respectively, shall include the other genders; (iii) "and " as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these requests all documents that might otherwise be construed to be outside their scope; and (iv) the present tense of a verb shall include its past tense and vice versa.

14.     The word "all" shall be construed to include the word "any" and the word "any" shall be construed to include the word "all."

15.     Consistent with the Federal Rules of Civil Procedure, these interrogatories shall be continuing so as to require Plaintiffs to supplement their responses when and if they obtains any further information subsequent to the service of their responses.

16.     Unless otherwise stated, Plaintiffs shall produce documents concerning the time period of August 6, 2001 through the present time.

## II.

## INTERROGATORIES

Interrogatory No. 1:

Identify the Social Security Number assigned to you by the Social Security Administration.

11/05/200?    SEYFARTH SHAW    ☑ 008/013

## Interrogatory No. 2:

Identify all names, assumed or otherwise, under which you have been employed by Defendants.

## Interrogatory No. 3:

Identify any and all invoices, payments, time sheets, time records or written or verbal agreements with any employee, representative, consultant, agent or other person acting or purporting to act on Plaintiffs' behalf for purposes of soliciting Defendants' current or former employees to join this lawsuit.

Dated: New York, New York
       November 2, 2007

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
    Peter A. Walker (PW-7984)
    Jacquelyn G. White (JW-4168)
    620 Eighth Avenue
    New York, New York 10018
    (212) 218-5500

Attorneys for Defendants

NY1 26480535.1                              6