UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |
|---|---|
| | : ECF Case |
| ANGELO PENA, ROLANDO ROJAS, JOSE | : |
| DIROCHE, and FRANKLIN SANTANA, | : |
| individually and on behalf of others similarly | : CIVIL ACTION NO.: 07-CV-7013 (RJH) |
| situated, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| SP PAYROLL, INC., NICHOLAS PARKING, | : |
| CORP., IVY PARKING, CORP., BIENVENIDO, | : |
| LLC, CASTLE PARKING CORP., SAGE | : |
| PARKING CORP., and SAM PODOLAK, | : |
| | : |
| Defendants. | : |

_____



## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
## OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT


Dated: New York, New York
    July 14, 2008


      Peter A. Walker
      Lori M. Meyers




SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendants

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ................................................................................................... 1

STATEMENT OF FACTS ........................................................................................ 2

ARGUMENT ....................................................................................................... 5

    I.      SUMMARY JUDGMENT STANDARD ................................................................ 5

    II.    THIS COURT SHOULD DISMISS PLAINTIFFS' FEDERAL AND STATE WAGE CLAIMS TO THE EXTENT THEY ARE TIME-BARRED ................................................................................................... 5

          A.    The Four Original Named Plaintiffs Have Not Filed Consents  to Join This Action and Their Claims, to the Extent  That They Are Time Barred, Must be Dismissed ................................................ 6

          B.    Any Relief for the Remaining Opt-ins is Likewise Limited ..................... 10

    III.   MESSRS PATRICIO GONZALEZ AND EDISON ALVAREZ ARE NOT ELIGIBLE FOR ANY RECOVERY .......................................................... 12

          A.    Patricio Gonzalez .................................................................... 12

          B.    Edison Alvarez ...................................................................... 13

    IV.   EACH OF THE DEPONENTS HAVE  ADMITTED THEY WERE PAID MINIMUM WAGE ................................................................................ 14

    V.    PLAINTIFFS HAVE NO STATUTORY OR  CONTRACTUAL RIGHT TO OVERTIME OR  SPREAD OF HOURS PAY UNDER NEW YORK LAW ............................................................................................. 15

          A.    The Regulations Promulgated By The Commissioner  Of Labor Do Not Create A Substantive Right To Overtime ........................................... 16

          B.    The Regulations Promulgated By The Commissioner Of  Labor Do Not Create A Substantive Right To Spread of Hours Pay ......................... 19

CONCLUSION ..................................................................................................... 21

NY1 26519260.1

# TABLE OF AUTHORITIES

*Page*

## CASES

Almeida v. Aguinaga,
    500 F. Supp. 2d 366 (S.D.N.Y. 2007)................................................................20

AMTRAK v. Morgan,
    536 U.S. 101 (2002)........................................................................................11

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)..........................................................................................5

Ayers v. SGS Control Servs.,
    No. 03 Civ. 9078 (RMB) (RLE), 2004 U.S. Dist. LEXIS 25646
    (S.D.N.Y. Dec. 16, 2004) .................................................................................7

Bazemore v. Friday,
    478 U.S. 385 (1986)........................................................................................11

Bellefonte Re Ins. Co. v. Argonaut Ins. Co.,
    757 F.2d 523 (2d Cir. 1985)............................................................................14

Bonilla v. Las Vegas Cigar Co.,
    61 F. Supp. 2d 1129 (D. Nev. 1999)..................................................................8

Boreali v. Axelrod,
    71 N.Y.2d 1, 523 N.Y.S.2d 464 (1987) ..........................................................17

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986)..........................................................................................5

Chan v. Sung Yue Tung Corp.,
    No. 03 Civ. 6048 (GEL), 2007 WL 313483 (S.D.N.Y. Feb. 1, 2007).............20

Chan v. Triple 8 Palace, Inc.,
    No. 03 Civ. 6048 (GEL), 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. Mar. 30, 2006) ........20

Coca-Cola Bottling Co. v. Board of Estimate,
    72 N.Y.2d 674, 536 N.Y.S.2d 33 (1988) ........................................................18

Colonial Life Ins. Co. of Am. v. Curiale,
    205 A.D.2d 58, 617 N.Y.S.2d 377 (3d Dep't 1994).........................................17

Crosland v. New York,
    140 F. Supp. 2d 300 (S.D.N.Y. 2001)............................................................11

NY1 26519260.1

Davis v. Lenox Hill Hosp.,
No. 03 Civ. 3746 (DLC), 2004 U.S. Dist. LEXIS 17283
(S.D.N.Y. Aug. 31, 2004) .......................................................................................7

Diaz v. Elec. Boutique of Am., Inc.,
No. 04-CV-0840E (SR), 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005) .........................16

Drabkin v. Gibbs & Hill, Inc.,
74 F. Supp. 758 (D.N.Y. 1947).................................................................................7

Dutchess Putnam Rest. & Tavern Ass'n v. Putnam County Dep't of Health,
178 F. Supp. 2d 396 (S.D.N.Y. 2001).......................................................................17

El v. Potter,
No. 01 Civ. 6125 (RWS), 2004 U.S. Dist. LEXIS 24447 (S.D.N.Y. Dec. 6, 2004) ...........6

Elmenayer v. ABF Freight Sys.,
318 F.3d 130 (2d Cir. 2003).....................................................................................11

In Re Food Lion,
Nos. 94-2360, 97-1443, 97-1444, 94-2645, 95-1274,
1998 U.S. App. LEXIS 11809 (4th Cir. June 4, 1998)................................................8, 9

Gagen v. Kipany Productions, Ltd.,
18 Misc. 3d 1144A, 2004 N.Y. Misc. LEXIS 3143 (N.Y. Sup. Ct. Nov. 26, 2004) .........15

Gallegos v. Brandeis Sch.,
189 F.R.D. 256 (E.D.N.Y. 1999) ..............................................................................15

Gibbs v. CIGNA,
440 F.3d 571 (2d Cir. 2006)......................................................................................14

Gjurovich v. Emmanuel's Marketplace, Inc.,
282 F. Supp. 2d 101 (S.D.N.Y. 2003)........................................................................7

Gonzalez v. El Acajutla Restaurant Inc.,
No. CV 04-1513 (JO), 2007 U.S. Dist. LEXIS 19690 (E.D.N.Y. Mar. 20, 2007) .............8

