# EXHIBIT A



MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace, Esq. [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANGELO PENA, ROLANDO ROJAS, JOSE
DIROCHE, and FRANKLIN SANTANA,
*individually and on behalf of others simiarly
situated,*

                              *Plaintiffs,*

                 -against-

SP PAYROLL, INC., NICHOLAS PARKING,
CORP., IVY PARKING, CORP.,
BIENVENIDO, LLC, CASTLE PARKING
CORP., SAGE PARKING CORP., and SAM
PODOLAK,

                              *Defendants.*
-------------------------------------------------------X

**07 CV 7013**

**COMPLAINT**

**ECF Case**

        Plaintiffs Angelo Pena, Rolando Rojas, Jose Diroche, and Franklin Santana, individually

and on behalf of others similarly situated, by and through their attorneys, Michael Faillace &

Associates, P.C., allege upon information and belief of the Defendants, as follows:

                          **NATURE OF ACTION**

        1.      Plaintiffs are current and former parking lot attendants of SP Payroll, Inc.,

Nicholas Parking, Corp., Ivy Parking, Corp., Bienvenido, LLC, Castle Parking Corp., and Sage

Parking Corp. (collectively referred to as "Defendant Corporations"), and Sam Podolak

("Defendant Podolak"), who owns and operates Defendant Corporations.

2.     Defendant Corporations, by and through their owner, operate a chain of parking lots in New York City.

3.     Defendant Corporations are owned and operated by individual Defendant Sam Podolak.

4.     At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring their parking lot attendants to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

5.     Plaintiffs now bring this action on behalf of themselves and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") § 650 *et seq.*, and the spread of hours and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. § 142-2.2, 2.4.).

6.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

7.     Plaintiffs seek further certification on behalf of themselves and a class of other similarly situated current, former, and future individuals who worked for Defendants in the state of New York, pursuant to Fed. R. Civ. Proc. 23.

- 2 -

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (interstate commerce).  Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

9.      Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district.  Defendant Corporations reside in this district and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

10.     Angelo Pena ("Plaintiff Pena") is an adult individual residing in New York County, New York.   Plaintiff Pena has been employed by Defendants from approximately October 2003 through the present.  Plaintiff Pena regularly works 60 hours a week (7 p.m. to 7 a.m., five days a week).  At all times relevant, Plaintiff Pena was paid the minimum hourly wage mandated by federal law.  In addition to his weekly wages paid by check, Plaintiff Rojas was given approximately $20 to $70 a week in cash.  Plaintiff Pena has worked at the following locations: 199 Street and Western Avenue, Bronx, NY; 404 W. 155th Street, New York, NY; 145th W. Street, New York, NY; and 1295 Jerome Street, New York, NY 10452 .

11.     Rolando Rojas ("Plaintiff Rojas") is an adult individual residing in New York County, New York.   Plaintiff Rojas was employed by Defendants from approximately May 2003 through January 20, 2007.  Plaintiff Rojas regularly worked 60 hours a week (7 a.m. to 7 p.m., five days a week).  In approximately October 2006, Plaintiff Rojas' schedule was reduced to 48 hours a week, 4 p.m. to 12 a.m., six days a week.  At all times relevant, Plaintiff Rojas was

- 3 -

paid the minimum hourly wage mandated by federal law. In addition to his weekly wages paid by check, Plaintiff Rojas was given approximately $20 to $70 a week in cash. Plaintiff Rojas has worked at the 404 W. 55th Street, New York, NY location.

12.     Jose Diroche ("Plaintiff Diroche") is an adult individual residing in Bronx County, New York. Plaintiff Diroche has been employed by Defendants from approximately February 2001 through the present. Plaintiff Diroche regularly works 72 hours per week (6 p.m. to 6 a.m., six days a week). At all times relevant, Plaintiff Diroche was paid the minimum hourly wage mandated by federal law. In addition to his weekly wages paid by check, Plaintiff Diroche was given approximately $20 to $70 a week in cash. Plaintiff Diroche has worked at the following locations: 1295 Jerome Avenue, New York, NY 10452; 1277 Jerome Avenue, New York, NY 10452; 199 Street & Western Avenue, Bronx, NY; 404 W. 55th Street, New York, NY.

13.     Franklin Santana ("Plaintiff Santana") is an adult individual residing in Bronx County, New York. Plaintiff Santana has been employed by Defendants from approximately 2003 through the present. Plaintiff Santana regularly worked 72 hours per week (7 p.m. to 7 a.m., six days per week). At all times relevant, Plaintiff Santana was paid the minimum hourly wage mandated by federal law. In addition to his weekly wages paid by check, Plaintiff Santana was given approximately $20 to $70 a week in cash. Plaintiff Santana worked at the 1277 Jerome Avenue, Bronx, NY 10452 location.

*Defendants*

14.     Defendant SP Payroll Inc. is a corporation organized and existing under the laws of the State of New York. Community Parking Inc., operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

15.    Defendant Nicholas Parking Corp. is a corporation organized and existing under the laws of the State of New York. Nicholas Parking Corp. operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

16.    Defendant Ivy Parking, Corp. is a corporation organized and existing under the laws of the State of New York. Ivy Parking, Corp. operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

17.    Defendant Bienvenido, LLC is a corporation organized and existing under the laws of the State of New York. Bienvenido LLC operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

18.    Defendant Castle Parking Corp. is a corporation organized and existing under the laws of the State of New York. Castle Parking Corp. operates parking lots and maintains its corporate headquarters at 9 E. 40th Street, New York, NY 10016.

19.    Defendant Sage Parking Corp. is a corporation organized and existing under the laws of the State of New York. Sage Parking Corp. operates a parking lot and maintains its corporate headquarters at 9 E. 40th Street, New York, NY 10016.

20.    Defendant Sam Podolak is an individual engaged in business in the City and County of New York. Defendant Podolak, who is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations, possesses operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, controls significant functions of Defendant Corporations, determines the wages of the parking lot attendants, and makes hiring decisions.

## STATEMENT OF FACTS

*Defendant Corporations Constitute Joint Employers*

21.    SP Payroll, Inc., Nicholas Parking, Corp., Ivy Parking, Corp., Bienvenido, LLC, Castle Parking Corp., and Sage Parking Corp. are shell corporations controlled by the same owner, or owner group, operating as a unified operation.

