UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ANGELO PENA, ROLANDO ROJAS, JOSE DIROCHE, and FRANKLIN SANTANA, individually and on behalf of others similarly situated,

           Plaintiffs,

           v.

SP PAYROLL, INC., NICHOLAS PARKING, CORP., IVY PARKING, CORP., BIENVENIDO, LLC, CASTLE PARKING CORP., SAGE PARKING CORP., and SAM PODOLAK,

           Defendants.
_____

ECF Case

CIVIL ACTION NO.: 07-CV-7013 (RJH)


### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Dated: New York, New York
      July 24, 2008

    Peter A. Walker
    Lori M. Meyers

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendants

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF RELEVANT FACTS ................................................................................. 2

ARGUMENT ............................................................................................................................ 4

    I.    PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED ............................ 4

        A.    Standards for Amendment ................................................................. 4

        B.    Plaintiffs' Amendment Was Unduly Delayed and Intentionally Timed to Coincide with the Filing of Defendants' Motion for Partial Summary Judgment, Rendering any Amendment Unfairly Prejudicial to Defendants ............................................................. 5

        C.    Plaintiffs' Amendment Would Be Futile ..................................................... 11

CONCLUSION ....................................................................................................................... 15

NY1 26521945.2

## TABLE OF AUTHORITIES

### CASES

Cartier, Inc. v. Four Star Jewelry Creations, Inc.,
	No. 01 Civ. 11295 (CBM), 2004 U.S. Dist. LEXIS 989 (S.D.N.Y. Jan. 27, 2004) ......9, 10

Comm. to Stop Airport Expansion v. FAA,
	320 F.3d 285 (2d Cir. 2003)................................................................................................7

Commerce Funding Corp. v. Comprehensive Habilitation Servs.,
	No. 01 Civ. 3796 (PKL), 2005 U.S. Dist. LEXIS 14937 (S.D.N.Y. July 25, 2005) ...........5

Cresswell v. Sullivan & Cromwell,
	922 F.2d 60 (2d Cir. 1990)..................................................................................................8

Ellis v. Chao,
	336 F.3d 114 (2d Cir. 2003)..............................................................................................11

Foman v. Davis,
	371 U.S. 178 (1962).............................................................................................................4

Gagen v. Kipany Prods., Ltd.,
	18 Misc. 3d 1144A, 2004 N.Y. Misc. LEXIS 3143 (Sup. Ct. Nov. 26, 2004) ..................14

Gerentine v. United States,
	No. 00 Civ. 0813 (JSM), 2001 U.S. Dist. LEXIS 10975 (S.D.N.Y. Aug. 1, 2001) ............9

Godlewska v. HAD,
	No. 03-Civ.-3985 (DGT) (JMA), 2006 WL 1422410 (E.D.N.Y. May 18, 2006) ...............8

Health-Chem Corp. v. Baker,
	915 F.2d 805 (2d Cir. 1990)..............................................................................................11

Hissom v. New York City Dep't of Housing Pres. & Dev.,
	No. 86 Civ. 2340, 1987 U.S. Dist. LEXIS 13372 (S.D.N.Y. Dec. 8, 1987).......................7

Krumme v. Westpoint Stevens Inc.,
	143 F.3d 71 (2d Cir. 1998)...........................................................................................8, 10

Lee v. Regal Cruises,
	916 F. Supp. 300 (S.D.N.Y. 1996)......................................................................................8

Lucente v. IBM,
	310 F.3d 243 (2d Cir. 2002)..............................................................................................11

Nettis v. Levitt,
    241 F.3d 186 (2d Cir. 2001)..................................................................................................11

Olumuyiwa v. Harvard Protection Corp.,
    No. 98 CV 5110 (JG), 1999 WL 529533 (E.D.N.Y. July 21, 1999) ..................................10

Presbyterian Church of Sudan v. Talisman Energy, Inc.,
    453 F. Supp. 2d 633 (S.D.N.Y. 2006)................................................................................10

Priestly v. American Airlines, Inc.,
    No. 89 Civ. 8265 (JMC), 1991 U.S. Dist. LEXIS 4804 (S.D.N.Y. Apr. 12, 1991).............9

