# EXHIBIT A

SEP-19-2007 11:55 From:

09/18/2007 15.18 FAX          SEYFARTH SHAW          To:2122185526          P.3/7

                                                                              ☒003/007

MICHAEL A. FAILLACE, ESQ.
MICHAEL FAILLACE & ASSOCIATES, P.C.
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
Attorneys for Plaintiffs

PETER A. WALKER, ESQ. (PW-7984)
JACQUELYN O. WHITE, ESQ. (JW-4168)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
Attorneys for Defendants

# COURTESY COPY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: **10/1/07**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELO PENA, ROLANDO ROJAS, JOSE
DIROCHE, and FRANKLIN SANTANA,
individually and on behalf of others similarly
situated,

                Plaintiffs,

        v.

SP PAYROLL, INC., NICHOLAS PARKING,
CORP., IVY PARKING, CORP., BIENVENIDO,
LLC, CASTLE PARKING CORP., SAGE
PARKING CORP., and SAM PODOLAK,

                Defendants.

CIVIL ACTION NO.: 07-CV-7013 (RJH)

## JOINT DISCOVERY PLAN

    Plaintiffs Angelo Pena, Rolando Rojas, Jose Diroche and Franklin Santana (collectively, "Plaintiffs") and defendants SP Payroll, Inc., Nicholas Parking, Corp., Ivy Parking, Corp., Bienvenido, LLC, Castle Parking Corp., Sage Parking Corp., and Sam Podolak (collectively, "Defendants"), having conferred in accordance with Fed. R. Civ. P. 26, submit the Joint Discovery Plan set forth below.

1.    **Description of the Case**

NYI 26493196.2

09/18/2007 WED 12:03 [TX/RX NO 8827] ☒003

    a.    Attorneys of record for each party, including lead trial attorney.

Michael Faillace, Esq. (Lead Trial Attorney)    Peter A. Walker, Esq. (Lead Trial Attorney)
Michael Faillace & Associates, P.C.        Jacquelyn G. White, Esq.
110 East 59th Street, 32nd Floor         Seyfarth Shaw LLP
New York, New York 10022          620 Eighth Avenue
Phone: (212) 317-1200           New York, NY 10018
Fax: (212) 317-1620            Phone: (212) 218-5500
*Attorneys for Plaintiffs*          Fax: (212) 218-5526
                                        *Attorneys for Defendants*

    b.    Basis for federal jurisdiction.

    The parties agree that the Court has federal subject matter jurisdiction over Plaintiffs'
federal claims pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and 28
U.S.C. § 1331. As set forth below, the defendants reserve the right to assert that plaintiffs'
supplemental state class claims under Rule 23 of the FRCP are not properly before the Court.

    c.    Brief description of claims asserted in the complaint and any counterclaims.

    Plaintiffs, current and former parking lot attendants, claim that Defendants violated the
FLSA, 29 U.S.C. § 201 *et seq.* and the New York Labor Law by failing to pay them the
minimum wage and overtime compensation for hours worked in excess of forty hours per week.
Plaintiffs also claim that Defendants violated the spread of hours and overtime wage orders of
the New York Commissioner of Labor, 12 N.Y.C.R.R. §§ 142-2.2, 142-2.4. For all claims,
Plaintiffs purport to bring a collective or class action on behalf of themselves and others
similarly situated. In connection with the purported violations of the FLSA, Plaintiffs seek to
maintain an opt-in, representative action pursuant to Section 216(b) of the FLSA. With respect
to the state law claims, Plaintiffs seek to certify a class pursuant to Rule 23 of the Federal Rules
of Civil Procedure.

    Defendants deny Plaintiffs' allegations in their entirety, and aver that they acted in
accordance with any and all duties and obligations they had under the FLSA and New York law.

    d.    Major legal and factual issues in the case.

        i.    Whether Plaintiffs are similarly situated to or otherwise an adequate
representative for the persons whom they purport to represent such that they can establish the
requirements for a collective action under 29 U.S.C. § 216.

        ii.    Whether Plaintiffs can satisfy the prerequisites for maintaining a class
action under Fed. R. Civ. P. 23.

        iii.    Whether Defendants failed to pay Plaintiffs the minimum wage required
under the FLSA and/or New York state law.

NY1 26483196.2

2

        iv.     Whether Defendants failed to pay Plaintiffs overtime compensation in accordance with the FLSA and/or New York state law.

        v.     Whether the New York State legislature has provided for a private right of action for overtime claims under New York State law.

        vi.     Whether liquidated damages or penalties are permitted in a class action arising under New York State law.

        vii.     Whether both an opt-in collective action under Section 216(b) and an opt-out class action under Rule 23 of FRCP can be maintained in the same action.

        viii.     Whether Defendants failed to pay Plaintiffs spread of hours pay in accordance with New York state law.

        e.     Description of relief sought.

    Plaintiffs seek compensatory and liquidated damages for allegedly unpaid minimum and overtime wages under the FLSA and New York state law, as well as spread of hours pay under state law. Plaintiffs also seek prejudgment interest and expenses incurred in this action, including costs and attorneys' fees.

    Defendants seek dismissal of Plaintiffs' Complaint on the merits with prejudice in its entirety, and the award of costs and disbursements, including reasonable attorneys' fees incurred in this action.

2.    **Proposed Case Management Plan**

        a.     Pending Motions.    <u>None</u>.

        b.     Cutoff date for joinder of all additional parties.    See Section 2.d.iv. below.

        c.     Cutoff date for amendments to pleadings.    <u>October 31, 2007</u>.

        d.     Schedule for Completion of Discovery:

    The parties propose a two-phase discovery plan consisting of pre- and post-class certification/notification phases. Specifically, the parties propose approximately three (3) months of fact discovery prior to Plaintiffs' application for class certification and notice authorization, and approximately four (4) months of fact discovery with respect to any plaintiffs who "opt-in" to the FLSA 216(b) class, and on issues related to any Rule 23 class members. This discovery would include depositions of anyone who opts into the FLSA 216(b) class. A proposed discovery schedule is set forth below:

        i.     Last day to exchange Rule 26(a)(1) disclosures: <u>October 12, 2007</u>.

