PETER A. WALKER, ESQ. (PW-7984)
JACQUELYN G. WHITE, ESQ. (JW-4168)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
(212) 218-5526

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ANGELO PENA, ROLANDO ROJAS, JOSE DIROCHE, and FRANKLIN SANTANA, individually and on behalf of others similarly situated, | : <br> : <br> : CIVIL ACTION NO.: 07-CV-7013 (RJH) <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : <br> : |
| SP PAYROLL, INC., NICHOLAS PARKING, CORP., IVY PARKING, CORP., BIENVENIDO, LLC, CASTLE PARKING CORP., SAGE PARKING CORP., and SAM PODOLAK, | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

_____

### DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

of this Court, defendants SP Payroll, Inc. ("SP Payroll"), Nicholas Parking, Corp. ("Nicholas

Parking"), Ivy Parking, Corp. ("Ivy Parking"), Bienvenido, LLC ("Bienvenido Parking"), Castle

Parking Corp. ("Castle Parking"), Sage Parking Corp. ("Sage Parking") and Sam Podolak

("Podolak") (collectively, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP,

request that plaintiffs Angelo Pena, Rolando Rojas, Jose Diroche, Franklin Santana, and any

individual who consents to join this action (collectively, "Plaintiffs") produce the following

documents at the offices of Seyfarth Shaw LLP, 620 Eighth Avenue, New York, New York 10018 within twenty (30) days of service of this request.

## I. DEFINITIONS AND INSTRUCTIONS

1.      This request for documents is addressed to Plaintiffs, their agents, representatives or attorneys, or any of them.  If the requested documents are known to Plaintiffs to exist, but are not in the possession, custody or control of Plaintiffs, their agents, representatives or attorneys, if any, or any of them, it is requested that Plaintiffs so indicate or produce documents that show the name of the person or entity in whose custody such documents presently reside.

2.      "Person" shall mean and include a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents or employees.

3.      The term "you," "your" or "Plaintiffs" shall refer to Angelo Pena, Rolando Rojas, Jose Diroche, Franklin Santana, and/or any individual who consents to join this action, their counsel and any consultants, experts, investigators, agents, representatives, or other persons acting or purporting to act on Plaintiffs' behalf.

4.      The term "Complaint" shall refer to the Complaint filed on behalf of Plaintiffs, bearing Civil Action No. 07-CV-7013 (RJH).

5.      The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes; correspondence; communication of any nature; telegrams; electronic mail; computer files; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; calendars; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements,

2

contracts, and collective bargaining agreements, including all revisions and/or modifications thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, and/or translations of any documents; tape recordings; record and dictation belts; audio tapes and video tapes. Any document with any marks on any sheet, back, or side thereof, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment, or any notation of any character, not part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this document request.

6.    "Concerning" shall be interpreted broadly to include both explicit and implicit reference, and shall be construed to mean all of the following, as appropriate: relating to, pertaining to, referring to, regarding, describing, evidencing, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to the matter specified in the Request.

7.    If any document responsive to any request has been lost, mutilated, or destroyed, Plaintiffs are requested to submit in lieu of each such document a written statement which:

(a)    describes in detail the nature of the document and its contents;

(b)    identifies the person who prepared or authored the document and, if applicable, the person or persons to whom the document was sent;

(c)    specifies the date on which the document was prepared or transmitted; and

(d)    specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of and reasons for such destruction, and the persons requesting and performing the destruction.

NY1 26487133.1

8.    If there are no documents in Plaintiffs' possession, custody, or control which are responsive to a particular request, but Plaintiffs believe that such documents exist, so state and identify each such document and state to which request(s) the documents are responsive.

9.    Any document responsive to any request should be identified as being responsive to the specific request involved. If the same document is responsive to more than one request, all requests to which it is responsive should be identified.

10.   Consistent with the Federal Rules of Civil Procedure, these document requests shall be continuing so as to require Plaintiffs to supplement their responses when and if they obtain any further documentation subsequent to the service of their responses.