Harkins v. Riverboat Servs.,
385 F.3d 1099 (7th Cir. 2004) ..................................................................................9

Harkins v. Riverboat Services Inc.,
No. 99 C 123, 2002 U.S. Dist. LEXIS 19637 (N.D. Ill. May 16, 2002) ...........................9

Health Ins. Ass'n v. Corcoran,
154 A.D.2d 61, 551 N.Y.S.2d 615 (3d Dep't 1990).......................................................17

iii

Hoffmann v. Sbarro, Inc.,
    982 F. Supp. 249 (S.D.N.Y. 1997)...................................................................7

Hornstein v. Negev Airbase Constructors,
    110 A.D.2d 884, 488 N.Y.S.2d 435 (2d Dep't 1985).........................................15

Jacobsen v. Stop & Shop Supermarket Co.,
    No. 02 Civ. 5915 (DLC), 2004 U.S. Dist. LEXIS 17031
    (S.D.N.Y. Aug. 27, 2004) ...............................................................................8

Jankowski v. Castaldi,
    No. 01 Civ. 0164 (SJF) (KAM), 2006 U.S. Dist. LEXIS 4237
    (E.D.N.Y. Jan. 11, 2006) ................................................................................7

Jenkins v. Hanac, Inc.,
    493 F. Supp. 2d 556 (E.D.N.Y. 2007) ...........................................................20

Lee v. ABC Carpet & Home,
    No. 00 Civ. 0984 (DAB), 2006 U.S. Dist. LEXIS 32511
    (S.D.N.Y. May 22, 2006)................................................................................7

Lee v. N.Y. State Dep't of Health,
    Nos. 98 Civ. 5712, 99 Civ. 4859 (RMB) (HBP),
    2001 U.S. Dist. LEXIS 11287 (S.D.N.Y. Mar. 21, 2001) .................................14

Leonard v. Dutchess County Dep't of Health,
    105 F. Supp. 2d 258 (S.D.N.Y. 2000)............................................................17

Marketplace LaGuardia Ltd. P'shp v. Harkey Enters.,
    No. 07-CV-1003 (CBA), 2008 U.S. Dist. LEXIS 25479
    (E.D.N.Y. Mar. 31, 2008) ..............................................................................14

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986).......................................................................................5

Miller v. Hekimian Labs., Inc.,
    257 F. Supp. 2d 506 (N.D.N.Y. 2003).............................................................16

Nonnenmann v. New York,
    No. 02 Civ. 10131 (JSR) (AJP), 2004 U.S. Dist. LEXIS 8966
    (S.D.N.Y. May 20, 2004) ..............................................................................12

Patton v. Thomson Corp.,
    364 F. Supp. 2d 263 (E.D.N.Y. 2005) .............................................................7

People v. Mobil Oil Corp.,
    101 Misc. 2d 882, 422 N.Y.S.2d 589 (N.Y. Dist. Ct. 1979)..............................................19

Pollis v. New Sch. for Soc. Research,
    132 F.3d 115 (2d Cir. 1997)................................................................................................11

Soler v. G & U, Inc.,
    86 F.R.D. 524 (S.D.N.Y. 1980) ...........................................................................................7

Tierney v. Capricorn Investors, L. P.,
    189 A.D.2d 629, 592 N.Y.S.2d 700 (1st Dep't 1993) ........................................................16

Twaddle v. RKE Trucking Co.,
    No. 2:04-CV-557, 2006 U.S. Dist. LEXIS 18028 (S.D. Ohio Mar. 29, 2006).................11

Utah League of Insured Sav. Assocs. v. Utah,
    555 F. Supp. 664 (D. Utah 1983) .......................................................................................19

Valentine v. Standard & Poor's,
    50 F. Supp. 2d 262 (S.D.N.Y. 1999) ..................................................................................14

## STATUTES & OTHER MATERIALS

29 U.S.C. § 207(a)(1)..........................................................................................................17

29 U.S.C. § 216(b) ................................................................................................................6

29 U.S.C. § 255(a) ................................................................................................................6

29 U.S.C. § 256......................................................................................................................7

Fed. R. Civ. P. 56(c) .............................................................................................................5

N.Y. Const. Art. III § 1 .......................................................................................................16

N.Y. Exec. Law § 102(1) .....................................................................................................19

N.Y. Lab. Law § 220 ......................................................................................................16, 17

12 N.Y.C.R.R. § 142-2.2 ...............................................................................6, 16, 18, 19, 20

## INTRODUCTION

Defendants SP Payroll, Inc. ("SP Payroll"), Nicholas Parking, Corp. ("Nicholas Parking"), Ivy Parking, Corp. ("Ivy Parking"), Bienvenido, LLC ("Bienvenido Parking"), Castle Parking Corp. ("Castle Parking"), Sage Parking Corp. ("Sage Parking") (collectively, "Defendant Corporations"), and Sam Podolak ("Podolak") (collectively, "Defendants") in the above-captioned action, respectfully submit this memorandum of law in support of their motion for partial summary judgment dismissing the claims of various current and former employees of Defendant Corporations which allege, *inter alia*, violations of New York's minimum wage law, violations of various New York regulations promulgated by the Commissioner of Labor and various violations of federal minimum wage and overtime law.

The Complaint should be dismissed, in part, as to some or all of the Plaintiffs for the following reasons:

First, the claims of each Plaintiff should be dismissed to the extent that they are time barred under the applicable statute of limitations.

Second, all of the allegations for a collective action or a Federal Rule of Civil Procedure, Rule 23 class action should be stricken because they have been abandoned by Plaintiffs.

Third, Plaintiffs' claims for minimum wage under both federal and state law should be dismissed because the Complaint itself admits that the named plaintiffs received federal minimum wages for all hours up to forty in each work week.  Moreover, each deponent testified that he received no less than the applicable minimum wage under New York State law and, as reflected in the Company's records, each plaintiff received no less than the applicable minimum wage.

Fourth, Plaintiffs' claims for overtime under federal and state law should also be dismissed because each deponent likewise confirmed that he received overtime at the rate of time

and one-half for all hours worked in excess of forty in one work week, except for their claim that they were not paid for their lunch period.