22.    Defendant Corporations are associated and joint employers, utilizing Plaintiffs in a fungible and interchangeable manner as parking lot attendants between the parking lots operated by the Defendant Corporations.

23.    Defendant Corporations share the same employees among them, act in the interest of each other with respect to employees, pay their employees by the same method and in the same amount, share control over the employees, and are themselves under common control.

24.    Upon information and belief, Defendant Podolak is the owners and/or executive directors of the Defendant Corporations.

25.    At all relevant times, Defendant Podolak employed and/or jointly employed the Plaintiffs.

26.    The gross annual volume of sales made or business done by Defendant Corporations, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

27.    At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*Defendants' General Compensation and Employment Practices*

28.     At all times relevant to this action, Plaintiffs worked as attendants in parking lots owned and/or operated by Defendants. As such, Plaintiffs' work was involved with or related to the movement of goods for interstate commerce.

29.     Defendants regularly require Plaintiffs to work in excess of forty (40) hours per week and more than ten (10) hours a day without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

30.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain proper and complete timesheets or payroll records.

31.     Defendants paid Plaintiffs with a combination of check and cash, without providing an accurate indication as to their rate of pay, daily hours worked, or total hours worked each week for the full amount of weekly hours. Although Plaintiffs regularly worked 60 to 72 hours per week, their pay checks only reflected an average of 55 hours per week. Defendants regularly paid the remainder of Plaintiffs' hours in cash without reporting the time or wages on the Plaintiffs' original pay checks. As such, Plaintiffs were not properly paid for their overtime hours.

32.     Plaintiffs could not leave the parking lot unattended and as a result, were required to work their entire 12-hour shift without receiving a meal break. Instead, Plaintiffs had to sneak off the parking lot to buy food and eat it as they ran back to work.

33.     Defendants denied Plaintiffs time off for meals and breaks in violation of New York State Labor Law § 162.2. Plaintiffs received neither a thirty-minute break for lunch, nor an

additional 20 minute break between 5 P.M. and 7 P.M. for those employed on a shift starting before 11 A.M. and continuing after 7 P.M.

34.    At no time during the course of this action did Plaintiffs ever observe on Defendants' premises any posted notice regarding employees' rights under the Fair Labor Standards Act, New York State Labor Law and Regulations or the procedures for filing a charge for violations of these state and federal labor laws.

<h3 align="center">FLSA COLLECTIVE ACTION CLAIMS</h3>

35.    On information and belief, there are over 15 current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

36.    The named Plaintiffs are representative of these other parking lot attendants who work for Defendants and are acting on behalf of their interests as well as their own interest in bringing this action:

    a.    Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

- 8 -

37.    Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

38.    Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the state of New York, on or after the date that is six years before the filing of the complaint in this case, August 2001, to entry of judgment in this case (the "New York Class Period"), as travel agency or money wire employees. All said persons, including Plaintiffs, are referred to herein as the "New York Class."

39.    The persons in the New York Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately 100 members of the New York Class during the New York Class Period. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the class.

40.    The representative parties will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

41.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small,

compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

42.  Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

43.  The claims of Plaintiffs are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the Named Plaintiffs were and are typical of those of class members.

44.  There are questions of law and fact common to the New York Class which predominate over any questions solely affecting individual members of the Class, including:

    a.  what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

    b.  what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

    c.  what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

    d.  whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

    e.  whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

    f.  at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g.   common conditions of employment and in the workplace, such as recordkeeping,

clock-in procedures, breaks, and policies and practices that affect whether the

class was paid at overtime rates for minimum wage and overtime work.

## FIRST CAUSE OF ACTION
### Minimum Wage Act Under the FLSA

45.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

46.   At all times relevant to this action, Plaintiffs were engaged in interstate commerce

in an industry or activity affecting commerce.

47.   At all times relevant to this action, Defendants were Plaintiffs' employers within

the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to

hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate

and method of any compensation in exchange for their employment.

48.   Defendant Corporations constitute an enterprise within the meaning of the FLSA,

29 U.S.C. § 203(r).

49.   Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate

in violation of 29 U.S.C. §§ 206(a) and 255(a).

50.   Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Overtime Wage Order Under the FLSA

1.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

2.   Defendants willfully failed to pay Plaintiffs pursuant to the overtime wage order

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty

hours per workweek, in violation of 29 U.S.C. §§ 207(a)(1) and 255(a).

3.   Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Minimum Wage Act Under the NYLL

51.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

52.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

53.    Defendants knowingly paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

54.    Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

55.    Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### Overtime Wage Order Under the NYSLL

56.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

57.    Defendants willfully failed to pay Plaintiffs overtime at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of NYLL § 190 *et seq.* and regulations of the New York State Department of Labor.

58.    Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

59.    Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Spread of Hours Wage Order

4.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

5.    Defendants failed to pay Plaintiffs one additional hour's pay at the minimum

- 12 -

wage rate for each day Plaintiffs worked more than ten hours in violation of the Spread of Hours

Wage Order.

6.      Defendants' failure to pay Plaintiffs an additional hour's pay for each day

Plaintiffs in excess of ten hours was willful within the meaning of NYLL § 663.

7.      Plaintiffs have been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against

Defendants:

(a)      Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, and permitting them promptly to file consents to be plaintiffs in the

FLSA claims in this action;

(b)      Designating this action as a class action under Rule 23 of the Federal Rules of

Civil Procedure pursuant to Rule 23 to all putative class members for applicable claims under

New York Labor Law;

(c)      Declaring that Defendants have violated the minimum wage orders of the FLSA

and NYLL, as to Plaintiffs;

(d)      Declaring that Defendants have violated the overtime wage orders of the FLSA

and NYLL, as to Plaintiffs;

(e)      Declaring that Defendants' violation of the FLSA and NYLL were willful, as to

Plaintiffs;

(f)      Declaring that Defendants have violated the Spread of Hours Wage Order of the

New York Commission of Labor;

- 13 -

(g)    Declaring that Defendants' violations of the FLSA and New York Labor Law were willful;

(h)    Awarding Plaintiffs and the punitive class members damages for the amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL;

(i)    Awarding Plaintiffs and the punitive class members liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b);

(j)    Awarding Plaintiffs and the punitive class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

(k)    Awarding Plaintiffs and the punitive class prejudgment interest;

(l)    Awarding Plaintiffs and the punitive class members the expenses incurred in this action, including costs and attorney's fees; and

(m)    Awarding Plaintiffs and the punitive class members liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b);

(n)    Awarding Plaintiffs and the punitive class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

(o)    Awarding Plaintiffs and the punitive class prejudgment interest;

(p)    Awarding Plaintiffs and the punitive class members the expenses incurred in this action, including costs and attorney's fees; and

For such other and further relief as the Court deems just and proper.