Estate of Ratcliffe v. Pradera Realty Co.,
    No. 05 Civ. 10272 (JFK), 2007 U.S. Dist. LEXIS 51800 (S.D.N.Y. July 16, 2007) ..........5

Ross v. Global Bus. Sch., Inc.,
    No. 99 Civ. 2826 (AGS), 2001 WL 1006656 (S.D.N.Y. Aug. 30, 2001).....................11, 12

Ruffolo v. Oppenheimer & Co.,
    987 F.2d 129 (2d Cir. 1993)................................................................................................11

Ruotolo v. City of New York,
    No. 03 Civ. 5045 (SHS), 2006 U.S. Dist. LEXIS 57346 (S.D.N.Y. Aug. 15, 2006) ..........9

Wolters Kluwer Fin. Servs. v. Scivantage,
    525 F. Supp. 2d 448 (S.D.N.Y. 2007)..................................................................................7

**RULES**

Fed. R. Civ. P. 15(a)(2)..................................................................................................................4

Fed. R. Civ. P. 16(b)(4)..................................................................................................................5

12 N.Y.C.R.R. § 142-2.4  ......................................................................................................13, 15

NY1 26521945.2

**PRELIMINARY STATEMENT**

Defendants SP Payroll, Inc. ("SP Payroll"), Nicholas Parking, Corp. ("Nicholas Parking"), Ivy Parking, Corp. ("Ivy Parking"), Bienvenido, LLC ("Bienvenido Parking"), Castle Parking Corp. ("Castle Parking"), Sage Parking Corp. ("Sage Parking") (collectively, "Defendant Corporations"), and Sam Podolak ("Podolak") (collectively, "Defendants") in the above-captioned action, respectfully submit this memorandum of law in opposition to the motion of Plaintiffs, Angelo Pena ("Pena"), Rolando Rojas ("Rojas"), Jose Diroche ("Diroche") and Franklin Santana ("Santana") for leave to amend their complaint to add eight additional plaintiffs to the action as named plaintiffs, to remove the collective and class allegations from the Complaint[1] and to "conform the complaint to facts corrected or obtained in **[their very own]** deposition[s]." (Emphasis added.)

For the avoidance of doubt, Defendants do not object to Plaintiffs' decision to remove the class and collective action allegations from the Complaint. And, for reasons of judicial economy and efficiency only, Defendants would not object to the addition of seven of the eight opt-ins whom counsel seeks to add as named plaintiffs, except that the addition of these individuals is futile with respect to their New York State claims. As to the eighth individual, his claim is utterly futile since he was actually overpaid by Defendants by more than $13,000.00.

Nonetheless, Defendants oppose Plaintiffs' belated motion to the extent that it seeks to correct and supplement the original complaint. Counsel had ample opportunity to learn the facts of his case and to interview those of the prospective plaintiffs who had filed consents long before Defendants' answer was filed. To delay until the close of discovery to propose an amendment is

---

[1] Although the Notice of Motion does not include a request that the Rule 23 allegations be stricken, the Memorandum of Law in support of the motion makes it clear that this relief is also sought. (Pl. Br. at 6.)

patently prejudicial. What makes counsel's action all the more insidious is the fact that the amended complaint for which he sought Defendants' agreement, pursuant to the instruction of the Court at the April 18, 2008 conference, (the "proposed stipulated complaint") is not the proposed complaint appended to his motion (the "proposed motion complaint"). The proposed stipulated complaint sought to add nine opt-ins as named plaintiffs. And while Defendants disputed the ability to amend as Plaintiffs sought to do at that time, the proposed motion complaint, which Defendants saw for the first time well after the close of discovery, when it was appended to Plaintiffs' motion to amend, modifies the facts more than the proposed stipulated complaint sought to do and eliminated, without notice or leave of this Court, an opt-in (Patricio Gonzalez), from named plaintiff status.

Counsel's motion amendment is particularly egregious in that it professes to correct and supplement the factual record, but it ignores the admissions made by his clients which reveal that, in certain respects, they have no claims. Counsel's sharp practices should not be countenanced and his belated motion for leave to amend, intentionally timed to coincide with the filing of Defendants' motion for partial summary judgment, should be denied.