NY1 26483196.1

3

SEP-19-2007 11:56 From:                                    To:2122185526          P.6/7
   09/18/2007 15:19 FAX              SEYFARTH SHAW                             ☒006/007

     ii.    Phase I fact discovery cutoff and motions for class certification and notice to any putative class under 29 U.S.C. § 216(b) and/or under Fed. R. Civ. P. 23 to be filed and served on or before December 17, 2007.

     iii.    Defendants' opposition to Plaintiffs' motion for class certification and notice to any class under 29 U.S.C, 216(b) and/or under Fed. R. Civ. P. 23 to be filed and served on or before January 15, 2008.

     iv.    Close opt-in class under 29 U.S.C. § 216(b) thirty (30) days after notices sent;

     v.    Phase II fact discovery cutoff, designation of Plaintiffs' experts and service of any expert reports on or before April 4, 2008;

     vi.    Defendants to make any Rule 26(a)(2) disclosures and serve any expert report(s) on or before April 30, 2008;

     vii.    All expert discovery to be completed on or before May 10, 2008;

    e.    Date for filing of dispositive motions.

     i.    Dispositive motions to be served on or before May 15, 2008.

     ii.    Opposition papers to dispositive motions to be served on or before June 6, 2008.

     iii.    Reply papers to opposition to dispositive motions to be served on or before June 16, 2008.

    f.    Date for filing of final pretrial order, June 30, 2008.

    g.    Trial schedule

     i.    Plaintiffs demand a trial by jury, and Defendants do not dispute that this matter should be tried by one.

     ii.    It is premature for the parties to anticipate the probable length of trial without a determination of the number of plaintiffs included in this action.

     iii.    Date when case will be ready for trial. July 18, 2008.

**3.**    **Consent to Proceed Before a Magistrate Judge**

    The parties do not consent to this case proceeding before a Magistrate Judge.

**4.**    **Status of Settlement Discussions**

    The parties have not engaged in settlement discussions, but are willing to utilize the Court's mediation program.

4

NY1 26483196.2

SEP-19-2007 11:56 From:                                    To:2122165526          P.7/7
   08/18/2007 15:19 FAX           SEYFARTH SHAW                                  @007/007

Dated; New York, New York
September 18, 2007

Respectfully submitted,

MICHAEL FAILLACE & ASSOCIATES, P.C.          SEYFARTH SHAW LLP

By: _____                  By: _____
   Michael A. Faillace (MF-8436)                Peter A. Walker (PW-7984)
110 East 59th Street, 32nd Floor                Jacquelyn G. White (JW-4168)
New York, New York 10022                     620 Eighth Avenue
(212) 317-1200                               New York, New York 10018
                                             (212) 218-5500 / Fax (212) 218-5526
Attorneys for Plaintiffs
                                             Attorneys for Defendant

*A status conference will be held on April 11th 2008 at 10:00 AM*

SO ORDERED:

_____
The Honorable Richard J. Holwell
United States District Judge

Dated; New York, New York
       September 1 8 2007

NYI 26483196.2

09/19/2007 WED 12:03 [TX/RX NO 9827] @007

# EXHIBIT B

SEYFARTH
ATTORNEYS SHAW LLP



620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5570

Writer's e-mail
pwalker@seyfarth.com



April 23, 2008

**VIA HAND DELIVERY**

The Honorable Richard J. Holwell
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    Pena, et al. v. SP Payroll et al., Civil Action No. 07-CV-7013(RJH)

Dear Judge Holwell:

This firm is counsel to all of the defendants in the above-referenced action. On Friday, April 18, 2008, counsel for the plaintiffs, Michael A. Faillace, Esq., and I attended a conference before Your Honor to discuss a modified scheduling order for the further processing of this action. At the conclusion of the conference, Your Honor requested that I submit a letter to you, with a copy to Mr. Faillace, so that Your Honor could "so order" the following schedule for this case:

-- All fact discovery will close on May 16, 2008. Neither party intends to retain an expert and thus there shall be no expert discovery.

-- Any motion for summary judgment shall be served and filed no later than June 13, 2008.

-- Answering papers to any motion for summary judgment shall be served and filed no later than July 11, 2008.

-- Any reply papers to any motion for summary judgment shall be served and filed no later than July 18, 2008.

-- The parties' pretrial order, pretrial memorandum of law and motions in limine shall be served and filed no later than October 3, 2008.

-- The parties shall served each other and submit their exhibits in black binders to the Court no later than October 3, 2008.

NY1 26511295 1



The Honorable Richard J. Holwell
April 23, 2008
Page 2

--      Any response to a motion in limine shall be served and filed no later than October 10, 2008.

--      Since the parties have agreed to a bench trial, proposed findings of fact and conclusions of law shall be served and filed no later than October 17, 2008.

--      The trial of the action will commence on November 10, 2008.

*a final pre trial conference shall be held on 10/31/08 at 2:30*

Respectfully submitted,

SEYFARTH SHAW LLP

Peter A. Walker (PW-7984)

PAW:lmd

cc:     Michael A. Faillace, Esq. (MF-8436) (By Hand)

SO ORDERED:

Honorable Richard J. Holwell
United States District Judge

Dated: *4/28/08*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

110 East 59th Street, 32nd Floor
New York, New York 10022

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 16, 2008



**VIA FACSIMILE / (212)-805-7948**

Hon. Richard J. Holwell
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1950
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/20/08

Re:    Pena et al. v. SP Payroll, Inc., et al.
       Index No. 1:07-cv-07013-RJH

Dear Judge Holwell:

We write out of an abundance of caution to inform the Court that due to scheduling issues with respect to conducting the depositions of certain Defendant witnesses, we will need to conduct discovery beyond the current deadline for the close of discovery. The end of fact discovery is set for today, May 16, 2008 under the Court's April 30, 2008 Order.

While the parties have agreed amongst themselves that such an extension is necessary, under Rule 1 F of the Court's individual rules, we respectfully request that the Court grant us the courtesy of further extending the discovery schedule.