11.   In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine, or neuter pronouns, respectively, shall include the other genders; (iii) "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these requests all documents that might otherwise be construed to be outside their scope; and (iv) the present tense of a verb shall include its past tense and vice versa.

12.   Unless otherwise stated, Plaintiffs shall produce documents concerning the time period of August 6, 2001, through the present time (the "Relevant Time Period").

## II.   CLAIMS OF PRIVILEGE

If any document falling within the description contained in any of the following requests is withheld under a claim of privilege, Plaintiffs shall serve upon the undersigned attorneys for Defendants a written list of the withheld documents, including the following information as to each such item:

(a)    its date;

(b)    the name(s) of the person(s) or other entity(ies) who or which drafted, authorized,

4

or prepared it;

    (c)    its title;

    (d)    the type of document (e.g., letter, memorandum, notes of meetings, conversations, etc.);

    (e)    the name(s) of each person(s) or other entity(ies) to whom it was addressed;

    (f)    the name(s) of each person(s) or other entity(ies) to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given, or in any other manner disclosed;

    (g)    the subject matter of the document; and

    (h)    a statement of the ground or grounds on which each such document is considered to be privileged from production.

## III.   SCHEDULE OF DOCUMENTS TO BE PRODUCED

**Document Request No. 1:**

    All documents concerning your employment with Defendants, including, but not limited to, any policies and practices of Defendants, time and attendance records, handbooks, orientation materials, training materials, job descriptions, work schedules, pay rate schedules or notices, work rules, attendance guidelines, job assignments, disciplinary actions, performance evaluations or otherwise.

**Document Request No. 2:**

    All documents concerning the time you worked for Defendants and for which you claim you were not paid in compliance with the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), the New York Labor Law, and/or the wage orders of the New York Commissioner of Labor, 12 N.Y.C.R.R. §§ 142-2.2, 142-2.4.

NY1 26487133.1

**Document Request No. 3:**

All documents concerning your claims in this lawsuit that Defendants willfully violated federal or state law.

**Document Request No. 4:**

Any documents concerning your claim of a "policy" or "practice" of Defendants regarding the compensation of Plaintiffs and purported class members, as alleged in paragraphs 4 and 43 of the Complaint, including, but not limited to, time and attendance records, policies, handbooks, orientation materials, training materials, pay rate schedules or notices, work rules, and attendance guidelines.

**Document Request No. 5:**

Any documents concerning your claim in paragraph 48 of the Complaint that "Defendant Corporations constitute an enterprise within the meaning of the FLSA."

**Document Request No. 6:**

Any documents concerning your claim in paragraph 29 of the Complaint that "Defendants regularly require Plaintiffs to work in excess of forty (40) hours per week and more than ten (10) hours a day without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation."

NY1 26487133.1

**Document Request No. 7:**

Any documents concerning your claim in paragraph 31 of the Complaint that "Defendants paid Plaintiffs with a combination of check and cash, without providing an accurate indication as to their rate of pay, daily hours worked, or total hours worked each week for the full amount of weekly hours."

**Document Request No. 8:**

Any documents concerning your claim in paragraph 31 of the Complaint that "Plaintiffs regularly worked 60 to 72 hours per week."

**Document Request No. 9:**

Any documents concerning your claim in paragraph 33 of the Complaint that "Defendants denied Plaintiffs time off for meals and breaks."

**Document Request No. 10:**

All documents concerning your claim in paragraphs 5-7 and 35-37 of your Complaint that there are persons who are "similarly situated" to you for purposes of this lawsuit, including, but not limited to, job positions, duties required or actually performed, geographic locations, mangers, supervisors, policies, pay practices, and/or methods of recording time worked, and statements, affidavits or notes made by or about such similarly-situated workers.

NY1 26487133.1

**Document Request No. 11:**

Any and all documents concerning the dates and/or time periods you worked during your tenure at Defendants, including, but not limited to, payroll records, payroll checks or check stubs, time sheets, communications by Defendants' personnel and any notes or diaries or logs created or maintained by you.