Finally, the New York State overtime claim and the New York State spread of hours claim should be dismissed because they are untenable. These wage orders constitute an improper delegation of legislative authority by the Commissioner of Labor and the spread of hours wage order operates to change New York's minimum wage rate by requiring that minimum wage earners receive an hour of pay, at minimum wage, for all days in which they work more than ten hours.

## <u>STATEMENT OF FACTS</u>

The relevant facts are contained in Defendants' Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 and will not be repeated in detail herein. Briefly, however, four current and former employees of certain of Defendant Corporations, Angelo Pena ("Pena"), Rolando Rojas ('Rojas"), Jose Diroche ("Diroche") and Franklin Santana ("Santana") commenced this action seeking certification as a collective action pursuant to Rule 216(b) of the Fair Labor Standards Act for their federal minimum wage and overtime claims and seeking certification as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for their New York State claims for minimum wages, overtime and spread of hours pay. (56.1 Stmt. ¶¶ 11-12.) None of these original named plaintiffs filed a consent to join this action. (56.1 Stmt. ¶¶ 26, 36, 49, 59.)

During discovery, an additional nine current and former employees filed consents pursuant to Section 216(b) to join this action and opted into the federal claims asserted in this lawsuit -- Miguel Alcantara ("Alcantara"), Edison Alvarez ("Alvarez"), Miguel Garcia ("Garcia"), Victor Gonzalez ("V. Gonzalez"), Luis Ramon Luna ("Luna"), Jose De Arce Reyes ("Reyes"), Miguel Rojas ("M. Rojas"), Christian Santos Vargas ("Vargas") and Patricio

Gonzalez ("P. Gonzalez"). (56.1 Stmt. ¶¶ 3, 67, 77, 80, 83, 90, 92, 94, 96, 98.) As it stands now, these nine opt-in plaintiffs have not stated any claims under New York State law because no class has been certified under Rule 23. The legal effect of the consents filed by the nine opt-in plaintiffs is only to state their claims under the FLSA.

In mid-February, Plaintiffs' counsel advised Defendants' counsel that his clients would not seek certification as either a collective or class action, but instead, were interested solely in maintaining this action on their own behalf. (56.1 Stmt. ¶ 13.) Approximately four months later, and barely a week before the end of discovery in June 2008, Plaintiffs provided Defendants with a proposed amended complaint and requested that Defendants stipulate to allow them to amend their complaint to eliminate the collective and class allegations, to add the nine employees who filed consents to join the action as named plaintiffs and to modify certain allegations in the former complaint. (56.1 Stmt. ¶ 15.) By letter dated July 3, 2008, Defendants agreed to permit Plaintiffs to amend the complaint to eliminate the class and collective action claims and to add seven of the nine individuals who filed consents as named plaintiffs. However, Defendants refused to stipulate that Plaintiffs could change the allegations in any other respect.

After the close of business on Friday, July 11, 2008, the last business day before this Defendants' summary judgment motion was due to be filed, Defendants received an ECF notice that Plaintiffs had filed a motion to amend their complaint. The new amended complaint attached to the motion is vastly different than the proposed amended complaint forwarded by Plaintiffs' counsel in June 2008. For example, despite the fact that he purportedly filed a notice of consent to join the action, counsel does not now seek to represent Mr. Patricio Gonzalez as a named plaintiff with respect to either his federal claims or to state any claims under New York State Law. Defendants will respond to Plaintiffs' motion in due course. (56.1 Stmt. ¶ 16.)

3

Prior to the close of discovery, which was undertaken pursuant to Plaintiffs' class and collective action claims, six of the potential plaintiffs were deposed. (56.1 Stmt. ¶¶ 17, 28, 38, 52, 61, 69.) These depositions make clear that none of these Plaintiffs may pursue their federal or state minimum wage claims or, for the most part, their overtime claims. To be sure, each of the individuals who was deposed testified that he was paid the applicable minimum wage for all regular hours. (56.1 Stmt. ¶¶ 20, 32, 45, 54, 65, 75.) Indeed, the original complaint filed by Plaintiffs admits that federal minimum wages were paid to Messrs. Pena, Rojas, Diroche and Santana for all hours up to forty hours in one week. (Walker Aff., Ex. A ¶¶ 10, 11, 12, 13.) Inexplicably, despite this admission in the Complaint and the concessions made under oath by the deponents, Plaintiffs have attempted to eliminate this admission from the Proposed First Amended Complaint sent to Defendants in June 2008. Moreover, while both complaints seek overtime compensation on behalf of the Plaintiffs, each of the deponents admitted under oath that they were paid time and one half for all overtime hours, namely those in excess of forty hours in one week. (56.1 Stmt. ¶¶ 21, 33, 45, 54, 65, 75.)

In fact, the deponents' claims are limited factually to their assertions that they were not paid for their lunch hours through which they were allegedly required to work, because each of them worked in a garage that was so busy that they and their colleagues working on the same shift were unable to take any break whatsoever, regardless of whether they worked in the morning, the afternoon or the middle of the night shift.[1] These individuals and the proposed additional named plaintiffs also seek money for spread of hours pay for each day on which they worked in excess of ten hours and for certain undetermined, but minimal amounts for which they claim they worked, but were not paid in full. (56.1 Stmt. ¶¶ 27, 37, 50, 60, 68, 78.) While

---

[1]     It should be noted that Plaintiffs were paid for their lunch period in cash until February 2006, at which point such payments were included in their paychecks.

Defendants are not moving for complete summary judgment on these claims, these claims are severely curtailed by the statute of limitations and by the fact that Plaintiffs may not assert state overtime and spread of hours claims.

### ARGUMENT

## I.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if the pleadings, depositions, affidavits, and other discovery establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  The party seeking summary judgment bears the initial responsibility of identifying the bases for its motion and those portions of the record that demonstrate the absence of a genuine factual issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the non-moving party must proffer sufficient admissible evidence from which a reasonable fact-finder could return a verdict in his favor.  Liberty Lobby, 477 U.S. at 248-49; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  To survive summary judgment, a plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts."  Id. at 586.  Plaintiffs cannot escape summary judgment by presenting conclusory or speculative evidence and rather must present "concrete evidence from which a reasonable juror could return a verdict in [their] favor."  Liberty Lobby, 477 U.S. at 256.