Dated: New York, New York
      August 1, 2007

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____ /s/ _~~Michael Faillace~~_____

     Michael A. Faillace, Esq. [MF-8436]
     110 East 59th Street, 32nd Floor
     New York, New York 10022
     (212) 317-1200
     *Attorneys for Plaintiffs*

# EXHIBIT B

ECF

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:07-cv-07013-RJH

Pena et al v. SP Payroll, Inc. et al
Assigned to: Judge Richard J. Holwell
Cause: 29:201 Fair Labor Standards Act

Date Filed: 08/06/2007
Jury Demand: Defendant
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

### Plaintiff

**Angelo Pena**
*individually and on behalf of others similarly
situated*

represented by **Michael Antonio Faillace**
Law Office of Michael Faillace and
Associates, P.C.
110 East 59th Street, 32nd Floor
New York, NY 10022
212-317-1200
Fax: 212-317-1620
Email: faillace@employmentcompliance.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Rolando Rojas**
*individually and on behalf of others similarly
situated*

represented by **Michael Antonio Faillace**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Jose Diroche**
*individually and on behalf of others similarly
situated*

represented by **Michael Antonio Faillace**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Frank Santana**
*individually and on behalf of others similarly
situated*

represented by **Michael Antonio Faillace**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Edison Alvarez**

represented by **Michael Antonio Faillace**
(See above for address)
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Jesus De Arce Reyes**

represented by **Michael Antonio Faillace**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Miguel Alcantara**                          represented by  **Michael Antonio Faillace**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christian Santos Vargas**                   represented by  **Michael Antonio Faillace**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Victor Gonzalez**                           represented by  **Michael Antonio Faillace**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Miguel Garcia**                             represented by  **Michael Antonio Faillace**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Luis Luna**                                 represented by  **Michael Antonio Faillace**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Miguel Rojas**                              represented by  **Michael Antonio Faillace**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**SP Payroll, Inc.**                          represented by  **Peter Arnold Walker**
                                                            Seyfarth Shaw LLP
                                                            620 8th Avenue
                                                            New York, NY 10018
                                                            (212) 218-5570
                                                            Fax: (212) 218-5526
                                                            Email: pwalker@seyfarth.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jacquelyn Georgette White**
                                                            Seyfarth Shaw LLP
                                                            620 8th Avenue
                                                            New York, NY 10018
                                                            (212)-218-5532
                                                            Fax: (212)-218-5526

Email: jawhite@seyfarth.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nicholas Parking, Corp.**                    represented by  **Peter Arnold Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacquelyn Georgette White**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**IVY Parking, Corp.**                    represented by  **Peter Arnold Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacquelyn Georgette White**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bienvendio, LLC.**                    represented by  **Peter Arnold Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacquelyn Georgette White**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Castle Parking Corp.**                    represented by  **Peter Arnold Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacquelyn Georgette White**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sage Parking Corp.**                    represented by  **Peter Arnold Walker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacquelyn Georgette White**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sam Podolak**                    represented by  **Peter Arnold Walker**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacquelyn Georgette White**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ADR Provider**

**Patricio Garcia**                    represented by    **Michael Antonio Faillace**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/06/2007 | 1 | COMPLAINT against Bienvendio, LLC., Castle Parking Corp., Sage Parking Corp., Sam Podolak, SP Payroll, Inc., Nicholas Parking, Corp., IVY Parking, Corp. (Filing Fee $ 350.00, Receipt Number 628944)Document filed by Angelo Pena, Rolando Rojas, Jose Diroche, Frank Santana.(jeh) Additional attachment(s) added on 8/10/2007 (Becerra, Maribel). (Entered: 08/08/2007) |
| 08/06/2007 | | SUMMONS ISSUED as to Bienvendio, LLC., Castle Parking Corp., Sage Parking Corp., Sam Podolak, SP Payroll, Inc., Nicholas Parking, Corp., IVY Parking, Corp. (jeh) (Entered: 08/08/2007) |
| 08/06/2007 | | Case Designated ECF. (jeh) (Entered: 08/08/2007) |
| 08/06/2007 | | Magistrate Judge Michael J. Dolinger is so designated. (jeh) (Entered: 08/08/2007) |
| 08/14/2007 | 2 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE FLSA. Document filed by Edison Alvarez.(Faillace, Michael) (Entered: 08/14/2007) |
| 08/14/2007 | 3 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE FLSA. Document filed by Jesus De Arce Reyes.(Faillace, Michael) (Entered: 08/14/2007) |
| 08/16/2007 | 4 | SUMMONS RETURNED EXECUTED. Sam Podolak served on 8/13/2007, answer due 9/4/2007. Service was accepted by Italo Cardenas, coworker of defendant. Document filed by Edison Alvarez; Angelo Pena; Jesus De Arce Reyes; Rolando Rojas; Jose Diroche; Frank Santana. (Faillace, Michael) (Entered: 08/16/2007) |
| 08/16/2007 | 5 | SUMMONS RETURNED EXECUTED. Bienvendio, LLC. served on 8/13/2007, answer due 9/4/2007. Service was accepted by Italo Cardenas, coworker of defendant. Document filed by Edison Alvarez; Angelo Pena; Jesus De Arce Reyes; Rolando Rojas; Jose Diroche; Frank Santana. (Faillace, Michael) (Entered: 08/16/2007) |
| 08/17/2007 | 6 | SUMMONS RETURNED EXECUTED. IVY Parking, Corp. served on 8/13/2007, answer due 9/4/2007. Service was accepted by Italo Cardenas, coworker of defendant. Document filed by Edison Alvarez; Angelo Pena; Jesus De Arce Reyes; Rolando Rojas; Jose Diroche; Frank Santana. (Faillace, Michael) (Entered: 08/17/2007) |
| 08/17/2007 | 7 | SUMMONS RETURNED EXECUTED. Nicholas Parking, Corp. served on 8/13/2007, answer due 9/4/2007. Service was accepted by Italo Cardenas, coworker of defendant. Document filed by Edison Alvarez; Angelo Pena; Jesus De Arce Reyes; Rolando Rojas; Jose Diroche; Frank Santana. (Faillace, Michael) (Entered: 08/17/2007) |
| 08/17/2007 | 8 | SUMMONS RETURNED EXECUTED. SP Payroll, Inc. served on 8/13/2007, answer due 9/4/2007. Service was accepted by Italo Cardenas. Document filed by Edison Alvarez; Angelo Pena; Jesus De Arce Reyes; Rolando Rojas; Jose Diroche; Frank Santana. (Faillace, Michael) |