## STATEMENT OF RELEVANT FACTS

The parties' joint discovery plan filed with the Court on October 1, 2008 establishes October 31, 2007 as the last date upon which to amend the pleadings; December 17, 2007 as the last day on which to serve and file a motion for class certification[2]; and a date thirty days after

---

[2] Contrary to Mr. Faillace's sworn affidavit ("Faillace Aff.") and Plaintiffs' brief, December 17, 2007, not January 15, 2008, was the last day to apply for class certification. (Faillace Aff. ¶ 8; Pl. Br. at 2.)

2

notices to the class are sent, as the last day for adding additional parties.[3] (Affidavit of Peter A. Walker ("Walker Aff."), Ex. A.) Although various discovery dates were extended by mutual agreement of the parties and order of this Court, the above-referenced dates were not changed. (Walker Aff., Ex. B.)

In a telephone discussion on February 12, 2008, confirmed in writing the following day, Plaintiffs' counsel represented that his clients would not seek certification as either a collective or class action, but instead, were interested solely in maintaining this action on their own behalf. (Walker Aff., Ex. C.) Despite this concession and the fact that the deadline for a motion for certification had long since passed, counsel took no action to amend the complaint.

Thereafter, at a Court conference on April 18, 2008, and solely in response to Defendants' statement that they would move to remove all the prospective plaintiffs from the action as Plaintiffs had not moved for class and collective action certification, counsel, for the first time, advised the court that his clients "were amenable to dropping the collective action claims, but requested to amend the Complaint to include the prospective named plaintiffs (all of whom had filed consents.)" (Faillace Aff. ¶ 17.) At no time during this conference with the Court or thereafter, did Plaintiffs represent that they would amend to add new, corrected, or supplemental factual information. In fact, despite the representation that an amendment would be forthcoming, Plaintiffs did not seek to amend at this time.

Almost two months later, with an extended discovery deadline of June 16, 2008 looming, on or about June 10, 2008, counsel for Plaintiffs mailed to Defendants a stipulation and Proposed First Amended Complaint. (Walker Aff., Ex. D.) Ironically, nowhere within Plaintiffs' instant

---

[3] Since January 15, 2008 was the last date upon which notices could be sent to putative class members, February 15, 2008 would have been the last day for adding additional parties to the action. No such amendment was timely sought.

3

motion to amend do they attach a copy of this complaint. Instead, they appear to imply that the Proposed First Amended Complaint attached to their motion is the one sent to Defendants and the one to which Defendants' counsel's letter of July 3, 2008 (Faillace Aff., Ex. N) was addressed.  **Not true.**

Moreover, while Plaintiffs profess to require amendment to correct and supplement the record, their proposed motion complaint ignores their very own testimony, under oath, in which each deponent admitted to being paid the minimum wage under New York Law (which is greater than under federal law) and to receiving overtime, in almost all instances, at time and one half their regular hourly rate.  Further, many of the deponents even admitted that they do not currently work more than ten hours a day, a necessary prerequisite to their spread of hours claims, to the extent that such a claim is even viable.  (Walker Aff., Exs. F-K.)

Plaintiffs' motion to amend should be dismissed because to permit Plaintiffs to amend at this late juncture would be futile and reward Plaintiffs for the misrepresentations they have perpetrated against this Court.  In any event, the instant motion should be decided in conjunction with Defendants' motion for partial summary judgment.

## ARGUMENT

### I. PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED

#### A. Standards for Amendment

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings "should [be] freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, where, as here, there is undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party or futility of the amendment, leave should be denied. Foman v. Davis, 371 U.S. 178 (1962).

Rule 16(b) of the Federal Rules provides that a scheduling order may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b)(4). Here, the parties' scheduling order established December 17, 2007 as the last date upon which to amend the pleadings.[4] Plaintiffs never sought to modify this aspect of the scheduling order and, at this late juncture, have failed to demonstrate good cause to do so. For this reason alone, the motion to amend should be denied. See Commerce Funding Corp. v. Comprehensive Habilitation Servs., No. 01 Civ. 3796 (PKL), 2005 U.S. Dist. LEXIS 14937, at *11-12 (S.D.N.Y. July 25, 2005) (district court did not abuse its discretion in denying leave to amend pleadings after the deadline set in the schedule order, where good cause is not shown); Estate of Ratcliffe v. Pradera Realty Co., No. 05 Civ. 10272 (JFK), 2007 U.S. Dist. LEXIS 51800, at *2-3 (S.D.N.Y. July 16, 2007) (same). In determining good cause, the courts evaluate the diligence of the movant, the reason for the delay, the interests of justice, judicial efficiency and prejudice to the non-movant – factors similar to those considered under Rule 15. Commerce Funding Corp., 2005 U.S. Dist. LEXIS, at *13. As discussed below, there are several reasons to deny Plaintiffs' belated motion.