Plaintiffs still need to conduct depositions of defendant witnesses, and further ascertain if any limited additional discovery is needed as a result of information learned in those depositions. We expect to finish conducting the depositions, absent any other scheduling difficulties, within the next three weeks, as the defendant witnesses are not available before then.

Required Statements Under the Court's Individual Rule 1F

- Today is the date for the close of discovery under the 4/30/08 Scheduling Order.

- There was one previous request for an extension of discovery in this matter, (prompting the 4/30/08 Order).

*Certified as a minority-owned business in the State of New York*

May 16, 2008
Page 2

- This previous request was granted.

- Our adversary has agreed to the request. Plaintiffs submit that the parties are fully cooperating with each other with respect to finishing discovery, and this is simply a scheduling issue.

We thank the Court for its attention to this matter.

Very truly yours,

Michael Faillace

cc:     Peter Arnold Walker (via Facsimile / (212) 218-5526)
        Seyfarth Shaw, L.L.P.
        620 8th Avenue
        New York, NY 10018
        (212) 218-5570
        Email: pwalker@seyfarth.com

*all pre-trial scheduling date extended by 30 days. No further extensions absent extraordinary circumstances*

*So ORDERED*

*USDJ*
*5/16/08*

# EXHIBIT C

# SEYFARTH
### ATTORNEYS SHAW LLP

620 Eighth Avenue

New York, New York 10018-1405

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone

Writer's e-mail

February 13, 2008

**VIA FACSIMILE (212) 317-1620**
**AND U.S. MAIL**

Michael A. Faillace, Esq.
Michael A. Faillace & Associates, P.C.
110 East 59th Street
32nd Floor
New York, NY 10022

      Re:    <u>Pena et al v. SP Payroll, Inc. et al, 07-CV-7013 (S.D.N.Y.)</u>

Dear Mr. Faillace:

      Yesterday, you and I spoke regarding the spreadsheet calculation of the alleged back pay and damages which you prepared in the above-referenced matter and forwarded to me on January 25, 2008.

      During our discussion, you advised that you arrived at the back pay figure of $274,419.78 (exclusive of attorneys fees and costs of approximately $33,900.00) not based on any documents, but rather, predicated on the recollections of the six individuals who have thus far been deposed in this matter. However, I, too, have reviewed the deposition testimony of these six individuals and can find no basis upon which to support your figures.

      You also claimed that the compensation purportedly due your clients for the lunch hours through which they claim to have worked, but were not paid, comprises seventy-five percent (75%) of the total amount which you believe Defendants owe to plaintiffs. While we dispute that your clients were not paid for lunch, even utilizing your figures, the amount allegedly claimed for lunch hours -- $67,409.27 -- is not seventy-five percent (75%) of the total damages you are claiming, either inclusive or exclusive of the penalty amounts you have identified.

      I also note that your spreadsheet lists Edison Alvarez in two different sections of the spreadsheet and it appears that he is the only plaintiff for whom you are seeking certain overtime compensation. This is fallacious. As you know, Mr. Alvarez, in his own handwriting, certified that he had been fully compensated for all overtime hours, during the period for which you are seeking overtime on his behalf.

BRUSSELS    WASHINGTON, D.C.    SAN FRANCISCO    SACRAMENTO    NEW YORK    LOS ANGELES    HOUSTON    CHICAGO    BOSTON    ATLANTA



In addition, the spreadsheet which you provided contains calculations for liquidated damages as well as pre-judgment interest.  While we do not believe your clients would be entitled to either damages penalty, it is well settled that a plaintiff cannot collect both liquidated damages and pre-judgment interest.  Likewise, your spreadsheet seeks liquidated damages for spread of hours pay violations.  As you well know, it is settled under New York law that a class action cannot be maintained where the statute under which the claim is brought imposes a penalty and no such penalty can be recovered.

In reviewing your damages spreadsheet, I note that you have included Patricio Gonzales as one of the plaintiffs and you claim that Mr. Gonzales is owed $34,005.69 in damages.  Your spreadsheet is the first time that Mr. Gonzales' name has been raised during this litigation and I note that, according to the Court's docket, he has not filed a consent to join this action.  Thus, any alleged claim by Mr. Gonzales is not before the Court.

Finally, during our discussion, you also represented that you and your clients have no interest in continuing to mediate this matter.  If that is so, you, out of courtesy, should advise mediator John Cannon of your decision.

Finally, you further represented that you will not be filing a motion for Rule 23 class certification for your New York Labor Law claims since the original named plaintiffs have no interest in representing other employees or former employees of the Defendants.

Very truly yours,

SEYFARTH SHAW LLP

Peter A. Walker

cc:    Lori M. Meyers

NY1 26502179.1

# EXHIBIT D

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

110 East 59th Street, 32nd Floor
New York, New York 10022

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 10, 2008

**VIA FIRST CLASS MAIL**

Peter Arnold Walker
Seyfarth Shaw LLP
620 8th Avenue
New York, NY 10018

> Re:    Pena et al. v. SP Payroll, Inc., et al.
> Index No. 1:07-cv-07013-RJH

Dear Mr. Walker:

Enclosed are Plaintiffs' [Proposed] First Amended Complaint, and a draft Stipulation and [Proposed] Order for your review.  We would prefer to jointly submit the amendment by stipulation rather than applying directly to the Court.  Please review both and then contact me to advise me as to whether the proposed First Amended Complaint and stipulation are acceptable to Defendants.

Very truly yours,

Michael Faillace

Enclosures.