**Document Request No. 12:**

Any and all documents, including audio and other recordings, reflecting or concerning any communications by and between you and any current or former employee of Defendants.

**Document Request No. 13:**

All diaries, daytime planners, and calendars – electronic, printed, handwritten or otherwise – that you maintained for the calendar years 2001 to the present.

**Document Request No. 14:**

Any and all passports and accompanying travel documentation that you have had during your employ at Defendants.

**Document Request No. 15:**

Any and all documents that reflect any time off taken by you while you were employed by Defendants, including any time off for travel within or outside the United States, vacation, personal days, sick days, sick leave, disability leave, appointments for consultation or treatment by doctors or other health care professionals, leaves of absence, jury duty, military leave,

NYI 26487133.1

bereavement leave, immigration or naturalization matters, prayer or religious reasons, or any other time off taken for any reason whatsoever.

**Document Request No. 16:**

Any and all documents provided to you by any person concerning the allegations and claims set forth in the Complaint, including, but not limited to, any statements, declarations, affidavits, testimony, or statements against interest.

**Document Request No. 17:**

Any documents concerning all the damages and remedies that you are seeking in this action.

**Document Request No. 18:**

Any and all documents concerning any analysis or estimate of the financial loss which you or any other plaintiff claims to have been caused by the acts alleged in the Complaint.

**Document Request No. 19:**

Any and all documents concerning all sources of income derived by you while employed by Defendants, including, but not limited to, the following:

(a)     all federal, state, and local income tax returns and Internal Revenue Service W-2 and 1099 tax forms;

(b)     any and all documents showing receipt of monies from any employer, including but not limited to, payroll stubs or checks evidencing payment of monies; and

9

(c)    any and all documents reflecting income derived from any self-employment or any business venture not reflected in any of the foregoing documents; and

In addition to providing all documents that are responsive to this request, provide Defendants' attorneys with a fully-executed authorization form/release permitting Defendants' attorneys to obtain all of your federal income tax records. An authorization form is attached hereto.

### Document Request No. 20:

Any and all documents concerning any charge or complaint filed against Defendants by the United States Department of Labor and/ or any other federal, state or local agency including, but not limited to:

(a)    any affidavits, declarations, or sworn statements, made by you or by other persons, which was submitted to these agencies;

(b)    any and all other documents that you provided to these agencies; and

(c)    all documents that you received from these agencies.

### Document Request No. 21:

Any and all documents concerning any charge or complaint which you have filed with United States Department of Labor and/or any other government or administrative agency or body against any employer with whom you were or are employed or by whom you were denied employment (other than Defendants).

10

Document Request No. 22:

Any and all documents relating to any judicial or administrative proceeding (other than this lawsuit) in which you were either a Plaintiff (or a complaining party) or a defendant (or a responding party).

Document Request No. 23:

All documents subject to disclosure pursuant to Federal Rule of Civil Procedure 26 (a)(2)(A), (B) and (C).

Document Request No. 24:

All documents to which you referred in your answers to, or which support the statements made in response to Defendants' First Set of Interrogatories.

Document Request No. 25:

Copies of any documents not previously referred to by the above requests that support your assertion that you and other "similarly situated" persons are entitled to damages described in your prayer for relief for purported violations of federal and state law.

NY1 26487133 1

Dated: New York, New York
      October 15, 2007

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____

    Peter A. Walker (PW-7984)
    Jacquelyn G. White (JW-4168)
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendants

12

11/02/2007 09:15 FAX                    SEYFARTH SHAW                    ☒009/013

PETER A. WALKER, ESQ. (PW-7984)
JACQUELYN G. WHITE, ESQ. (JW-4168)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
(212) 218-5526

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANGELO PENA, ROLANDO ROJAS, JOSE DIROCHE, and FRANKLIN SANTANA, individually and on behalf of others similarly situated, | : : : : | CIVIL ACTION NO.: 07-CV-7013 (RJH) |
| Plaintiffs, | : : : | |
| v. | : | |
| SP PAYROLL, INC., NICHOLAS PARKING, CORP., IVY PARKING, CORP., BIENVENIDO, LLC, CASTLE PARKING CORP., SAGE PARKING CORP., and SAM PODOLAK, | : : : : : : | |
| Defendants. | : : | |