## II.    THIS COURT SHOULD DISMISS PLAINTIFFS' FEDERAL AND STATE WAGE CLAIMS TO THE EXTENT THEY ARE TIME-BARRED

Plaintiffs allege that they are owed compensation beginning in 2002 and in some cases, continuing through to the present.  (56.1 Stmt. ¶¶ 11-12.)  Although Defendants dispute that they have violated federal or New York State law in any way, it is well settled that the FLSA provides

for a two-year limitation period for ordinary wage violations, and a three-year statute of limitations for willful violations.  <u>See</u> 29 U.S.C. § 255(a) (claim for overtime pay "shall be forever barred unless commenced within <u>two years</u> after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within <u>three years</u> after the cause of action accrued") (emphasis added).

As detailed below, there is no New York Law relating to overtime, but merely an overtime wage order, issued by the New York State Commissioner of Labor, which contains no limitation period.  Instead, the wage order incorporates the FLSA's two- and three-year limitation periods, as it provides that overtime compensation should be paid "in the manner and methods provided in . . . the Fair Labor Standards Act."  12 N.Y.C.R.R. § 142-2.2.  Thus, the timeliness of Plaintiffs' claims arising under either the FLSA or New York State Law must be measured by the maximum three year statute of limitations contained in the FLSA.[2]

**A.    The Four Original Named Plaintiffs Have Not Filed Consents to Join This Action and Their Claims, to the Extent That They Are Time Barred, Must be Dismissed**

Plaintiffs filed their original Complaint on August 6, 2007.  However, as of the filing of this motion, none of these individuals have filed a notice of consent to join the action, a necessary precondition to properly commencing an FLSA action.  (56.1 Stmt. ¶ 3.)  <u>See</u> 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); <u>El v. Potter</u>, No. 01 Civ. 6125 (RWS), 2004 U.S. Dist. LEXIS 24447, at *25 (S.D.N.Y. Dec. 6, 2004) ("[A]ll plaintiffs, including named plaintiffs, must file written consents

---

[2]     Defendants do not concede that they have engaged in any willful conduct under the FLSA.  However, for purposes of this partial motion for summary judgment, Defendants assert that as a matter of law, there cannot be any recovery that exceeds the three year period for a willful violation under the FLSA.

NY1 26519260.1

in order to begin their lawsuits, and the courts have made clear that a suit does not begin until a consent has been filed."); Jankowski v. Castaldi, No. 01 Civ. 0164 (SJF) (KAM), 2006 U.S. Dist. LEXIS 4237, at *18 (E.D.N.Y. Jan. 11, 2006) ("A putative plaintiff seeking to join an action under the FLSA must 'opt in.'") (citing Ayers v. SGS Control Servs., No. 03 Civ. 9078 (RMB) (RLE), 2004 U.S. Dist. LEXIS 25646, at*13 (S.D.N.Y. Dec. 16, 2004)); Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997) (only potential plaintiffs who "opt in" can be "bound by the judgment" or "benefit from it").  Since none of the named plaintiffs have filed consents, they are not entitled to recover on their FLSA minimum wage and overtime claims.

In the event that the four named plaintiffs choose to belatedly file consents, the law is clear that these consents do not relate back to the date the original Complaint was filed.  Rather, the action is commenced for each of these Plaintiffs (Messrs. Pena, Rojas, Diroche and Santana) on the date that his consent is actually filed with the Court.  Lee v. ABC Carpet & Home, No. 00 Civ. 0984 (DAB), 2006 U.S. Dist. LEXIS 32511, at *13 (S.D.N.Y. May 22, 2006) ("Signed consents do not relate back to the original filing date of the complaint.") (citing Davis v. Lenox Hill Hosp., No. 03 Civ. 3746 (DLC), 2004 U.S. Dist. LEXIS 17283, at *29-30 (S.D.N.Y. Aug. 31, 2004)); see also 29 U.S.C. § 256 which provides that a collective action is commenced with respect to an individual claimant either (1) on the date the complaint is filed if the party is named as a party plaintiff **and** he/she files a consent on the same day that the complaint is filed; or (2) on the date that the written consent is filed with the court.[3]

---

[3]      See Patton v. Thomson Corp., 364 F. Supp. 2d 263, 268 (E.D.N.Y. 2005) ("The limitations period is tolled with respect to other potential plaintiffs only if they opt in to the case."); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) ("only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled") (citing Soler v. G & U, Inc., 86 F.R.D. 524, 28-9 (S.D.N.Y. 1980)); Drabkin v. Gibbs & Hill, Inc., 74 F. Supp. 758, 762 (D.N.Y. 1947) (citing 29 U.S.C. § 256, the court held that a written consent is determinative of when an action is commenced for statute of limitations purposes.

In Gonzalez v. El Acajutla Restaurant Inc., No. CV 04-1513 (JO), 2007 U.S. Dist. LEXIS 19690 (E.D.N.Y. Mar. 20, 2007), the United States District Court for the Eastern District of New York granted partial summary judgment to defendants on plaintiffs' FLSA claims because the named plaintiffs there, who were also represented by Plaintiffs' counsel here, commenced an FLSA action and, as here, did not file consents on behalf of the named plaintiffs.  As a result, the statute of limitations was not tolled with regard to their claims until such consents were filed.

The Court stated:

> The case law, like the statute itself, requires named plaintiffs as well as others to submit a written consent to join in a collective action under the FLSA, and is not satisfied by the filing of the complaint itself.

> To the extent that the applicable rule is counter-intuitive -- in that it assumes that a plaintiff who files a complaint in his own name does not actually intend to join in his own lawsuit unless he files an additional document saying, in effect, "and I mean it" -- it creates a trap for the unwary that runs counter to the statute's remedial goal.  In the usual case, in which the plaintiff is represented by counsel who is familiar with the statute and its requirements and who would normally make sure that each named plaintiff's written consent is filed simultaneously with the complaint, that trap should not close.

> Not so here.

Id., 2007 U.S. Dist. LEXIS 19690, at *14-15.  See also Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1139-40 (D. Nev. 1999), where the court refused to toll the statute of limitations for the three named plaintiffs who did not file consents, stating that, "each Plaintiff's action commences on the date on which they filed their consent to suit forms with the Court. . . . [and] [b]ecause these Plaintiffs have not filed a consent to suit form within two years of the last alleged violation, their claims are barred by the statute of limitations" and In Re Food Lion, Nos. 94-

---

Because consents were not filed prior to close of the statute of limitations, plaintiffs were not entitled to recovery); Jacobsen v. Stop & Shop Supermarket Co., No. 02 Civ. 5915 (DLC), 2004 U.S. Dist. LEXIS 17031 (S.D.N.Y. Aug. 27, 2004) (dismissing the claims of twelve plaintiffs for failure to file timely written consents to join the FLSA collective action).

2360, 97-1443, 97-1444, 94-2645, 95-1274, 1998 U.S. App. LEXIS 11809, at *41 (4th Cir. June

4, 1998), where the Circuit Court upheld the lower court's dismissal of the claims of six named

plaintiffs, ruling:

> The filing of a collective action under 29 U.S.C. § 216(b) . . . renders consents necessary, and these claims below were brought in just such a fashion – they were brought on behalf of the named individuals and others similarly situated. Redundant though it may seem to require consents from the named plaintiffs in a class action, the district court did not abuse its discretion . . . in dismissing the appellants' claims which exceeded the limitations period when no consents were filed within the applicable three year period.

Id., 1998 U.S. App. LEXIS 11809, at *41.

Finally, in Harkins v. Riverboat Services Inc., No. 99 C 123, 2002 U.S. Dist. LEXIS

19637, at *8 (N.D. Ill. May 16, 2002), the district court dismissed the overtime claims of

eighteen of twenty-one named plaintiffs concluding that, "only three plaintiffs . . . who seek

overtime wages have filed the requisite written consents to join this lawsuit.  Therefore, since the

. . . three-year period of limitations for willful overtime violations expired . . . the remaining

plaintiffs' claims for overtime wages are now time-barred."  On appeal, plaintiffs' counsel

argued that "since all 18 were actually named as plaintiffs in the complaint and participated in

discovery, their consent to be parties can be presumed and so the failure to file written consents

for them was harmless, a mere failure to comply with a technicality."  Harkins v. Riverboat

Servs., 385 F.3d 1099, 1101 (7th Cir. 2004).  The Circuit Court disagreed, finding that "[t]he

statute is unambiguous: if you haven't given your written consent to join the suit, or if you have

but it hasn't been filed with the court, you're not a party.  It makes no difference that you are

named in the complaint. . . . The rule require[s] written, filed consent. . . . We are inclined to

interpret the statute literally.  No appellate decision does otherwise. . . . So, the 18 are out."  Id.,

385 F.3d at 1101-02.

Accordingly, the statute of limitations is tolled for party plaintiffs only upon the filing of his written consent with the Court, not upon the filing of the Complaint. Here, even if the named plaintiffs could demonstrate an eligibility to monetary relief, which Defendants dispute, and file consents upon receipt of this motion, July 14, 2008, they would not be eligible for any recovery prior to July 14, 2005 – the maximum statute of limitations permitted for willful violations under the FLSA.[4]

### B.    Any Relief for the Remaining Opt-ins is Likewise Limited

With respect to the opt-ins who counsel seeks to add to the Complaint as named plaintiffs, any recovery to which they might be eligible would likewise be limited as follows:

Mr. Vargas and Mr. V. Gonzalez, who each filed consents on October 3, 2007, would not be eligible for any recovery prior to October 3, 2004 for a willful violation. (56.1 Stmt. ¶¶ 92, 94.)

Mr. Luna, who filed his consent on October 12, 2007, would not be eligible for any recovery prior to October 12, 2004 for a willful violation. (56.1 Stmt. ¶ 77.) Since Mr. Luna terminated his employment on November 14, 2004, under his best case scenario, he would only be eligible for one month's recovery. (56.1 Stmt. ¶ 69.)

Mr. Alcantara, who filed his consent on September 28, 2007, would not be eligible for any recovery prior to September 28, 2004 for a willful violation. (56.1 Stmt. ¶ 67.)

Mr. M. Garcia, who filed his consent on October 4, 2007, would not be eligible for any recovery prior to October 4, 2004 for a willful violation.[5] (56.1 Stmt. ¶ 96.)

---

[4]    As noted, Defendants do not concede any violation—willful or otherwise.

[5]    If the Court finds a non-willful violation with respect to Mr. Garcia, he would not be eligible for any recovery since he terminated in May 2005. (56.1 Stmt. ¶ 95.)

Mr. M. Rojas, who filed his consent on October 30, 2007, would not be eligible for any recovery prior to October 30, 2004 for a willful violation.  (56.1 Stmt. ¶ 98.)

Finally, Mr. Reyes filed his consent on August 14, 2007 and would not be eligible for any recovery prior to August 14, 2004 for a willful violation.[6]  (56.1 Stmt. ¶ 90.)

Nor can Plaintiffs avoid the statute of limitations under a "continuing violation" theory. It is well settled in this jurisdiction and elsewhere that wage claims are not continuing violations for purposes of avoiding the statute of limitations.  See, e.g., Elmenayer v. ABF Freight Sys., 318 F.3d 130, 134 (2d Cir. 2003) (recognizing that each paycheck constitutes separate employment action subject to its own statute of limitations) (citing Bazemore v. Friday, 478 U.S. 385, 395-96 (1986)); Crosland v. New York, 140 F. Supp. 2d 300, 308 (S.D.N.Y. 2001) (continuing violation doctrine does not apply to discrete acts, including failure to compensate), aff'd, 2002 U.S. App. LEXIS 26741 (2d Cir. 2002).  See also AMTRAK v. Morgan, 536 U.S. 101, 112 (2002) ("[D]iscrete acts that fall within the statutory time period do not make timely acts that fall outside the time period."); Pollis v. New Sch. for Soc. Research, 132 F.3d 115, 119 (2d Cir. 1997) ("[A] claim of discriminatory pay is fundamentally unlike other claims of ongoing discriminatory treatment because it involves a series of discrete, individual wrongs rather than a single and indivisible course of wrongful action. . . . [and therefore] a cause of action based on receipt of a paycheck prior to the limitations period is untimely and recovery for pay differentials prior to the limitations period is barred irrespective of subsequent, similar timely violations."); Twaddle v. RKE Trucking Co., No. 2:04-CV-557, 2006 U.S. Dist. LEXIS 18028, at *9 (S.D. Ohio Mar. 29, 2006) (under FLSA, "a new cause of action accrues with each paycheck").

---

[6]    Since Mr. Reyes only worked until October 10, 2004, if the Court finds there was a non-willful violation, he would only be eligible for two months of a recovery.  (56.1 Stmt. ¶ 89.)

III.    **MESSRS PATRICIO GONZALEZ AND EDISON ALVAREZ ARE NOT ELIGIBLE FOR ANY RECOVERY**

For different, but equally compelling reasons, neither Patricio Gonzalez, who filed a consent on March 27, 2008, nor Edison Alvarez, who filed a consent on August 14, 2007, is eligible for any relief.[7]

A.    **Patricio Gonzalez[8]**

Although the Proposed First Amended Complaint provided to Defendants in June 2008 alleges that Patricio Gonzalez is currently working for Defendants, that is not the case. Mr. Gonzalez terminated his employment with Defendants and left the United States in September 2007. (56.1 Stmt. ¶ 79.) Prior to leaving the country, Mr. Gonzalez allegedly signed a consent to join this action on August 20, 2007, which consent was not filed with this Court until March 27, 2008. (56.1 Stmt. ¶ 80.)

Subsequent to signing his consent, but prior to leaving the country, Mr. Gonzalez received five thousand dollars ($5,000.00) from Defendants and acknowledged to them that he was not owed any additional money for overtime, minimum wage or spread of hours pay from Defendants. (56.1 Stmt. ¶ 81.) Thus, Mr. Gonzalez has no claims to assert and any claim asserted on his behalf, must be dismissed. See, e.g., Nonnenmann v. New York, No. 02 Civ. 10131 (JSR) (AJP), 2004 U.S. Dist. LEXIS 8966, at *67 (S.D.N.Y. May 20, 2004) ("Three of

---

[7]    However, if this Court were to determine that Messrs. Gonzalez or Alvarez may be properly joined in this case, the statute of limitations argument set forth above, would also limit their claims as follows: Mr. Gonzalez, who supposedly filed a consent on March 27, 2008, would not be eligible for any recovery prior to March 27, 2005 for a willful violation and Mr. Alvarez, w ho filed a consent to join this action on August 14, 2007, would not be eligible for any recovery prior to August 14, 2004.

[8]    In the newest proposed amended complaint, Plaintiffs do not seek to add Mr. Gonzalez as a named plaintiff. Nonetheless, since that is not the operative complaint as of the filing of this motion, Defendants have advanced arguments with respect to Mr. Gonzalez.

12

Nonnenmann's claims regarding overtime credits are moot because he admitted that he was compensated for the time in question.")[9]

### B.    Edison Alvarez

Similar to Mr. Gonzalez, Mr. Alvarez executed a document in which he admitted that he was properly paid.  (56.1 Stmt. ¶ 84.)  Moreover, on many of the pay stubs which were produced by Mr. Alvarez in discovery, he has identified varying amounts of money paid to him in cash, which contradict the claims made in the Proposed First Amended Complaint and in the new complaint appended to the motion to amend filed on July 11, 2008.  For example, on his pay stub for October 11, 2003, Mr. Alvarez wrote that he received $208.00 in cash; on his pay stub for November 1, 2003, he wrote that he received $183.00 plus $25.00 in cash, on his pay stub for July 17, 2004, he wrote that he received $223.00 in cash, on his pay stub for October 23, 2004, he wrote that he received $265.00 in cash, on his pay stub for December 4, 2004, he wrote that he received $245.00 in cash, on his pay stub for December 31, 2004, he wrote that he received $244.00 in cash; on his pay stub for January 15, 2005, he wrote that he received $267.00 in cash; and on his pay stub for January 22, 2005, he wrote that he received $295.00 in cash, but owed the Company $326.00 in cash.  (56.1 Stmt. ¶ 85.)

Thus, based on his own documentary evidence, Mr. Alvarez is not entitled to any recovery and should not be part of this suit.  Moreover, the Company records reveal that Mr. Alvarez received more than $43,500.00 in cash.  Taking his cash overtime into account, Mr. Alvarez was actually overpaid by more than thirteen thousand dollars.  (56.1 Stmt. ¶ 88.) Accordingly, Mr. Alvarez should be dismissed from the instant action.

---

[9]    As noted, it appears as if Plaintiffs' counsel has dropped Mr. Gonzalez from the instant lawsuit.

## IV.    EACH OF THE DEPONENTS HAVE ADMITTED THEY WERE PAID MINIMUM WAGE

It is well settled that admissions, whether made in a pleading or otherwise are binding on the party making the admission.  See, e.g., Marketplace LaGuardia Ltd. P'shp v. Harkey Enters., No. 07-CV-1003 (CBA), 2008 U.S. Dist. LEXIS 25479, at *22 (E.D.N.Y. Mar. 31, 2008) ("[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts.") (quotations omitted); Gibbs v. CIGNA, 440 F.3d 571 (2d Cir. 2006) (a party's assertion of fact in a pleading is a binding judicial admission); Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523 (2d Cir. 1985) (same); Lee v. N.Y. State Dep't of Health, Nos. 98 Civ. 5712, 99 Civ. 4859 (RMB) (HBP), 2001 U.S. Dist. LEXIS 11287, at *82 (S.D.N.Y. Mar. 21, 2001) (plaintiff's admission defeats her claim); Valentine v. Standard & Poor's, 50 F. Supp. 2d 262 (S.D.N.Y. 1999) (same), aff'd, 2000 U.S. App. LEXIS 1859 (2d Cir. 2000).

Here, the original Complaint admits that Messrs. Pena, R. Rojas, Diroche and Santana were all paid the minimum wages required by federal law.  (56.1 Stmt. ¶¶ 10, 11, 12, 13.) Therefore, at a minimum, the federal minimum wage claims for these named plaintiffs must be dismissed.  Furthermore, the Company's records demonstrate that all of the remaining Plaintiffs were paid the required minimum wage under New York Law, which was greater than the federal minimum wage and therefore, these claims should also be dismissed.  (56.1 Stmt. ¶¶ 22, 100, 101.)

Finally, the federal overtime and New York State overtime claims must also be dismissed with respect to each of the six deponents, all of whom testified that they were paid minimum

wages at rates consistent with New York law, except for their claim that they were not paid for lunches through which they claim to have worked.  (56.1 Stmt. ¶¶ 20, 32, 45, 54, 65, 75 .)

## V.    PLAINTIFFS HAVE NO STATUTORY OR CONTRACTUAL RIGHT TO OVERTIME OR SPREAD OF HOURS PAY UNDER NEW YORK LAW

Plaintiffs have asserted in Count IV of their Complaint that they are entitled to overtime pay under New York State Law and that there is a six year statute of limitations for such cause of action under New York State Law.  (56.1 Stmt. ¶¶ 11-12; Walker Aff., Ex. A ¶¶ 38, 56-59.)  In fact, the New York State Legislature has not created a cause of action for overtime pay under New York State Law and has not imposed a six year statute of limitations for any such cause of action.  Thus, the only applicable law is the FLSA which contains a maximum three year statute of limitations.

Indeed, separate and apart from the concessions made by the deponents, this Court should dismiss the individual state law overtime claims as a matter of law because the New York Legislature has not created a right to mandatory overtime worked by employees such as Plaintiffs.  See, e.g., Gagen v. Kipany Productions, Ltd., 18 Misc. 3d 1144A, 2004 N.Y. Misc. LEXIS 3143, at *3 (N.Y. Sup. Ct. Nov. 26, 2004) ("The cardinal principles applicable to this case are that New York does not have a mandatory overtime law and that a plaintiff must have an enforceable contractual right to overtime wages to prevail on a claim for wages under the Labor Law."), aff'd in part, 27 A.D.3d 1042, 812 N.Y.S.2d 689 (3d Dep't 2006); Hornstein v. Negev Airbase Constructors, 110 A.D.2d 884, 885, 488 N.Y.S.2d 435, 437 (2d Dep't 1985) (dismissing plaintiff's claim for overtime compensation under New York law because "New York does not have a mandatory overtime law"); Gallegos v. Brandeis Sch., 189 F.R.D. 256, 257 (E.D.N.Y. 1999) (denying as futile plaintiff's motion to amend complaint to add claim for "unpaid overtime

wages," because Labor Law creates no right to overtime); but see Diaz v. Elec. Boutique of Am., Inc., No. 04-CV-0840E (SR), 2005 WL 2654270, at *8 (W.D.N.Y. Oct. 17, 2005).

As a result, an employee cannot make a valid claim for overtime payment under New York law unless he can establish a separate contractual right to payment for overtime hours.[10] Miller v. Hekimian Labs., Inc., 257 F. Supp. 2d 506, 519 (N.D.N.Y. 2003) (dismissing plaintiff's claim for unpaid commissions, because he could show no contractual right to payment), aff'd, 2004 U.S. App. LEXIS 568 (2d Cir. 2004); Tierney v. Capricorn Investors, L. P., 189 A.D.2d 629, 632, 592 N.Y.S.2d 700, 700 (1st Dep't 1993) ("[P]laintiff cannot assert a statutory claim for wages under the Labor Law if he has no enforceable contractual right to those wages."). In the instant case, Plaintiffs fail to allege (nor could they show) any contractual right to overtime. Under these circumstances – where Plaintiffs can establish no statutory or contractual entitlement to overtime pay – this Court should dismiss Plaintiffs state law overtime claims asserted in the Fourth Cause of Action.

### A.    The Regulations Promulgated By The Commissioner Of Labor Do Not Create A Substantive Right To Overtime

The regulations promulgated by the New York State Commissioner of Labor, specifically 12 N.Y.C.R.R. § 142-2.2, do not create a valid New York State right to overtime compensation and do not establish a six year statute of limitations for any such cause of action. Hence, the regulations cannot support Plaintiffs' proposed action. Under the New York State Constitution, "the legislative power of this state shall be vested in the senate and assembly." N.Y. Const. Art. III § 1. As the New York Court of Appeals has held, the Legislature makes the fundamental

---

[10] New York law does expressly provide for overtime for certain limited categories of workers, such as state public works employees. See N.Y. Lab. Law § 220. It can be inferred from this explicit reference to overtime for certain groups of workers that the Legislature did not intend to require premium overtime pay for other, unmentioned workers in excess of, or in addition to, the rights provided in the FLSA for such overtime pay.

policy decisions for residents and businesses in this State, and cannot delegate those decisions to administrative agencies such as the New York State Department of Labor.  Boreali v. Axelrod, 71 N.Y.2d 1, 9, 523 N.Y.S.2d 464, 468 (1987) (invalidating regulation and holding that "the legislative branch of government cannot cede its fundamental policy-making responsibility to an administrative agency"); Leonard v. Dutchess County Dep't of Health, 105 F. Supp. 2d 258, 267 (S.D.N.Y. 2000) (Board of Health exceeded its authority as an administrative agency because it "departed from merely following legislative guidance and went forward into a legislative foray all its own").  See also Health Ins. Ass'n v. Corcoran, 154 A.D.2d 61, 71, 551 N.Y.S.2d 615, 623 (3d Dep't) (invalidating 11 N.Y.C.R.R. § 52.27), aff'd, 76 N.Y.2d 995, 564 N.Y.S.2d 713 (3d Dep't 1990); Colonial Life Ins. Co. of Am. v. Curiale, 205 A.D.2d 58, 617 N.Y.S.2d 377 (3d Dep't 1994) (invalidating insurance regulations promulgated by Superintendent of Insurance because regulations added a requirement that did not exist in the statute); compare 29 U.S.C. § 207(a)(1) (enunciating that non-exempt employees shall be paid "at a rate not less than one and one-half times the regular rate at which he is employed" for hours worked in excess of forty per week) to N.Y. Lab. Law § 220 (containing no such provision).

Even where, as here, an administrative agency operates under a "broad enabling statute," an agency cannot "stretch[] that statute . . . as a basis for drafting a code embodying its own assessment of what public policy ought to be."  Boreali, 71 N.Y.2d at 9, 523 N.Y.S.2d at 468; Dutchess Putnam Rest. & Tavern Ass'n v. Putnam County Dep't of Health, 178 F. Supp. 2d 396, 402 (S.D.N.Y. 2001) ("[E]ven where an enabling statute delegating power to an agency is itself valid, the agency's actions pursuant to the enabling statute are invalid if the agency assumes that legislature's role of exercising the open-ended discretion to choose ends.'").

Thus, the Commissioner would exceed his authority by establishing a regulation requiring premium overtime pay. Interestingly enough, the Commissioner's overtime regulation provides, in relevant part:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended.

12 N.Y.C.R.R. § 142-2.2. There is no statute of limitations in the wage order itself and therefore, if valid, the maximum three year statute of limitations would be applicable under this wage order.

However, even if the Commissioner could have used his authority to create a mandatory overtime law through 12 N.Y.C.R.R. § 142-2.2 – which Defendants dispute – he did not properly do so here because the New York overtime rules stem only from an improper delegation of his authority and adoption of federal regulations. See, e.g., Coca-Cola Bottling Co. v. Board of Estimate, 72 N.Y.2d 674, 680, 536 N.Y.S.2d 33, 36 (1988) (holding that state agencies may not properly delegate their obligations to other government bodies). In the overtime wage order, 12 N.Y.C.R.R. § 142-2.2, the Commissioner has simply incorporated the provisions of the FLSA "as amended," which in turn incorporates the regulations of the U.S. Department of Labor, which are subject to revision by the Secretary of Labor.[11]

In this way, the Commissioner has improperly abdicated rulemaking authority to spell out the terms of a substantive state law overtime obligation – including such matters as the definition of the standard work week and exemptions from overtime coverage – to the dictates of the United States Congress and the U.S. Department of Labor. Such delegation is improper because

---

[11]    Furthermore, if the Commissioner of Labor could increase New York's minimum wage by merely amending a wage order, there would be no reason for the legislature to pass any legislation as it has, increasing the minimum wage in New York State.

it permits future overtime regulations not yet promulgated by the U.S. Department of Labor to automatically become the law of New York State, without undergoing the usual legislative vetting process.  See People v. Mobil Oil Corp., 101 Misc. 2d 882, 887, 422 N.Y.S.2d 589, 592 (N.Y. Dist. Ct. 1979) (invalidating county ordinance which incorporated standards of National Fire Protection Association:  "[b]y enacting the association's amendments, prior to their adoption, the County of Nassau has delegated to the National Fire Protection Association sovereign and legislative power. . . . Such a procedure is an improper delegation of legislative authority, and therefore unconstitutional"); see also N.Y. Exec. Law § 102(1)(c) (no amendment to any state code, rule or regulation which includes in its text any United States statute, code, rule or regulation, shall be effective unless filed with Secretary of State); Utah League of Insured Sav. Assocs. v. Utah, 555 F. Supp. 664, 674 (D. Utah 1983) ("[I]t is universally held that an incorporation by state statute of rules, regulations, and statutes of federal bodies to be promulgated subsequent to the enactment of the state statute constitutes an unlawful delegation of legislative power.").

Because the New York Labor Law creates no mandatory overtime obligation with a six year statute of limitations, the Commissioner of Labor exceeded his authority in promulgating 12 N.Y.C.R.R. § 142-2.2, and the deponents have admitted that they received overtime pay at time and one-half for all hours in excess of forty in one week, Plaintiffs' claims for overtime under New York law asserted in the Fourth Cause of Action should be dismissed.

### B. The Regulations Promulgated By The Commissioner Of Labor Do Not Create A Substantive Right To Spread of Hours Pay

For the same reasons, Plaintiffs' claims for spread of hours pay pursuant to a New York wage order promulgated by the Commissioner of Labor, 12 N.Y.C.R.R. § 142-2.4, is equally

NY1 26519260.1

non-viable since the Commissioner of Labor exceeded his authority in creating this regulation which, in essence, raises New York's minimum wage without legislative action.

Under this wage order, an employee is eligible for "one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required . . . for any day in which:  (a) the spread of hours [i.e., the interval between the beginning and end of an employee's work day, including working and non-working time] **exceeds** 10 hours; or (b) there is a split shift; or (c) both situations occur."  12 N.Y.C.R.R. § 142-2.4 (emphasis added).

In order to determine whether an employee is eligible for spread of hours pay, "the Division of Labor Standards computes the total minimum wages due an employee for the workweek and compares it with the compensation actually received by the employee for that workweek."  Chan v. Triple 8 Palace, Inc., No. 03 Civ. 6048 (GEL), 2006 U.S. Dist. LEXIS 15780, at *75 (S.D.N.Y. Mar. 30, 2006).  If the total compensation is equal to or greater than the minimum wages due, including compensation for an additional hour for each day in which the spread of hours exceeds ten, no additional payments are due.  See also Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048 (GEL), 2007 WL 313483 (S.D.N.Y. Feb. 1, 2007); Almeida v. Aguinaga, 500 F. Supp. 2d 366, 370 (S.D.N.Y. 2007) (applying DOL formula and holding that because the employee was paid on a weekly basis, including meal and lodging allowances, more than the minimum wage, she was not entitled to be paid the additional "spread of hours" pay because "the spread of hours provision is properly limited to enhancing the compensation of those receiving only the minimum required by law") (collecting cases); Jenkins v. Hanac, Inc., 493 F. Supp. 2d 556, 558 (E.D.N.Y. 2007) (granting summary judgment to employer on employee's spread of hours claim because employee earned more than minimum wage and holding that 'spread of hours' "does not ensure additional

compensation to employees whose wages sufficiently exceed [the minimum wage] floor")
(quotations omitted).

Under the Commissioner of Labor's spread of hours wage order New York's minimum wage rate increases without any action by the Legislature. For instance, an employee who works forty hours per week, eight hours over five days, and earns the minimum wage will receive weekly pay of $286.00 ($7.15 x 40). If this employee works forty hours, but puts in three, eleven hour days and one seven hour day, his weekly wage, applying the spread of hours wage order, would be $307.45, since three additional hours at minimum wage would be added to his check for the three days in which he worked more than ten hours per day. With a salary of $307.45 for forty hours of work, this employee's wage rate becomes $7.68 -- $.53 cents more per hour than minimum wage. Thus, the effect of the Commissioner's wage order is to raise the existing minimum wage for certain employees and not others.

## **CONCLUSION**

For the foregoing reasons, this Court should (a) grant Defendants' motion; (b) dismiss Counts One, Three, Four and Five of Plaintiffs' Complaint; and (c) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
      July 14, 2008

                                SEYFARTH SHAW LLP


                              By:  s/ Peter A. Walker
                                   Peter A. Walker
                                   Lori M. Meyers
                                   620 Eighth Avenue
                                   New York, New York 10018
                                   (212) 218-5500

                              Attorneys for Defendants

NY1 26519260.1