| | | (Entered: 08/17/2007) |
|---|---|---|
| 09/06/2007 | 9 | ORDER RE SCHEDULING AND INITIAL PRETRIAL CONFERENCE: Initial Conference set for 11/16/2007 at 10:30 AM in Courtroom 17B, 500 Pearl Street, New York, NY 10007 before Judge Richard J. Holwell. (Signed by Judge Richard J. Holwell on 8/17/07) (kco) (Entered: 09/06/2007) |
| 09/07/2007 | 10 | STIPULATION AND ORDER: the time for defendants to answer, move or otherwise respond to the complaint is extended to 9/18/07. Bienvendio, LLC. answer due 9/18/2007; Castle Parking Corp. answer due 9/18/2007; Sage Parking Corp. answer due 9/18/2007; Sam Podolak answer due 9/18/2007; SP Payroll, Inc. answer due 9/18/2007; Nicholas Parking, Corp. answer due 9/18/2007; IVY Parking, Corp. answer due 9/18/2007. (Signed by Judge Richard J. Holwell on 9/6/07) (db) (Entered: 09/07/2007) |
| 09/18/2007 | 11 | FILING ERROR - WRONG PDF ASSOCIATED WITH DOCUMENT ENTRY - (SEE DOCUMENT # 12) - RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Bienvendio, LLC., Castle Parking Corp., Sage Parking Corp., Sam Podolak, SP Payroll, Inc., Nicholas Parking, Corp., IVY Parking, Corp.. (Attachments: # 1 Certificate of Service)(Walker, Peter) Modified on 9/24/2007 (GF). (Entered: 09/18/2007) |
| 09/18/2007 | 12 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Bienvendio, LLC., Castle Parking Corp., Sage Parking Corp., Sam Podolak, SP Payroll, Inc., Nicholas Parking, Corp., IVY Parking, Corp.. (Attachments: # 1 Certificate of Service)(Walker, Peter) (Entered: 09/18/2007) |
| 09/18/2007 | 13 | ANSWER to Complaint with JURY DEMAND. Document filed by Bienvendio, LLC., Castle Parking Corp., Sage Parking Corp., Sam Podolak, SP Payroll, Inc., Nicholas Parking, Corp., IVY Parking, Corp.. (Attachments: # 1 Certificate of Service)(Walker, Peter) (Entered: 09/18/2007) |
| 09/18/2007 | 14 | NOTICE OF APPEARANCE by Peter Arnold Walker on behalf of Bienvendio, LLC., Castle Parking Corp., Sage Parking Corp., Sam Podolak, SP Payroll, Inc., Nicholas Parking, Corp., IVY Parking, Corp. (Walker, Peter) (Entered: 09/18/2007) |
| 09/18/2007 | 15 | NOTICE OF APPEARANCE by Jacquelyn Georgette White on behalf of Bienvendio, LLC., Castle Parking Corp., Sage Parking Corp., Sam Podolak, SP Payroll, Inc., Nicholas Parking, Corp., IVY Parking, Corp. (White, Jacquelyn) (Entered: 09/18/2007) |
| 09/19/2007 | 16 | DEMAND for Trial by Jury. Document filed by Bienvendio, LLC., Castle Parking Corp., Sage Parking Corp., Sam Podolak, SP Payroll, Inc., Nicholas Parking, Corp., IVY Parking, Corp.(Walker, Peter) (Entered: 09/19/2007) |
| 09/28/2007 | 17 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE F.L.S.A.. Document filed by Miguel Alcantara.(Faillace, Michael) (Entered: 09/28/2007) |
| 10/01/2007 | 18 | JOINT DISCOVERY PLAN: Joinder of Parties due by 10/31/2007. Amended Pleadings due by 10/31/2007. Last day to exchange Rule 26(a)(l) disclosures: 10/12/2007. Phase I fact discovery and motions for class certification and notice to any putative class due 12/17/2007. Dft's opposition to Plts' motions for class certification and notice to any class due by 1/15/2008, Close opt-in class thirty days after notices sent. Phase II fact discovery, designation of plts' expert and service of any expert reports due by 4/4/2008. Dfts to make any Rule 26(a)(2) disclosure and serve any expert reports due by 4/30/2008. All Expert Discovery due by 5/10/2008. Dispositive Motions due by 5/15/2008. Responses due by 6/6/2008, Replies due by 6/16/2008. Final Pretrial Order due by 6/30/2008. Plts demand trial by jury, and dfts do not dispute that this matter should be tried by one. Ready for Trial by 7/18/2008. The parties do not consent to this case proceeding before a Magistrate Judge. Status Conference set for 4/18/2008 at 10:00 AM before Judge Richard J. Holwell. (Signed by Judge Richard J. Holwell on 9/28/2007) (jar) (Entered: 10/01/2007) |

| 10/03/2007 | 19 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE F.L.S.A.. Document filed by Christian Santos Vargas.(Faillace, Michael) (Entered: 10/03/2007) |
| 10/03/2007 | 20 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE F.L.S.A.. Document filed by Victor Gonzalez.(Faillace, Michael) (Entered: 10/03/2007) |
| 10/03/2007 | 21 | ORDER CASE ELIGIBLE FOR MEDIATION...the above-entitled action is eligible for mediation, pursuant to the Civil Justice Expense and Delay Reduction Plan. This action is eligible for mediation subject to the limitations and restrictions as noted: ALL ISSUES ARE ELIGIBLE. (Signed by Judge Richard J. Holwell on 10/2/07) (tro) (Entered: 10/03/2007) |
| 10/04/2007 | 22 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE F.L.S.A.. Document filed by Miguel Garcia.(Faillace, Michael) (Entered: 10/04/2007) |
| 10/12/2007 | 23 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE FLSA. Document filed by Luis Luna.(Faillace, Michael) (Entered: 10/12/2007) |
| 10/30/2007 | 24 | CONSENT TO BECOME PARTY PLAINTIFF UNDER THE F.L.S.A.. Document filed by Miguel Rojas.(Faillace, Michael) (Entered: 10/30/2007) |
| 11/21/2007 | 25 | NOTICE SELECTING MEDIATOR - Notice of selection of mediator.(sc) (Entered: 11/21/2007) |
| 03/27/2008 | 26 | CONSENT TO BECOME PARTY PLAINTIFF. Document filed by Patricio Garcia.(Faillace, Michael) (Entered: 03/27/2008) |
| 04/18/2008 | | Minute Entry for proceedings held before Judge Richard J. Holwell: Interim Pretrial Conference held on 4/18/2008, ( Final Pretrial Conference set for 10/31/2008 at 02:30 PM before Judge Richard J. Holwell, Jury Trial set for 11/10/2008 at 10:00 AM before Judge Richard J. Holwell.)Discovery issues discussed; FPTC set for 10/31/08 at 2:30pm; Trial set for 11/10/08 at 10:00am; Defense counsel is directed to submit to the Court trial scheduling report. (jw) (Entered: 04/25/2008) |
| 04/30/2008 | 27 | ENDORSED LETTER addressed to Judge Richard J. Holwell from Peter A. Walker dated 4/23/08 re: Counsel to all defendants in this action submit this letter to the Court, with a copy to Mr. Faillace, so that Your Honor could "so order" the following schedule for this case: All fact discovery will close on 5/16/08. Neither party intends to retain an expert and thus there shall be no expert discovery; Any motion for summary judgment shall be served and filed no later than 6/13/08; Answering papers to any motion for summary judgment shall be served and filed no later than 7/11/08; Any reply papers to any motion for summary judgment shall be served and filed no later than 7/18/08; The parties' pretrial order, pretrial memorandum of law and motions in limine shall be served and filed no later than 10/3/08; The parties shall served each other and submit their exhibits in black binders to the Court no later than 10/3/08; Any response to a motion in limine shall be served and filed no later than 10/10/08; Since the parties have agreed to a bench trial, proposed findings of fact and conclusions of law shall be served and filed no later than 10/17/08; The trial of the action will commence on 11/10/08; A final pretrial conference shall be held on 10/31/08 at 2:30 p.m. ENDORSEMENT: So Ordered. ( Discovery due by 5/16/2008. Motions due by 6/13/2008. Responses due by 7/11/2008, Replies due by 7/18/2008. Pretrial Order due by 10/3/2008. Pretrial Conference set for 10/31/2008 at 02:30 PM before Judge Richard J. Holwell.) (Signed by Judge Richard J. Holwell on 4/28/08) (ae) (Entered: 04/30/2008) |
| 05/20/2008 | 28 | ENDORSED LETTER addressed to Judge Richard J. Holwell from Michael Faillace dated 5/16/2008 re: Counsel respectfully request that the Court grant them the Courtesy extending the discovery schedule. ENDORSEMENT: All pre-trial scheduling date extended by 30 days. No further extensions absent extraordinary circumstances. So Ordered. (Signed by Judge Richard J. Holwell on 5/20/2008) (jfe) (Entered: 05/20/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/11/2008 14:52:28 | | | |
| PACER Login: | ss0235 | Client Code: | 56538-000001 ALB |
| Description: | Docket Report | Search Criteria: | 1:07-cv-07013-RJH |
| Billable Pages: | 5 | Cost: | 0.40 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGELO PENA, ROLANDO ROJAS, JOSE
DIROCHE, and FRANKLIN SANTANA,
*individually and on behalf of others simiarly
situated,*

                *Plaintiffs,*

      -against-

SP PAYROLL, INC., NICHOLAS PARKING,
CORP., IVY PARKING, CORP., BIENVENIDO,
LLC, CASTLE PARKING CORP., SAGE
PARKING CORP., and SAM PODOLAK,

               *Defendants.*
------------------------------------------------------------X

**CONSENT TO JOIN LAWSUIT**

**CONSENTIMIENTO
PARA HACER
PARTE DE UNA DEMANDA**

**07 CV 7013**

**ECF Case**

TO:    Clerk of Court, Southern District of New York
       500 Pearl Street, New York, New York 10007

I hereby consent to join this lawsuit as a party plaintiff.

**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:            Patricio Gonzalez

Address / Direccion:       37-13 85 St., Apt. 31

                             Queens, New York 11372

Phone Number / Numero de Teléfono:   (718) 536 6647

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

         Other / Otro:        N/A

Signature / Firma:

Date / Fecha:             08/20/2007

**EXHIBIT C**

PETER A. WALKER, ESQ. (PW-7984)
JACQUELYN G. WHITE, ESQ. (JW-4168)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
(212) 218-5526

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————

ANGELO PENA, ROLANDO ROJAS, JOSE     :
DIROCHE, and FRANKLIN SANTANA,        :
individually and on behalf of others similarly   :   CIVIL ACTION NO.: 07-CV-7013 (RJH)
situated,                             :
                                      :
                Plaintiffs,           :
                                      :
          v.                          :
                                      :
SP PAYROLL, INC., NICHOLAS PARKING,   :
CORP., IVY PARKING, CORP., BIENVENIDO,   :
LLC, CASTLE PARKING CORP., SAGE       :
PARKING CORP., and SAM PODOLAK,       :
                                      :
                Defendants.           :

—————————————————————

## DEFENDANTS' ANSWER AND AFFIRMATIVE
## AND OTHER DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants SP Payroll, Inc. ("SP Payroll"), Nicholas Parking, Corp. ("Nicholas

Parking"), Ivy Parking, Corp. ("Ivy Parking"), Bienvenido, LLC ("Bienvenido Parking"), Castle

Parking Corp. ("Castle Parking"), Sage Parking Corp. ("Sage Parking") (collectively,

"Defendant Corporations"), and Sam Podolak ("Podolak") (collectively, "Defendants"), by and

through their counsel, Seyfarth Shaw LLP, for their Answer and Affirmative and Other Defenses

to the Complaint of plaintiffs Angelo Pena ("Pena"), Rolando Rojas ("Rojas"), Jose Diroche

("Diroche") and Franklin Santana ("Santana") (collectively, "Plaintiffs"), as purportedly asserted on behalf of themselves and all others similarly situated, allege and state as follows:

## NATURE OF ACTION

1.      Defendants deny the allegations in paragraph 1 of the Complaint, except admit that Plaintiffs are current or former parking lot attendants of Ivy Parking, Bienvenido Parking, Castle Parking and/or Sage Parking.  Defendants specifically deny that Plaintiffs are current or former parking lot attendants of SP Payroll or Nicholas Parking, and aver that Nicholas Parking and Ivy Parking are no longer operating entities.  Defendants further aver that Podolak is an owner and Executive Director of Defendant Corporations.

2.      Defendants deny the allegations in paragraph 2 of the Complaint.

3.      Defendants deny the allegations in paragraph 3 of the Complaint, except admit that Sam Podolak is an owner and Executive Director of Defendant Corporations.

4.      Defendants deny the allegations in paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint asserts legal declarations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 5 of the Complaint, except admit that Plaintiffs purport to bring an action on behalf of certain individuals who are not parties to this action.  Defendants deny knowledge or information sufficient to form a belief that other persons are joining or intend to join this action, and further deny that a class or collective action is appropriate in this case.  Defendants further aver that they have not violated any provisions of any of the laws alleged in the Complaint.

6.      Paragraph 6 of the Complaint asserts legal declarations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 6 of the Complaint, except admit that Plaintiffs purport to bring a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of certain individuals who are not parties to this action.  Defendants

2

deny knowledge or information sufficient to form a belief that other persons are joining or intend to join this action, and further deny that a "collective action" is appropriate in this case.

7.    Paragraph 7 of the Complaint asserts legal declarations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 7 of the Complaint, except admit that Plaintiffs purport to bring a class action pursuant to Fed. R. Civ. P. 23 on behalf of certain individuals who are not parties to this action.  Defendants deny knowledge or information sufficient to form a belief that other persons are joining or intend to join this action, and further deny that a class action is appropriate in this case.

## JURISDICTION AND VENUE

8.    Paragraph 8 of the Complaint asserts legal declarations and conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 8 of the Complaint, except admit that Plaintiffs purport to assert claims over which this Court may have subject matter jurisdiction.

9.    Paragraph 9 of the Complaint asserts legal declarations and conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 9 of the Complaint, except admit that Defendants conducted business from offices located in this district and that venue is proper.

## THE PARTIES

### *Plaintiffs*

10.    Defendants deny the allegations in Paragraph 10 of the Complaint, except deny knowledge or information sufficient to form a belief as to the location of Plaintiff Pena's residence, and admit that Plaintiff Pena has worked for Ivy Parking, Bienvenido Parking, Castle Parking and Sage Parking at various times since in or about October 2003.  Defendants further aver that Plaintiff Pena was compensated in accordance with federal and state law.

3

NY1 26482877.5

11.    Defendants deny the allegations in Paragraph 11 of the Complaint, except deny knowledge or information sufficient to form a belief as to the location of Plaintiff Rojas' residence.  Defendants admit that Plaintiff Rojas worked for Castle Parking at various times between May 2003 and on or about January 20, 2007.  Defendants further aver that Plaintiff Rojas was compensated in accordance with federal and state law.

12.    Defendants deny the allegations in Paragraph 12 of the Complaint, except deny knowledge or information sufficient to form a belief as to the location of Plaintiff Diroche's residence, and admit that Plaintiff Diroche has worked for Bienvenido Parking, Castle Parking and Sage Parking at various times since in or about April 2001.  Defendants further aver that Plaintiff Diroche was compensated in accordance with federal and state law.

13.    Defendants deny the allegations in Paragraph 13 of the Complaint, except deny knowledge or information sufficient to form a belief as to the location of Plaintiff Santana's residence, and admit that Plaintiff Santana has worked for Bienvenido Parking, Castle Parking and Sage Parking at various times since in or about May 2003.  Defendants further aver that Plaintiff Santana was compensated in accordance with federal and state law.

### *Defendants*

14.    Defendants deny the allegations in paragraph 14 of the Complaint, except admit that defendant SP Payroll is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 1832 Second Avenue, New York, New York  10128.  Defendants aver that Community Parking Inc. is not a named defendant in this action.

15.    Defendants deny the allegations in paragraph 15 of the Complaint, except admit that defendant Nicholas Parking is a corporation organized under the laws of the State of New

York.  Defendants deny that Nicholas Parking is in the business of operating parking lots, and

further aver that Nicholas Parking is no longer an operating entity.

16.    Defendants deny the allegations in paragraph 16 of the Complaint, except admit

that Ivy Parking is a corporation organized under the laws of the State of New York.  Defendants

deny that Ivy Parking currently operates parking lots, and aver that Ivy Parking ceased its

operations in or about January 2005.

17.    Defendants deny the allegations in paragraph 17 of the Complaint, except admit

that Bienvenido Parking is a corporation organized and existing under the laws of the State of

New York, that Bienvenido Parking operates a parking lot, and that the principal place of

business of Bienvenido Parking is located at 1277 Jerome Avenue, Bronx, New York.

18.    Defendants deny the allegations in paragraph 18 of the Complaint, except admit

that Castle Parking is a corporation organized and existing under the laws of the State of New

York, that Castle Parking operates a parking lot, and that the principal place of business of Castle

Parking is located at 2046 Webster Avenue, Bronx, New York.

19.    Defendants deny the allegations in paragraph 19 of the Complaint, except admit

that Sage Parking is a corporation organized and existing under the laws of the State of New

York, that Sage Parking operates a parking lot, and that the principal place of business of Sage

Parking is located at 1295 Jerome Avenue, Bronx, New York.

20.    Paragraph 20 of the Complaint asserts legal declarations to which no response is

required.  To the extent a response is required, Defendants deny the allegations in paragraph 20

of the Complaint, except admit that Podolak is an owner and Executive Director of Defendant

Corporations.

NY1 26482877.5

## STATEMENT OF FACTS

21.    Paragraph 21 of the Complaint asserts legal declarations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 21 of the Complaint.

22.    Paragraph 22 of the Complaint asserts legal declarations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 22 of the Complaint.

23.    Defendants deny the allegations in paragraph 23 of the Complaint, except admit that at various times Ivy Parking, Bienvenido Parking, Castle Parking and Sage Parking have employed individuals who may have worked for other Defendant Corporations, and admit that Ivy Parking, Bienvenido Parking, Castle Parking and Sage Parking process their payroll through SP Payroll.

24.    Defendants deny the allegations in paragraph 24 of the Complaint, except admit that Podolak is an owner and the Executive Director of Defendant Corporations.

25.    Defendants deny the allegations in paragraph 25 of the Complaint.

26.    Defendants deny the allegations in paragraph 26 of the Complaint.

27.    Paragraph 27 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 27 of the Complaint, except admit that Ivy Parking, Bienvenido Parking, Castle Parking and Sage Parking had the power to hire and fire their respective employees, control the terms and conditions of employment, and determine the rate and method of their employees' compensation. Defendants aver that each Plaintiff was employed by at least one Defendant, but that no Plaintiff was ever employed by all Defendants.

6

28. Paragraph 28 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 28 of the Complaint, except admit that Plaintiffs were formerly or are currently employed as parking lot attendants by at least one Defendant Corporation.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint, except deny knowledge or information sufficient to form a belief as to the personal observations of the individual Plaintiffs. Defendants further aver that they have complied with all posting requirements under federal and state law.

## FLSA COLLECTIVE ACTION CLAIMS

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint, including its subpart, paragraph 36a.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

37. Paragraph 37 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 37 of the Complaint, except admit that Plaintiffs purport to bring an action pursuant to Fed. R. Civ. P. 23 on behalf of certain individuals who are not parties to this action. Defendants aver that a class action pursuant to Fed. R. Civ. P. 23 is not appropriate in this case.

NY1 26482877.5

38.     Paragraph 38 of the Complaint asserts legal declarations to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 38 of the Complaint, except admit that Plaintiffs purport to bring an action on behalf of certain individuals who are not parties to this action.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Complaint, except deny knowledge or information sufficient to form a belief as to the qualifications or experience of Plaintiffs' counsel.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegations in paragraph 44 of the Complaint, including each of its subparts, a through g.

### FIRST CAUSE OF ACTION
### Minimum Wage Act Under the FLSA

45.     Defendants reassert and incorporate their responses to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

46.     Paragraph 46 of the Complaint asserts legal declarations and conclusions to which no response is required.

47.     Paragraph 47 of the Complaint asserts legal declarations and conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 47 of the Complaint, except admit that Ivy Parking, Bienvenido Parking, Castle Parking and Sage Parking had the power to hire and fire their respective employees, control the terms and conditions of employment, and determine the rate and method of their employees'

NYI 26482877.5

compensation. Defendants aver that each Plaintiff was employed by at least one Defendant, but that no Plaintiff was ever employed by all Defendants.

48.    Paragraph 48 of the Complaint asserts legal declarations and conclusions to which no response is required.

49.    Defendants deny the allegations in paragraph 49 of the Complaint.

50.    Defendants deny the allegations in paragraph 50 of the Complaint.

## SECOND CAUSE OF ACTION
### Overtime Wage Order Under the FLSA

1.    Defendants reassert and incorporate their responses to paragraphs 1 through 50 of the Complaint as if fully set forth herein.

2.    Defendants deny the allegations in incorrectly numbered paragraph 2 under subheading "Second Cause of Action" of the Complaint.

3.    Defendants deny the allegations in incorrectly numbered paragraph 3 under the subheading "Second Cause of Action" of the Complaint.

## THIRD CAUSE OF ACTION
### Minimum Wage Act Under the NYLL

51.    Defendants reassert and incorporate their responses to the aforementioned paragraphs of the Complaint as if fully set forth herein.

52.    Incorrectly numbered paragraph 52 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 52 of the Complaint, except admit that Ivy Parking, Bienvenido Parking, Castle Parking and Sage Parking had the power to hire and fire their respective employees, control the terms and conditions of employment, and determine the rate and method of their employees' compensation. Defendants aver that each Plaintiff was employed by at least one Defendant, but that no Plaintiff was ever employed by all Defendants.

9

53.    Defendants deny the allegations in incorrectly numbered paragraph 53 of the Complaint.

54.    Defendants deny the allegations in incorrectly numbered paragraph 54 of the Complaint.

55.    Defendants deny the allegations in incorrectly numbered paragraph 55 of the Complaint.

### FOURTH CAUSE OF ACTION
### Overtime Wage Order Under the NYSLL

56.    Defendants reassert and incorporate their responses to the aforementioned paragraphs of the Complaint as if fully set forth herein.

57.    Defendants deny the allegations in incorrectly numbered paragraph 57 of the Complaint.

58.    Defendants deny the allegations in incorrectly numbered paragraph 58 of the Complaint.

59.    Defendants deny the allegations in incorrectly numbered paragraph 59 of the Complaint.

### FIFTH CAUSE OF ACTION
### Spread of Hours Wage Order

4.    Defendants reassert and incorporate their responses to the aforementioned paragraphs of the Complaint as if fully set forth herein.

5.    Defendants deny the allegations in incorrectly numbered paragraph 5 under the heading "Fifth Cause of Action" of the Complaint.

6.    Defendants deny the allegations in incorrectly numbered paragraph 6 under the heading "Fifth Cause of Action" of the Complaint.

10

7.    Defendants deny the allegations in incorrectly numbered paragraph 7 under the heading "Fifth Cause of Action" of the Complaint.

## PRAYER FOR RELIEF

60.    Answering the "Prayer for Relief," Defendants deny that Plaintiffs are entitled to the relief for which they pray on behalf of themselves or any other individual or to any other relief.

61.    Unless and to the extent expressly admitted herein, Defendants deny any and all allegations in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.  Defendants further aver that Plaintiffs' claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus, expressly reserve their right to assert additional defenses should the precise nature of Plaintiffs' claims become clear.

## FIRST DEFENSE

Plaintiffs fail to state a claim, in whole or in part, upon which relief may be granted, either on their own behalf or on behalf of those persons whom they purport to represent, or to whom they purportedly are similarly situated.

## SECOND DEFENSE

This case may not be maintained as a collective action because Plaintiffs are not similarly situated to or otherwise an adequate representative for the persons whom they purport to represent and, thus, cannot establish the existence of each of the requirements under 29 U.S.C. § 216.  Defendants specifically maintain that Plaintiffs' pleadings fail to meet the requirements necessary to justify a collective action or issuance of notice pursuant to 29 U.S.C.§ 216.

### THIRD DEFENSE

Some or all of Plaintiffs' and/or the putative class members' claims are barred in whole or in part by the applicable statute(s) of limitations.

### FOURTH DEFENSE

Defendants at all times, in all manners, acted in accordance with any and all duties and obligations under the FLSA and its regulations, and/or applicable state law and regulations, if any.

### FIFTH DEFENSE

Plaintiffs do not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus this action cannot be maintained as a class action.

### SIXTH DEFENSE

Plaintiffs and/or the putative class members lack standing or are otherwise not entitled to bring, maintain or participate in a class action under the FLSA or under Rule 23 of the Federal Rules of Civil Procedure.

### SEVENTH DEFENSE

Plaintiffs and/or the putative class members are not entitled to some or all of the relief sought under the doctrine of consent.

### EIGHTH DEFENSE

Subject to proof through discovery, some or all of the putative class members may be exempt from overtime pay as executive and/or administrative employees.

NYI 26482877.5

## NINTH DEFENSE

Defendants state, in the alternative if necessary, that part or all of any time Plaintiffs allege should be paid to them and/or to allegedly similarly situated employees is properly preliminary or postliminary time under the Portal-to-Portal Pay Act, 29 U.S.C. § 254(a), and therefore not compensable.

## TENTH DEFENSE

Defendants state, in the alternative if necessary, that if, in fact, they have failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

## ELEVENTH DEFENSE

Defendants state, in the alternative if necessary, that even if they in fact failed to pay unidentified individuals for any of the activities alleged in Plaintiffs' Complaint, such activities do not constitute compensable work under the FLSA, and/or applicable state law and, furthermore, such alleged activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.

## TWELFTH DEFENSE

Defendants state, in the alternative if necessary, that their actions with respect to Plaintiffs and any similarly situated worker, and/or putative class members were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259, and/or applicable state law.

NYI 26482877.5

13

### THIRTEENTH DEFENSE

Defendants state, in the alternative if necessary, that their actions with respect to Plaintiffs and any other similarly situated worker, and/or putative class members, were taken in good faith with reasonable grounds to believe such conduct comported with the FLSA or interpretations of the FLSA pursuant to 29 U.S.C. § 260, and/or applicable state law.

### FOURTEENTH DEFENSE

If Plaintiffs have sustained any damages or if any putative members of any purported class defined in the Complaint have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or putative class members owed to Defendants against any judgment that may be entered against Defendants.

### FIFTEENTH DEFENSE

The claims of Plaintiffs and each putative class member are barred to the extent that there is/are currently or were other action(s) raising on the same claims.

### SIXTEENTH DEFENSE

Plaintiffs and/or the putative class members have received full payment for all work performed thereby barring Plaintiffs' and/or the purported class members' claims.

### SEVENTEENTH DEFENSE

Some or all of the putative class members claims are barred by the doctrine of accord and satisfaction.

### EIGHTEENTH DEFENSE

To the extent permitted by law, Defendants seek recovery of reasonable and necessary attorneys' fees.

14

NY1 26482877.5

## NINETEENTH DEFENSE

Subject to proof by discovery, some or all of Plaintiffs' and/ or the putative class members' claims are barred because they executed a valid and enforceable general release of Defendants.

## TWENTIETH DEFENSE

This Court lacks jurisdiction over some or all of Plaintiffs' or the putative class members' state claims.

## TWENTY-FIRST DEFENSE

Some or all of Plaintiffs' and the putative class members' claims are preempted, in whole or in part.

## TWENTY-SECOND DEFENSE

Plaintiffs' Rule 23 allegations should be stricken and they cannot pursue their state law claims as a class action because they are so vague and imprecise that no ascertainable class is present.

## TWENTY-THIRD DEFENSE

Some or all of Plaintiffs' claims for relief under New York law fail because New York law does not provide for mandatory overtime.

## TWENTY-FOURTH DEFENSE

Some or all of Plaintiffs' claims for class action relief under New York law fail because New York law prohibits class causes of action for relief that include invocation of penalties or liquidated damages against a defendant.

NY1 26482877.5

### TWENTY-FIFTH DEFENSE

Some or all of Plaintiffs' claims fail because Defendants did not employ Plaintiffs or any other putative plaintiff or other individual, and was not such person's employer, during all or part of the time period relevant to this lawsuit.

### TWENTY-SIXTH DEFENSE

Defendants assert all affirmative and other defenses available to them under each of the state laws and precedents cited in the Complaint.

WHEREFORE, Defendants demands judgment against Plaintiffs in their favor:

(a)      denying that Plaintiffs are entitled to the relief for which they pray on behalf of themselves or any other individual or to any other relief.

(b)      dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

(c)      awarding Defendants their costs and disbursements, including reasonable attorneys' fees incurred in this action; and

(d)      granting Defendants such other and further relief as the Court may deem just and proper.

16

Dated: New York, New York
      September 18, 2007

Respectfully submitted,

SEYFARTH SHAW LLP

By: s/ Peter Walker
    Peter A. Walker (PW-7984)
    Jacquelyn G. White (JW-4168)
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendants

NY1 26482877.5