### B. Plaintiffs' Amendment Was Unduly Delayed and Intentionally Timed to Coincide with the Filing of Defendants' Motion for Partial Summary Judgment, Rendering any Amendment Unfairly Prejudicial to Defendants

Plaintiffs first evinced an interest in removing their class and collective action claims in February 2008, but took no action at that time. Two months later, during a Court conference on April 18, 2008, and only in response to Defendants' stated intent to move to dismiss the class and collective action claims, did Plaintiffs state that they wished to amend their complaint to eliminate those claims and to add the opt-ins as named plaintiffs. (Faillace Aff. ¶ 17.) Plaintiffs

---

[4] It should be noted that all of the opt-in plaintiffs who Plaintiffs now seek to add to this action as named plaintiffs had filed consents to join the action for their FLSA claims well before December 17, 2007.

5

made no other representations as to the reason or nature of their amendment. (Faillace Aff. ¶ 17.) However, despite the Court's request that the parties attempt to stipulate to an amendment, Plaintiffs took no immediate action. (Faillace Aff. ¶ 19.)

Almost two more months passed, and six days prior to the close of discovery, Plaintiffs forwarded a proposed stipulated complaint to Defendants. (Walker Aff., Ex. D.) That complaint removed the class and collective action claims, added nine opt-ins as named plaintiffs, and modified many allegations of the original complaint to purportedly conform to the testimony of the deponents and to information learned in discovery from the Plaintiffs.

In response thereto, Defendants agreed to stipulate to add seven of the nine opt-ins as plaintiffs and to the removal of the class and collective action claims. They did not agree to permit Plaintiffs to amend any other allegations. (Faillace Aff., Ex. N.) Then, after the close of discovery and on the eve of the filing of Defendants' motion for partial summary judgment, Plaintiffs moved to amend their complaint in a manner far different than they had previously sought to stipulate with Defendants.

In fact, the cover letter appended to Plaintiffs' motion, which was post-marked Saturday, July 12, 2008 and not received by Defendants until July 16, 2008, two days after its summary judgment motion was due and filed on July 14, 2008, recognized that the filing of the their motion would clearly impact on Defendants' summary judgment motion and offered to join Defendants in seeking more time for their motion from the Court. (Walker Aff., Ex. L.) This offer was tantamount to providing ice in winter since this Court had previously ordered that there would be no more adjournments absent extraordinary circumstances and the motion had already been filed. (Walker Aff., Ex. B.)

What Plaintiffs do not advise the Court, and seemingly seek to actively mislead the Court about, is the fact that the Proposed First Amended Complaint attached to their motion is not the amended pleading to which they asked Defendants to stipulate.[5] Indeed, in the proposed stipulated pleading, Plaintiffs sought to add Patricio Gonzalez as a named plaintiff. Mr. Gonzalez is noticeably absent from the new proposed pleading, although he filed a notice of consent. While Defendants agree that Patricio Gonzalez should be removed from this action, counsel's furtive withdrawal from representing Mr. Gonzalez, who filed a notice of consent to join the action, is in essence a motion to withdraw which has been improperly made. See Local Civil Rule 1.4 which provides that a party may withdraw from representation of a client only with leave of court. Clearly, counsel has not sought leave of court since he has, for all intents and purposes, hidden from the Court, the notice of consent filed by Mr. Gonzalez.[6]

So too, Plaintiffs feign surprise at Defendants' objection to adding Mr. Alvarez as a named plaintiff. However, as early as February 13, 2008, Plaintiffs knew that Defendants

---

[5] See Comm. to Stop Airport Expansion v. FAA, 320 F.3d 285 (2d Cir. 2003) (case dismissed and costs imposed as a result of parties' sharp practices in failing to disclose information to the court); Hissom v. New York City Dep't of Housing Pres. & Dev., No. 86 Civ. 2340, 1987 U.S. Dist. LEXIS 13372 (S.D.N.Y. Dec. 8, 1987) (mischaracterizations in pleading result in judgment and fees to adversary); Wolters Kluwer Fin. Servs. v. Scivantage, 525 F. Supp. 2d 448, 451 (S.D.N.Y. 2007) (describing "sharp practice tactics such as misrepresenting facts to the court or an adversary and including false information in unsworn documents" and explaining that "[s]uch conduct is a drain on valuable judicial resources: when, for example, a litigant misleads the Court, it necessarily takes more time for the Court to try and sift through the facts and separate truth from falsehood") (quotations omitted).

[6] Plaintiffs' counsel's abandonment of Mr. Gonzalez, without notice or leave of court raises the issue as to whether Plaintiffs' counsel will adequately the additional opt-in plaintiffs he now seeks to add as named plaintiffs to this action. Indeed, if Plaintiffs' counsel had pursued the class claims under Rule 23, the adequacy of his representation would be squarely at issue.

7

objected to any recovery for Mr. Alvarez because he had certified in writing that he had been fully compensated for all overtime hours at the overtime rate. (Walker Aff., Ex. C.)[7]

Plaintiffs' delay in moving to amend, when, by counsel's own admission, "the depositions from which the factual corrections and additions issue occurred in the last months of 2007," should not be condoned. (Pl. Br. at 9.)[8] Indeed, Plaintiffs have offered no reason for their delay in moving to amend. Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) (the burden is on the party seeking to amend their pleading to provide a satisfactory reason for the delay); Krumme v. Westpoint Stevens Inc., 143 F.3d 71, 87 (2d Cir. 1998) (amendment denied where plaintiff has offered no adequate reason for delay); Lee v. Regal Cruises, 916 F. Supp. 300, 304 (S.D.N.Y. 1996) (amendment denied where plaintiffs cannot explain the untimeliness of the motion), aff'd, 116 F.3d 465 (2d Cir. 1997) (table).

Nor have Plaintiffs explained why they did not include this information in their complaint initially, since Angelo Pena, Rolando Rojas, Jose Diroche and Franklin Santana were original named plaintiffs. And, according to Plaintiffs' motion, at least two of the opt-ins filed their consents before Defendants filed their answer -- when an amendment could have been made as of right. (Faillace Aff. ¶ 14.)[9]

---

[7] Plaintiffs' cases also do not stand for the propositions for which they are cited. For example, Godlewska v. HAD, No. 03-Civ.-3985 (DGT) (JMA), 2006 WL 1422410 (E.D.N.Y. May 18, 2006) did not permit plaintiffs to amend to include a spread of hours claim learned through discovery, as counsel states on page 9 of Plaintiffs' Brief. That case did not involve a spread of hours issue.

[8] Ironically, Plaintiffs insist that Defendants are not prejudiced by the amendment because all of the depositions from which the new information came, depositions of the plaintiffs themselves, were all completed by early December, 2007. However, Plaintiffs fail to explain his own delay.

[9] Counsel's claim on page 2 of his Brief that he could amend as of right within twenty days from Defendants' filing of their answer is blatantly false and contravenes law.

The remaining opt-ins, save for Patricio Gonzalez, all filed consents before the end of October 2007, nine months before Plaintiffs' moved to amend their complaint. In fact, according to counsel, he only learned about these corrected facts "as a result of discovery conducted by Defendants." (Pl. Br. at 9.) Clearly counsel could have learned this information from his own clients had he fully investigated his case before filing suit. Indeed, in Priestly v. American Airlines, Inc., No. 89 Civ. 8265 (JMC), 1991 U.S. Dist. LEXIS 4804 (S.D.N.Y. Apr. 12, 1991), the plaintiffs there, like the Plaintiffs here, argued that amendment was required because the Plaintiff learned facts during the defendant's deposition of the plaintiff. The court found plaintiff's claim disingenuous, in that the facts were known to the plaintiff at the time the original complaint was filed. Most importantly, the court noted that even if "leave to amend may be predicated on facts learned at the deposition of the moving party's client," plaintiff has offered no reason for the delay and the motion to amend was denied. Id., 1991 U.S. Dist. LEXIS 4804, at *4. See also Ruotolo v. City of New York, No. 03 Civ. 5045 (SHS), 2006 U.S. Dist. LEXIS 57346, at *6 (S.D.N.Y. Aug. 15, 2006) (motion to amend denied where movant "knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay") (quotations omitted), aff'd, 514 F.3d 184 (2d Cir. 2008); Gerentine v. United States, No. 00 Civ. 0813 (JSM), 2001 U.S. Dist. LEXIS 10975, at *17 (S.D.N.Y. Aug. 1, 2001) (motion to amend denied where plaintiff had knowledge of alleged facts when she filed her original complaint); Cartier, Inc. v. Four Star Jewelry Creations, Inc., No. 01 Civ. 11295 (CBM), 2004 U.S. Dist. LEXIS 989, at *8-9 (S.D.N.Y. Jan. 27, 2004) (motion to amend denied where facts and theory known to plaintiff previously and no explanation for delay offered.)

9

Contrary to Plaintiffs' assertion, amendment at this late date will unduly prejudice Defendants. There can be no doubt that Plaintiffs' motion, and the proposed pleading attached thereto, was first served on Defendants after the close of discovery and was timed to coincide with Defendants' motion for summary judgment and to head off arguments made therein.[10] The law is clear that prejudice is found and amendment denied where discovery has been completed or summary judgment motions have been filed. Indeed, in Presbyterian Church of Sudan v. Talisman Energy, Inc., 453 F. Supp. 2d 633, 680 (S.D.N.Y. 2006), the court denied plaintiff's motion to amend, because it was filed on the eve of summary judgment practice and "[i]t could even be said that the plaintiffs acted in bad faith in waiting until the eve of summary judgment practice to file the motion to amend." In that case, plaintiffs filed their motion to amend on April 12, 2006 which made it impossible to be briefed and decided before the April 28th date for the filing of summary judgment motions. Here, Plaintiffs filed their motion on Saturday, July 12 and summary judgment was due on Monday, July 14, 2008. See also Cartier, Inc., 2004 U.S. Dist. LEXIS 989, at *10-11; Krumme, 143 F.3d at 88; Olumuyiwa v. Harvard Protection Corp., No. 98 CV 5110 (JG), 1999 WL 529533, at *5 (E.D.N.Y. July 21, 1999) ("the prototypical case for denying leave to amend" is when plaintiff seeks leave to amend a complaint in response to defendant's motion for summary judgment or after discovery is complete).

Here, Plaintiffs have done just that and have failed to offer any explanation for their dilatory conduct. Moreover, permitting Plaintiffs to amend at this late juncture to add additional factual allegations, will require Defendants to file an amended answer and incur additional expenses. See Cartier, Inc., 2004 U.S. Dist. LEXIS 989, at *10-11 (court should consider

---

[10] Nor can Plaintiffs argue that they provided a copy of the complaint to Defendants prior to the close of discovery since the proposed stipulated complaint, which was first mailed to Defendants' counsel on June 10, 2008 -- six days before the close of discovery-- was not the complaint attached to the motion.

10

whether allowing amendment will require non-movant to incur additional expenses or delay resolution of the matter); Ross v. Global Bus. Sch., Inc., No. 99 Civ. 2826 (AGS), 2001 WL 1006656, at *8 (S.D.N.Y. Aug. 30, 2001) (prejudice found where inter alia, defendants would be required to file an amended answer and a new set of moving papers which would involve substantial time and expense).  Accordingly, given their inexcusable delay, in conjunction with their misleading the Court to believe that the proposed pleading attached to the motion was the one to which they asked Defendants to stipulate, Plaintiffs' motion should be denied.

        **C.**     **Plaintiffs' Amendment Would Be Futile**

Plaintiffs' motion should be denied for an additional reason -- futility.  It is well settled that "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002) (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)).  "One appropriate basis for denying leave to amend is that the proposed amendment is futile." Lucente, 310 F.3d at 258 (citing Nettis v. Levitt, 241 F.3d 186, 193 (2d Cir. 2001)); Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003); see also Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990) (where there is no merit to a proposed amendment, leave to amend should be denied).

Here, Plaintiffs claim that they are correcting and supplementing their pleading based on information obtained in discovery from their own clients.  Even if the Court could get past counsel's failure to properly investigate his case before filing suit, which Defendants oppose, amendment should be denied on the grounds of futility.

In fact, despite counsel's claim that "amendment should be allowed as a matter of fairness, and so as to try this case on the merits" (Pl. Br. at 9), Plaintiffs have not fairly amended

11

their complaint.[11]  For example, Plaintiffs have removed each and every concession from the original complaint that the named plaintiffs have, at all relevant times, been "paid the minimum hourly wage mandated by federal law." (Walker Aff., Ex. E ¶¶ 10-13.)  They have done this, despite the clear, unequivocal and repeated concessions they made in depositions.  Thus,

- Mr. Pena conceded that he is paid the minimum wage "whatever the salary is in 2007 -- 6.75, 6.15."  It is clear that Mr. Pena was referring to the New York State minimum wage since the federal minimum wage for January 1, 2007 through July 23, 2007 was $5.15 per hour and from July 24, 2007 until July 23, 2008 was $5.85 per hour.[12]  New York's minimum wage, on the other hand, rose from $6.75 per hour to $7.15 per hour on January 1, 2007.  (Walker Aff., Ex. F at 15:23-16:4; 28:16-18.)

- Mr. Rojas admitted that he was paid the minimum wage rate for all hours up to forty hours in a week.  (Walker Aff., Ex. G at 11:20-23, 12:9-11, 14:20-15:2.)

- Mr. Diroche testified that he received minimum wage, $7.15 per hour, for his regular hours of work.  (Walker Aff., Ex. H at 18:2-20.)

- Mr. Santana testified that he received minimum wage of $7.15 per hour for his regular hours of work.  (Walker Aff., Ex. I at 15:16-18.)

- Mr. Alcantara conceded that he was paid minimum wage for all hours up to forty hours in a week.  (Walker Aff., Ex. J at 23:15-17.)

- Mr. Luna admitted that he received minimum wage, $5.15 per hour[13], for all hours up to forty in a week.  (Walker Aff., Ex. K at 53:6-18.)

**Concessions as to Overtime**

Plaintiffs continue to pursue their claims for overtime under federal and New York State Law despite the following:

---

[11] Nor is an amendment of this nature necessary since under the Federal Rules of Civil Procedure, the Complaint need only contain a short and plain statement of the claim, demonstrating that the plaintiff is entitled to relief.  See also Ross, 2001 WL 1006656, at *7.

[12] On July 24, 2008, the federal minimum wage rose to $6.55 per hour.

[13] New York State's minimum wage was $5.15 per hour at the time Mr. Luna left the employ of the Defendant Corporations in November 2004.

12

NY1 26521945.2

- Mr. Pena acknowledged that he receives more than minimum wage for his overtime hours; that the amount he receives per hour for overtime is more than he receives per hour for his regular hours; and that the amount received for overtime depends on how many hours he works each week. (Walker Aff., Ex. F at 28:19-24; 30:2-9; 31:16-32:14.)

- Mr. Rojas admitted that he was paid time and one half for overtime hours. (Walker Aff., Ex. G at 12:12-20, 14:2-9, 14:24-15:2, 24:18-25.)

- Mr. Diroche admitted that there is an additional rate of pay in his check which was greater than ten dollars per hour ($10.73) for his overtime hours. (Walker Aff., Ex. H at 18:2-20.)

- Mr. Santana testified that he received more than ten dollars an hour ($10.73) for each hour of overtime. (Walker Aff., Ex. I at 16:2-6, 30:5-22.)

- Mr. Alcantara conceded that he was paid time and one half for all hours after forty in a week. (Walker Aff., Ex. J at 33:7-10.)

- Mr. Luna acknowledged that he received minimum wage, $5.15 per hour, for all hours up to forty in a week and that he received overtime for hours in excess of forty in one week. (Walker Aff., Ex. K at 53:6-18, 56:15-18, 63:4-10.)

**Concessions as to Spread of Hours**

Likewise, under the guise of correcting the complaint to conform to the deposition testimony, Plaintiffs continue to pursue their spread of hours claims for the period of their employment even though they testified that they no longer work more than ten hours per day. Under the spread of hours regulation promulgated by the Commissioner of Labor, an employee is eligible for "one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required . . . for any day in which: (a) the spread of hours [i.e., the interval between the beginning and end of an employee's work day, including working and non-working time] **exceeds** 10 hours; or (b) there is a split shift; or (c) both situations occur." 12 N.Y.C.R.R. § 142-2.4 (emphasis added).

- Although the newest proposed pleading states that Mr. Pena is currently employed and works 60 hours per week, five days a week (Compl. ¶¶ 9-10), Mr. Pena testified that he has not been continuously employed by Defendants, having left their employ for six to nine months and then returning in 2007 (Walker Aff., Ex.

13

NY1 26521945.2

  F at 8:12-9:22) and that he currently works an eight hour shift, six days per week. (Walker Aff., Ex. F at 10:15-11:9, 16:22-17:9.)

- Although the newest proposed pleading states that Mr. Rolando Rojas worked 60 hours per week, five days a week (Compl. ¶ 17), Mr. Rojas testified that in October 2006, he began to work a ten hour shift and thereafter, he began to work an eight hour shift. (Walker Aff., Ex. G at 23:9-22.)

- Although the newest proposed pleading states that Mr. Diroche is currently employed by Defendant Corporations, and works 72 hours, six days per week (Compl. ¶¶ 23-24), Mr. Diroche actually testified that he is not currently employed, but rather resigned his employment on or about September 23, 2007 (Walker Aff., Ex. H at 6:22-7:4) and that in or around February 2007, his work week was reduced to 48 hours and he began to work five days per week consisting of four ten hour days and one eight hour day. (Walker Aff., Ex. H at 10:13-11:3, 34:18-35:9.)

- Although the newest proposed pleading states that Mr. Santana works 72 hours six days per week (Compl. ¶ 31), Mr. Santana actually testified that his current work schedule is forty eight hours a week. (Walker Aff., Ex. I at 15:19-22.)

  In addition to the testimony made by the deponents under oath which contradicts the proposed amended motion pleading, Plaintiffs' motion is also futile for the reasons expressed in Defendants' Motion for Partial Summary Judgment. Specifically, Plaintiffs' amendment to include the New York spread of hours and overtime claims for the newly named plaintiffs as well as the original plaintiffs is futile since the Commissioner of Labor exceeded his authority in enacting such wage orders. (See Defendants' Memorandum of Law in Support of their Motion for Partial Summary Judgment at 15-21.)

  Briefly, with respect to the New York overtime wage order, the law is clear that the New York Legislature has not created a right to mandatory overtime. See, e.g., Gagen v. Kipany Prods., Ltd., 18 Misc. 3d 1144A, 2004 N.Y. Misc. LEXIS 3143, at *3 (Sup. Ct. Nov. 26, 2004) ("The cardinal principles applicable to this case are that New York does not have a mandatory overtime law and that a plaintiff must have an enforceable contractual right for overtime wages

14

to prevail on a claim for wages under the Labor Law."), aff'd in part, 27 A.D.3d 1042, 812 N.Y.S.2d 689 (3d Dep't 2006).

As noted in Defendants' Motion for Partial Summary Judgment, because the New York Labor Law creates no mandatory overtime obligation, the Commissioner of Labor exceeded his authority in promulgating 12 N.Y.C.R.R. § 142-2.2, and Plaintiffs' claims for overtime under New York law are futile. Likewise, Plaintiffs' attempt to add claims for the opt-ins for spread of hours pay is equally untenable since the Commissioner of Labor exceeded his authority in creating this regulation which, in essence, raises New York's minimum wage without legislative action. The effect of the Commissioner's wage order is to raise the existing minimum wage for certain employees and not for others.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion to amend the Complaint and grant to Defendants such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 24, 2008

                                SEYFARTH SHAW LLP

                                By: s/ Peter A. Walker
                                    Peter A. Walker
                                    Lori M. Meyers
                                    620 Eighth Avenue
                                    New York, New York 10018
                                    (212) 218-5500

                              Attorneys for Defendants