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace, Esq. [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
ANGELO PENA, ROLANDO ROJAS, JOSE
DIROCHE, FRANKLIN SANTANA,
CHRISTAIN SANTOS, LUIS RAMON
LUNA, MIGUEL ALCANTARA, MIGUEL
GARCIA, MIGUEL ROJAS, PATRICIO
GONZALEZ, VICTOR GONZALEZ, JOSE
DE ARCE REYES, and EDISON ALVAREZ,

                              *Plaintiffs,*

              -against-

SP PAYROLL, INC., NICHOLAS PARKING,
CORP., IVY PARKING, CORP.,
BIENVENIDO, LLC, CASTLE PARKING
CORP., SAGE PARKING CORP., and SAM
PODOLAK,

                              *Defendants.*
------------------------------------------------------X

**07 CV 7013**

**[PROPOSED] FIRST**
**AMENDED COMPLAINT**

**ECF Case**

        Plaintiffs Angelo Pena, Rolando Rojas, Jose Diroche, Franklin Santana, Christian Santos,

Luis Ramon Luna, Miguel Alcantara, Miguel Garcia, Miguel Rojas, Patricio Gonzalez, Victor

Gonzalez, Jose De Acre Reyes, and Edison Alvarez, individually, by and through their attorneys,

Michael Faillace & Associates, P.C., allege upon information and belief of the Defendants, as

follows:

## NATURE OF ACTION

1.     Plaintiffs are current and former parking lot attendants of SP Payroll, Inc.,

Nicholas Parking, Corp., Ivy Parking, Corp., Bienvenido, LLC, Castle Parking Corp., and Sage

Parking Corp. (collectively referred to as "Defendant Corporations"), and Sam Podolak

("Defendant Podolak"), who owns and operates Defendant Corporations.

2.     Defendant Corporations, by and through their owner, operate a chain of parking

lots in New York City.

3.     Defendant Corporations are owned and operated by individual Defendant Sam

Podolak.

4.     At all times relevant to this complaint, Defendants have maintained a policy and

practice of requiring their parking lot attendants to work in excess of forty (40) hours per week

without providing them the minimum wage and overtime compensation required by federal and

state law and regulations.

5.     Plaintiffs now bring this action on behalf of themselves for unpaid minimum

wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §

201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") § 650 *et seq.*, and the spread of hours

and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order"

and "overtime wage order" respectively codified at 12 N.Y.C.R.R. § 142-2.2, 2.4.).

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA)

and 28 U.S.C. § 1331 (interstate commerce).  Supplemental jurisdiction over Plaintiffs' state law

claims is conferred by 28 U.S.C. § 1367(a).

7.    Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district.  Defendant Corporations reside in this district and Plaintiffs were employed by Defendants in this district.

**THE PARTIES**

*Plaintiffs*

8.    Angelo Pena ("Plaintiff Pena") is an adult individual residing in New York County, New York.   Plaintiff Pena has been employed by Defendants from approximately October 2003 through the present.  Plaintiff Pena regularly works 60 hours a week (7 a.m. to 7 p.m., five days a week).  Plaintiff Pena received payment in the form of a check for only 40 hours.  In addition to his weekly wages paid by check, Plaintiff Pena was given approximately $10 to $20 per week in cash.  Plaintiff Pena has worked at the following locations: 199 Street and Western Avenue, Bronx, NY; 404 W. 155th Street, New York, NY; W. 145th Street, New York, NY; and 1295 Jerome Street, New York, NY 10452.

9.    Rolando Rojas ("Plaintiff Rojas") is an adult individual residing in New York County, New York.   Plaintiff Rojas was employed by Defendants from approximately May 2003 through January 20, 2007.  Plaintiff Rojas regularly worked 60 hours a week (7 p.m. to 7 a.m., five days a week).  Plaintiff Rojas received payment in the form of a check for only 40 hours.   In addition to his weekly wages paid by check, Plaintiff Rojas was given approximately $15 to $20 per week in cash.  Plaintiff Rojas has worked at the following locations: 404 W. 155th Street, New York, NY; and 199th Street and Webster Avenue, Bronx, NY.

10.    Jose Diroche ("Plaintiff Diroche") is an adult individual residing in Bronx County, New York.   Plaintiff Diroche has been employed by Defendants from approximately

- 3 -

February 2001 through the present. Plaintiff Diroche regularly works 72 hours per week (7 p.m. to 7 a.m., six days a week). Plaintiff Diroche received payment in the form of a check for only 40 hours. In addition to his weekly wages paid by check, Plaintiff Diroche was given approximately $15 to $20 per week in cash. Plaintiff Diroche has worked at the following locations: 1295 Jerome Avenue, New York, NY 10452; 1277 Jerome Avenue, New York, NY 10452; 199 Street & Western Avenue, Bronx, NY; 404 W. 155th Street, New York, NY.

11.    Franklin Santana ("Plaintiff Santana") is an adult individual residing in Bronx County, New York. Plaintiff Santana has been employed by Defendants from approximately 2003 through the present. Plaintiff Santana regularly worked 72 hours per week (7 p.m. to 7 a.m., six days per week). Plaintiff Santana received payment in the form of a check for only 40 hours. In addition to his weekly wages paid by check, Plaintiff Santana was given approximately $15 to $30 per week in cash. Plaintiff Santana worked at the 1277 Jerome Avenue, Bronx, NY 10452 location.

12.    Christian Santos ("Plaintiff Santos") is an adult individual residing in New York County, New York. Plaintiff Santos has been employed by Defendants from December 4, 2005 through approximately November 2006. Plaintiff Santos regularly worked 72 hours per week (7 p.m. to 7 a.m., six days per week). Plaintiff Santos was paid his weekly wages by check in the sum of approximately $260.00 per week. Plaintiff Santos worked at the following locations: 144th Street and Bryan Avenue, New York, NY; 404 W. 155th Street, New York, NY; and 1277 Jerome Avenue, Bronx, NY 10452.

13.    Luis Ramon Luna ("Plaintiff Luna") is an adult individual residing in Bronx County, New York. Plaintiff Luna has been employed by Defendants from approximately March 26, 2002 through November 2004. Plaintiff Luna regularly worked 72 hours per week

- 4 -

(6:00 p.m. to 6:00 a.m., six days per week). Plaintiff Luna was paid his weekly wages by check in the sum of approximately $385.00 per week. In addition to his weekly wages paid by check, Plaintiff Luna was given approximately $15 to $40 per week in cash. Plaintiff Luna worked at the following locations: 187th Street and Valentine Avenue, Bronx, NY; and 169th Street, New York, NY.

14.    Miguel Alcantara ("Plaintiff Alcantara") is an adult individual residing in Bronx County, New York. Plaintiff Alcantara has been employed by Defendants from May 1, 2003 through approximately October 2006. Plaintiff Alcantara regularly worked 60 hours per week (7 p.m. to 7 a.m., five days per week). Plaintiff Alcantara received payment in the form of a check for only 40 hours. In addition to his weekly wages paid by check, Plaintiff Alcantara was given $30 to $40 per week in cash. Plaintiff Alcantara worked at the following locations: W. 145th Street, New York, NY, W. 155th Street, New York, NY, 169th Street and Jerome Avenue, Bronx, NY, and 199th Street and Webster Avenue, Bronx, NY.

15.    Miguel Garcia ("Plaintiff Garcia") is an adult individual residing in Bronx County, New York.   Plaintiff Garcia has been employed by Defendants from May 1, 2003 through approximately September 2005. Plaintiff Garcia regularly worked 60 hours per week (7 p.m. to 7 a.m., five days per week). Plaintiff Garcia received payment in the form of a check for only 40 hours. In addition to his weekly wages paid by check, Plaintiff Garcia was given approximately $10 to $15 per week in cash. Plaintiff Garcia worked at the W. 145th Street, New York, NY location.

16.    Miguel Rojas ("Plaintiff Miguel Rojas") is an adult individual residing in New York County, New York.   Plaintiff Miguel Rojas has been employed by Defendants from approximately April 2003 through November 2006. Plaintiff Miguel Rojas regularly worked 72

hours per week (6 p.m. to 6 a.m., six days per week). Plaintiff Miguel Rojas received payment in the form of a check for only 40 hours. Plaintiff Miguel Rojas worked at the following locations: 404 W. 155th Street, New York, NY; 187 Street and Valentine Avenue, Bronx, NY; and 1277 Jerome Avenue, Bronx, NY.

17.    Patricio Gonzalez ("Plaintiff Patricio Gonzalez") is an adult individual residing in Queens County, New York.    Plaintiff Patricio Gonzalez has been employed by Defendants from approximately March 2001 through the present date. Plaintiff Patricio Gonzalez regularly worked 40 to 50 hours per week. Plaintiff Patricio Gonzalez received payment in the form of a check for only 40 hours. In addition to his weekly wages paid by check, Plaintiff Patricio Gonzalez was given approximately $35 to $40 per week in cash. Plaintiff Patricio Gonzalez worked at the following locations:  2046 Webster Avenue, Bronx, NY; and 1295 Jerome Avenue, Bronx, NY.

18.    Victor Gonzalez ("Plaintiff Victor Gonzalez") is an adult individual residing in New York County, New York.    Plaintiff Victor Gonzalez has been employed by Defendants from June 12, 2005 until February 4, 2006. Plaintiff Victor Gonzalez regularly worked between 72 and 84 hours per week (7 p.m. to 7 a.m., six to seven days per week). Plaintiff Victor Gonzalez received payment in the form of a check for only 40 hours. In addition to his weekly wages paid by check, Plaintiff Victor Gonzalez was given approximately $10 to $15 per week in cash. Plaintiff Victor Gonzalez worked at the following locations: 199 Street and Western Avenue, Bronx, NY; 404 W. 155th Street, New York, NY; W. 145th Street, New York, NY; 144th Street and Bryan Avenue, New York, NY; 1277 Jerome Avenue, Bronx, NY; and 1295 Jerome Street, Bronx, New York, NY.

19.     Jose De Arce Reyes ("Plaintiff Reyes") is an adult individual residing in New York County, New York.   Plaintiff Reyes had been employed by Defendants for approximately three months in 2002, and nine months in 2004.  Plaintiff Reyes regularly worked between 40 and 60 hours per week (five days per week).  Plaintiff Reyes received payment in the form of a check for only 40 hours.  In addition to his weekly wages paid by check, Plaintiff Reyes was given approximately $15 to $20 per week in cash.  Plaintiff Reyes worked at the following locations: 199 Street and Western Avenue, Bronx, NY; and 187 Street and Valentine Avenue, Bronx, NY.

20.     Edison Alvarez ("Plaintiff Alvarez") is an adult individual residing in Queens County, New York.   Plaintiff Alvarez had been employed by Defendants from approximately June 2001 through January 28, 2006.  Plaintiff Alvarez regularly worked 72 hours per week (six days per week).  Plaintiff Alvarez received payment in the form of a check for only 40 hours.  In addition to his weekly wages paid by check, Plaintiff Alvarez was given approximately $180 to $200 per week in cash.  Plaintiff Alvarez worked at the following locations: 15th Street (between 2nd and 3rd Avenues), New York, NY; 303 East 6th Avenue, New York, NY; 1277 Jerome Avenue, Bronx, NY; 1832 2nd Avenue, New York, NY; and 311 East 11th Street, New York, NY

*Defendants*

21.     Defendant SP Payroll Inc. is a corporation organized and existing under the laws of the State of New York.  Community Parking Inc., operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

22.     Defendant Nicholas Parking Corp. is a corporation organized and existing under the laws of the State of New York.  Nicholas Parking Corp. operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

- 7 -

23.    Defendant Ivy Parking, Corp. is a corporation organized and existing under the laws of the State of New York.  Ivy Parking, Corp. operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

24.    Defendant Bienvenido, LLC is a corporation organized and existing under the laws of the State of New York.  Bienvenido LLC operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

25.    Defendant Castle Parking Corp. is a corporation organized and existing under the laws of the State of New York.  Castle Parking Corp. operates parking lots and maintains its corporate headquarters at 9 E. 40th Street, New York, NY 10016.

26.    Defendant Sage Parking Corp. is a corporation organized and existing under the laws of the State of New York. Sage Parking Corp. operates a parking lot and maintains its corporate headquarters at 9 E. 40th Street, New York, NY 10016.

27.    Defendant Sam Podolak is an individual engaged in business in the City and County of New York.  Defendant Podolak, who is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations, possesses operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, controls significant functions of Defendant Corporations, determines the wages of the parking lot attendants, and makes hiring decisions.

## STATEMENT OF FACTS

### *Defendant Corporations Constitute Joint Employers*

28.    SP Payroll, Inc., Nicholas Parking, Corp., Ivy Parking, Corp., Bienvenido, LLC, Castle Parking Corp., and Sage Parking Corp. are shell corporations controlled by the same owner, or owner group, operating as a unified operation.

- 8 -

29.     Defendant Corporations are associated and joint employers, utilizing Plaintiffs in a fungible and interchangeable manner as parking lot attendants between the parking lots operated by the Defendant Corporations.

30.     Defendant Corporations share the same employees among them, act in the interest of each other with respect to employees, pay their employees by the same method and in the same amount, share control over the employees, and are themselves under common control.

31.     Upon information and belief, Defendant Podolak is the owner and/or executive director of the Defendant Corporations.

32.     At all relevant times, Defendant Podolak employed and/or jointly employed the Plaintiffs.

33.     The gross annual volume of sales made or business done by Defendant Corporations, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.     At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*Defendants' General Compensation and Employment Practices*

35.     At all times relevant to this action, Plaintiffs worked as attendants in parking lots owned and/or operated by Defendants.  As such, Plaintiffs' work was involved with or related to the movement of goods for interstate commerce.

36.    Defendants regularly require Plaintiffs to work in excess of forty (40) hours per week and more than ten (10) hours a day without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

37.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain proper and complete timesheets or payroll records.

38.    Defendants paid Plaintiffs with a combination of check and cash, without providing an accurate indication as to their rate of pay, daily hours worked, or total hours worked each week for the full amount of weekly hours.  Although Plaintiffs regularly worked 60 to 72 hours per week, their pay checks routinely only reflected 40 hours per week.  Defendants also regularly paid an additional cash amount to the Plaintiffs.  However, the cash payments never accurately reflected the hours above the 40 that were paid by check.  As such, Plaintiffs were not properly paid for their overtime hours.

39.    Plaintiffs could not leave the parking lot unattended and as a result, were required to work their entire 12-hour shift without receiving a meal break.

40.    Defendants denied Plaintiffs time off for meals and breaks in violation of New York State Labor Law § 162.2.  Plaintiffs received neither a thirty-minute break for lunch, nor an additional 20 minute break between 5 P.M. and 7 P.M. for those employed on a shift starting before 11 A.M. and continuing after 7 P.M.

41.    At no time during the course of this action did Plaintiffs ever observe on Defendants' premises any posted notice regarding employees' rights under the Fair Labor Standards Act, New York State Labor Law and Regulations or the procedures for filing a charge for violations of these state and federal labor laws.

## FIRST CAUSE OF ACTION
### Minimum Wage Act Under the FLSA

42.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

43.    At all times relevant to this action, Plaintiffs were engaged in interstate commerce in an industry or activity affecting commerce.

44.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

45.    Defendant Corporations constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)-(s).

46.    Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. §§ 206(a) and 255(a).

47.    Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Overtime Wage Order Under the FLSA

1.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

2.    Defendants willfully failed to pay Plaintiffs pursuant to the overtime wage order at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of 29 U.S.C. §§ 207(a)(1) and 255(a).

3.    Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Minimum Wage Act Under the NYLL

48.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

49.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

50.     Defendants knowingly paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

51.     Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

52.     Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**Overtime Wage Order Under the NYSLL**

53.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

54.     Defendants willfully failed to pay Plaintiffs overtime at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of NYLL § 190 *et seq.* and regulations of the New York State Department of Labor.

55.     Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

56.     Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
**Spread of Hours Wage Order**

57.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

58.     Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage rate for each day Plaintiffs worked more than ten hours in violation of the Spread of Hours Wage Order.

59.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs in excess of ten hours was willful within the meaning of NYLL § 663.

60.     Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)     Declaring that Defendants have violated the minimum wage orders of the FLSA and NYLL as to Plaintiffs;

(b)     Declaring that Defendants have violated the overtime wage orders of the FLSA and NYLL as to Plaintiffs;

(c)     Declaring that Defendants' violation of the FLSA and NYLL were willful as to Plaintiffs;

(d)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor;

(e)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL;

(f)     Awarding Plaintiffs liquidated damages of 100% of their damages due under the FLSA's minimum and overtime wage orders, pursuant to 29 U.S.C. § 216(b);

(g)     Awarding Plaintiffs liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

(h)     Awarding Plaintiffs prejudgment interest;

(i)      Awarding Plaintiffs the expenses incurred in this action, including costs and attorney's fees; and

(j)      Awarding Plaintiffs all such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June ____, 2008

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
      Michael A. Faillace, Esq. [MF-8436]
      110 East 59th Street, 32nd Floor
      New York, New York 10022
      (212) 317-1200
      *Attorneys for Plaintiffs*

- 14 -

# EXHIBIT E

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace, Esq. [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

ANGELO PENA, ROLANDO ROJAS, JOSE
DIROCHE, and FRANKLIN SANTANA,
*individually and on behalf of others simiarly*
*situated*,

|                                               |                     |
|-----------------------------------------------|---------------------|
| *Plaintiffs*,                                 | **07 CV 7013**      |
| -against-                                     | **COMPLAINT**       |
| SP PAYROLL, INC., NICHOLAS PARKING, CORP., IVY PARKING, CORP., BIENVENIDO, LLC, CASTLE PARKING CORP., SAGE PARKING CORP., and SAM PODOLAK, | **ECF Case** |
| *Defendants.*                                 |                     |

--------------------------------------------------------X

Plaintiffs Angelo Pena, Rolando Rojas, Jose Diroche, and Franklin Santana, individually

and on behalf of others similarly situated, by and through their attorneys, Michael Faillace &

Associates, P.C., allege upon information and belief of the Defendants, as follows:

**NATURE OF ACTION**

1.    Plaintiffs are current and former parking lot attendants of SP Payroll, Inc.,

Nicholas Parking, Corp., Ivy Parking, Corp., Bienvenido, LLC, Castle Parking Corp., and Sage

Parking Corp. (collectively referred to as "Defendant Corporations"), and Sam Podolak

("Defendant Podolak"), who owns and operates Defendant Corporations.

2.    Defendant Corporations, by and through their owner, operate a chain of parking lots in New York City.

3.    Defendant Corporations are owned and operated by individual Defendant Sam Podolak.

4.    At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring their parking lot attendants to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

5.    Plaintiffs now bring this action on behalf of themselves and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") § 650 *et seq.*, and the spread of hours and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. § 142-2.2, 2.4.).

6.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

7.    Plaintiffs seek further certification on behalf of themselves and a class of other similarly situated current, former, and future individuals who worked for Defendants in the state of New York, pursuant to Fed. R. Civ. Proc. 23.

PDF Creator - PDF4Free v2.0                 http://www.pdf4free.com

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (interstate commerce).  Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

9.      Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district.  Defendant Corporations reside in this district and Plaintiffs were employed by Defendants in this district.

**THE PARTIES**

*Plaintiffs*

10.      Angelo Pena ("Plaintiff Pena") is an adult individual residing in New York County, New York.   Plaintiff Pena has been employed by Defendants from approximately October 2003 through the present.  Plaintiff Pena regularly works 60 hours a week (7 p.m. to 7 a.m., five days a week).  At all times relevant, Plaintiff Pena was paid the minimum hourly wage mandated by federal law.  In addition to his weekly wages paid by check, Plaintiff Rojas was given approximately $20 to $70 a week in cash.  Plaintiff Pena has worked at the following locations: 199 Street and Western Avenue, Bronx, NY; 404 W. 155th Street, New York, NY; 145th W. Street, New York, NY; and 1295 Jerome Street, New York, NY 10452 .

11.      Rolando Rojas ("Plaintiff Rojas") is an adult individual residing in New York County, New York.   Plaintiff Rojas was employed by Defendants from approximately May 2003 through January 20, 2007.  Plaintiff Rojas regularly worked 60 hours a week (7 a.m. to 7 p.m., five days a week).  In approximately October 2006, Plaintiff Rojas' schedule was reduced to 48 hours a week, 4 p.m. to 12 a.m., six days a week.  At all times relevant, Plaintiff Rojas was

- 3 -

paid the minimum hourly wage mandated by federal law.  In addition to his weekly wages paid by check, Plaintiff Rojas was given approximately $20 to $70 a week in cash.  Plaintiff Rojas has worked at the 404 W. 55th Street, New York, NY location.

12.    Jose Diroche ("Plaintiff Diroche") is an adult individual residing in Bronx County, New York.   Plaintiff Diroche has been employed by Defendants from approximately February 2001 through the present.  Plaintiff Diroche regularly works 72 hours per week (6 p.m. to 6 a.m., six days a week).  At all times relevant, Plaintiff Diroche was paid the minimum hourly wage mandated by federal law.  In addition to his weekly wages paid by check, Plaintiff Diroche was given approximately $20 to $70 a week in cash.  Plaintiff Diroche has worked at the following locations:  1295 Jerome Avenue, New York, NY 10452; 1277 Jerome Avenue, New York, NY 10452; 199 Street & Western Avenue, Bronx, NY; 404 W. 55th Street, New York, NY.

13.    Franklin Santana, ("Plaintiff Santana") is an adult individual residing in Bronx County, New York.   Plaintiff Santana has been employed by Defendants from approximately 2003 through the present.  Plaintiff Santana regularly worked 72 hours per week (7 p.m. to 7 a.m., six days per week). At all times relevant, Plaintiff Santana was paid the minimum hourly wage mandated by federal law.  In addition to his weekly wages paid by check, Plaintiff Santana was given approximately $20 to $70 a week in cash.  Plaintiff Santana worked at the 1277 Jerome Avenue, Bronx, NY 10452 location.

*Defendants*

14.    Defendant SP Payroll Inc. is a corporation organized and existing under the laws of the State of New York.  Community Parking Inc., operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

- 4 -

15.    Defendant Nicholas Parking Corp. is a corporation organized and existing under the laws of the State of New York.  Nicholas Parking Corp. operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

16.    Defendant Ivy Parking, Corp. is a corporation organized and existing under the laws of the State of New York.  Ivy Parking, Corp. operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

17.    Defendant Bienvenido, LLC is a corporation organized and existing under the laws of the State of New York.  Bienvenido LLC operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

18.    Defendant Castle Parking Corp. is a corporation organized and existing under the laws of the State of New York.  Castle Parking Corp. operates parking lots and maintains its corporate headquarters at 9 E. 40th Street, New York, NY 10016.

19.    Defendant Sage Parking Corp. is a corporation organized and existing under the laws of the State of New York. Sage Parking Corp. operates a parking lot and maintains its corporate headquarters at 9 E. 40th Street, New York, NY 10016.

20.    Defendant Sam Podolak is an individual engaged in business in the City and County of New York.  Defendant Podolak, who is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations, possesses operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, controls significant functions of Defendant Corporations, determines the wages of the parking lot attendants, and makes hiring decisions.

PDF Creator - PDF4Free v2.0          http://www.pdf4free.com

**STATEMENT OF FACTS**

*Defendant Corporations Constitute Joint Employers*

21.    SP Payroll, Inc., Nicholas Parking, Corp., Ivy Parking, Corp., Bienvenido, LLC, Castle Parking Corp., and Sage Parking Corp. are shell corporations controlled by the same owner, or owner group, operating as a unified operation.

22.    Defendant Corporations are associated and joint employers, utilizing Plaintiffs in a fungible and interchangeable manner as parking lot attendants between the parking lots operated by the Defendant Corporations.

23.    Defendant Corporations share the same employees among them, act in the interest of each other with respect to employees, pay their employees by the same method and in the same amount, share control over the employees, and are themselves under common control.

24.    Upon information and belief, Defendant Podolak is the owners and/or executive directors of the Defendant Corporations.

25.    At all relevant times, Defendant Podolak employed and/or jointly employed the Plaintiffs.

26.    The gross annual volume of sales made or business done by Defendant Corporations, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

27.    At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com

*Defendants' General Compensation and Employment Practices*

28.    At all times relevant to this action, Plaintiffs worked as attendants in parking lots owned and/or operated by Defendants.  As such, Plaintiffs' work was involved with or related to the movement of goods for interstate commerce.

29.    Defendants regularly require Plaintiffs to work in excess of forty (40) hours per week and more than ten (10) hours a day without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

30.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain proper and complete timesheets or payroll records.

31.    Defendants paid Plaintiffs with a combination of check and cash, without providing an accurate indication as to their rate of pay, daily hours worked, or total hours worked each week for the full amount of weekly hours.  Although Plaintiffs regularly worked 60 to 72 hours per week, their pay checks only reflected an average of 55 hours per week.  Defendants regularly paid the remainder of Plaintiffs' hours in cash without reporting the time or wages on the Plaintiffs' original pay checks.  As such, Plaintiffs were not properly paid for their overtime hours.

32.    Plaintiffs could not leave the parking lot unattended and as a result, were required to work their entire 12-hour shift without receiving a meal break.  Instead, Plaintiffs had to sneak off the parking lot to buy food and eat it as they ran back to work.

33.    Defendants denied Plaintiffs time off for meals and breaks in violation of New York State Labor Law § 162.2.  Plaintiffs received neither a thirty-minute break for lunch, nor an

PDF Creator - PDF4Free v2.0                http://www.pdf4free.com

additional 20 minute break between 5 P.M. and 7 P.M. for those employed on a shift starting before 11 A.M. and continuing after 7 P.M.

34.    At no time during the course of this action did Plaintiffs ever observe on Defendants' premises any posted notice regarding employees' rights under the Fair Labor Standards Act, New York State Labor Law and Regulations or the procedures for filing a charge for violations of these state and federal labor laws.

## FLSA COLLECTIVE ACTION CLAIMS

35.    On information and belief, there are over 15 current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

36.    The named Plaintiffs are representative of these other parking lot attendants who work for Defendants and are acting on behalf of their interests as well as their own interest in bringing this action:

a.    Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

- 8 -

37.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

38.     Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the state of New York, on or after the date that is six years before the filing of the complaint in this case, August 2001, to entry of judgment in this case (the "New York Class Period"), as travel agency or money wire employees. All said persons, including Plaintiffs, are referred to herein as the "New York Class."

39.     The persons in the New York Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately 100 members of the New York Class during the New York Class Period. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the class.

40.     The representative parties will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

41.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small,

- 9 -

compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

42.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

43.    The claims of Plaintiffs are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the Named Plaintiffs were and are typical of those of class members.

44.    There are questions of law and fact common to the New York Class which predominate over any questions solely affecting individual members of the Class, including:

a.  what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b.  what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c.  what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d.  whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e.  whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f.  at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

- 10 -

g.  common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

**FIRST CAUSE OF ACTION**
**Minimum Wage Act Under the FLSA**

45.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

46.  At all times relevant to this action, Plaintiffs were engaged in interstate commerce in an industry or activity affecting commerce.

47.  At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

48.  Defendant Corporations constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

49.  Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. §§ 206(a) and 255(a).

50.  Plaintiffs have been damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**Overtime Wage Order Under the FLSA**

1.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

2.  Defendants willfully failed to pay Plaintiffs pursuant to the overtime wage order at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of 29 U.S.C. §§ 207(a)(1) and 255(a).

3.  Plaintiffs have been damaged in an amount to be determined at trial.

- 11 -

### THIRD CAUSE OF ACTION
**Minimum Wage Act Under the NYLL**

51.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

52.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

53.    Defendants knowingly paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

54.    Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

55.    Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**Overtime Wage Order Under the NYSLL**

56.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

57.    Defendants willfully failed to pay Plaintiffs overtime at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of NYLL § 190 *et seq.* and regulations of the New York State Department of Labor.

58.    Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

59.    Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
**Spread of Hours Wage Order**

4.Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

5.    Defendants failed to pay Plaintiffs one additional hour's pay at the minimum

PDF Creator - PDF4Free v2.0                         http://www.pdf4free.com

wage rate for each day Plaintiffs worked more than ten hours in violation of the Spread of Hours

Wage Order.

      6.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day

Plaintiffs in excess of ten hours was willful within the meaning of NYLL § 663.

      7.     Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against

Defendants:

      (a)     Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, and permitting them promptly to file consents to be plaintiffs in the

FLSA claims in this action;

      (b)     Designating this action as a class action under Rule 23 of the Federal Rules of

Civil Procedure pursuant to Rule 23 to all putative class members for applicable claims under

New York Labor Law;

      (c)     Declaring that Defendants have violated the minimum wage orders of the FLSA

and NYLL, as to Plaintiffs;

      (d)     Declaring that Defendants have violated the overtime wage orders of the FLSA

and NYLL, as to Plaintiffs;

      (e)     Declaring that Defendants' violation of the FLSA and NYLL were willful, as to

Plaintiffs;

      (f)     Declaring that Defendants have violated the Spread of Hours Wage Order of the

New York Commission of Labor;

PDF Creator - PDF4Free v2.0                http://www.pdf4free.com

    (g)    Declaring that Defendants' violations of the FLSA and New York Labor Law were willful;

    (h)    Awarding Plaintiffs and the punitive class members damages for the amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL;

    (i)    Awarding Plaintiffs and the punitive class members liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b);

    (j)    Awarding Plaintiffs and the punitive class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

    (k)    Awarding Plaintiffs and the punitive class prejudgment interest;

    (l)    Awarding Plaintiffs and the punitive class members the expenses incurred in this action, including costs and attorney's fees; and

    (m)    Awarding Plaintiffs and the punitive class members liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b);

    (n)    Awarding Plaintiffs and the punitive class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

    (o)    Awarding Plaintiffs and the punitive class prejudgment interest;

    (p)    Awarding Plaintiffs and the punitive class members the expenses incurred in this action, including costs and attorney's fees; and

- 14 -

PDF Creator - PDF4Free v2.0        http://www.pdf4free.com

For such other and further relief as the Court deems just and proper.

Dated: New York, New York
      August 1, 2007

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/_____
      Michael A. Faillace, Esq. [MF-8436]
      110 East 59th Street, 32nd Floor
      New York, New York 10022
      (212) 317-1200
      *Attorneys for Plaintiffs*

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com