## DEFENDANTS' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

of this Court, defendants SP Payroll, Inc. ("SP Payroll"), Nicholas Parking, Corp. ("Nicholas

Parking"), Ivy Parking, Corp. ("Ivy Parking"), Bienvenido, LLC ("Bienvenido Parking"), Castle

Parking Corp. ("Castle Parking"), Sage Parking Corp. ("Sage Parking") and Sam Podolak

("Podolak") (collectively, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP,

request that plaintiffs Angelo Pena, Rolando Rojas, Jose Diroche, Franklin Santana, and any

individual who consents to join this action (collectively, "Plaintiffs") produce the following

NY1 26489542.1

11/02/2007 09:15 FAX                        SEYFARTH SHAW                        ☑010/013

documents at the offices of Seyfarth Shaw LLP, 620 Eighth Avenue, New York, New York 10018 within twenty (30) days of service of this request.

## I. DEFINITIONS AND INSTRUCTIONS

1.  This request for documents is addressed to Plaintiffs, their agents, representatives or attorneys, or any of them. If the requested documents are known to Plaintiffs to exist, but are not in the possession, custody or control of Plaintiffs, their agents, representatives or attorneys, if any, or any of them, it is requested that Plaintiffs so indicate or produce documents that show the name of the person or entity in whose custody such documents presently reside.

2.  "Person" shall mean and include a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents or employees.

3.  The term "you," "your" or "Plaintiffs" shall refer to Angelo Pena, Rolando Rojas, Jose Diroche, Franklin Santana, and/or any individual who consents to join this action, their counsel and any consultants, experts, investigators, agents, representatives, or other persons acting or purporting to act on Plaintiffs' behalf.

4.  The term "Complaint" shall refer to the Complaint filed on behalf of Plaintiffs, bearing Civil Action No. 07-CV-7013 (RJH).

5.  The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes; correspondence; communication of any nature; telegrams; electronic mail; computer files; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; calendars; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements,

NYI 26489542.1

(d)   the type of document (e.g., letter, memorandum, notes of meetings, conversations, etc.);

(e)   the name(s) of each person(s) or other entity(ies) to whom it was addressed;

(f)   the name(s) of each person(s) or other entity(ies) to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given, or in any other manner disclosed;

(g)   the subject matter of the document; and

(h)   a statement of the ground or grounds on which each such document is considered to be privileged from production.

## III.   SCHEDULE OF DOCUMENTS TO BE PRODUCED

**Document Request No. 1:**

All documents concerning any invoice, payment, time sheet, time record or written or verbal agreement with any employee, representative, consultant, agent or other person acting or purporting to act on Plaintiffs' behalf for purposes of soliciting Defendants' current or former employees to join this lawsuit.

Dated: New York, New York
     November 2, 2007

Respectfully submitted,

SEYFARTH SHAW LLP

By: _Jacquelyn G. White_
     Peter A. Walker (PW-7984)
     Jacquelyn G. White (JW-4168)
     620 Eighth Avenue
     New York, New York 10018
     (212) 218-5500

Attorneys for Defendants

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0600
TEL: 212.309.6000
FAX: 212.309.6001
eFax: 877.432.9652
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

## SEND TO

| | | | |
|---|---|---|---|
| Name: | Michael A. Faillace, Esq. | Firm: | Michael A. Faillace & Associates, P.C. |
| FAX #: | 212.317.1620 | Telephone #: | 212.317.1200 |

## FROM

| | | | |
|---|---|---|---|
| Name: | Adam S. Wexler | Floor: | 37 |
| Operator Sending: | | Telephone # | 212.309.6248 |
| FAX #: | 212.309.6001 | Date Sent: November 1, 2007 | No of Pages: 16 (including cover) |

## FAX MESSAGE

THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE NAMED RECIPIENT(S). THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU