MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace, Esq. [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ANGELO PENA, ROLANDO ROJAS, JOSE DIROCHE, FRANKLIN SANTANA, CHRISTAIN SANTOS, LUIS RAMON LUNA, MIGUEL ALCANTARA, MIGUEL GARCIA, MIGUEL ROJAS, VICTOR GONZALEZ, JOSE DE ARCE REYES, and EDISON ALVAREZ,

       *Plaintiffs*,

  -against-

SP PAYROLL, INC., NICHOLAS PARKING, CORP., IVY PARKING, CORP., BIENVENIDO, LLC, CASTLE PARKING CORP., SAGE PARKING CORP., and SAM PODOLAK,

       *Defendants.*
--------------------------------------------------------X

07 CV 7013

**[PROPOSED] FIRST AMENDED COMPLAINT**

**ECF Case**

  Plaintiffs Angelo Pena, Rolando Rojas, Jose Diroche, Franklin Santana, Christian Santos, Luis Ramon Luna, Miguel Alcantara, Miguel Garcia, Miguel Rojas, Victor Gonzalez, Jose De Arce Reyes, and Edison Alvarez, individually, by and through their attorneys, Michael Faillace & Associates, P.C., allege upon information and belief of the Defendants, as follows:

## NATURE OF ACTION

1.      Plaintiffs are current and former parking lot attendants of SP Payroll, Inc., Nicholas Parking, Corp., Ivy Parking, Corp., Bienvenido, LLC, Castle Parking Corp., and Sage Parking Corp. (collectively referred to as "Defendant Corporations"), and Sam Podolak ("Defendant Podolak"), who owns and operates Defendant Corporations.

2.      Defendant Corporations, by and through their owner, operate a chain of parking lots in New York City.

3.      Defendant Corporations are owned and operated by individual Defendant Sam Podolak.

4.      At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring their parking lot attendants to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

5.      Plaintiffs now bring this action for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") § 650 *et seq*., and the spread of hours and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. § 142-2.2, 2.4.).

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (interstate commerce). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Defendant Corporations reside in this district and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

8. Angelo Pena ("Plaintiff Pena") is an adult individual residing in New York County, New York.

9. Plaintiff Pena has been employed by Defendants from approximately October 2003 through the present.

10. Plaintiff Pena regularly works 60 hours per week (7 a.m. to 7 p.m., five days a week), without taking a meal break.

11. In addition, on many occasions, Plaintiff Pena was and is required by the Defendants to work extra hours beyond those of his shift (i.e. to cover for an absent co-worker).

12. At all times relevant, Plaintiff Pena was and is paid by check for the hours he worked, minus one hour per day for the meal break that he never took.

13. In addition to his weekly wages paid by check, Plaintiff Pena receives approximately $10 to $20 per week in cash. However, Plaintiff Pena is not compensated for the hours worked beyond his scheduled work time (i.e. covering for absent co-worker).

14. Plaintiff Pena has worked at the following locations: 199 Street and Western Avenue, Bronx, NY; 404 W. 155th Street, New York, NY; W. 145th Street, New York, NY; and 1295 Jerome Street, New York, NY 10452.

15. Rolando Rojas ("Plaintiff Rojas") is an adult individual residing in New York County, New York.

16. Plaintiff Rojas was employed by Defendants from approximately May 2003 through January 20, 2007.

17. Plaintiff Rojas regularly worked 60 hours a week (7 p.m. to 7 a.m., five days a week) without taking a meal break.

18. In addition, on many occasions, Plaintiff Rojas was required by the Defendants to work extra hours beyond those of his shift (i.e. to cover for an absent co-worker).

19. At all times relevant, Plaintiff Rojas was paid by check for the hours he worked, minus one hour per day for the meal break that he never took.

20. In addition to his weekly wages paid by check, Plaintiff Rojas was given approximately $15 to $20 per week in cash. However, Plaintiff Rojas was not compensated for the hours he worked beyond his scheduled work time (i.e. covering for absent co-worker).

21. Plaintiff Rojas worked at the following locations: 404 W. 155th Street, New York, NY; and 199th Street and Webster Avenue, Bronx, NY.

22. Jose Diroche ("Plaintiff Diroche") is an adult individual residing in Bronx County, New York.

23. Plaintiff Diroche has been employed by Defendants from approximately February 2001 through the present.

24. Plaintiff Diroche regularly works 72 hours per week (7 p.m. to 7 a.m., six days a week) without taking a meal break.

25. In addition, on many occasions, Plaintiff Diroche was required by the Defendants to work extra hours beyond those of his shift (i.e. to cover for an absent co-worker).

26. At all times relevant, Plaintiff Diroche was paid by check for the hours he worked, minus one hour per day for the meal break that he never took.

27. In addition to his weekly wages paid by check, Plaintiff Diroche was given approximately $15 to $20 per week in cash. However, Plaintiff Diroche was not compensated for the hours he worked beyond his scheduled work time (i.e. covering for absent co-worker).

28. Plaintiff Diroche has worked at the following locations: 1295 Jerome Avenue, New York, NY 10452; 1277 Jerome Avenue, New York, NY 10452; 199 Street & Western Avenue, Bronx, NY; 404 W. 155th Street, New York, NY.

29. Franklin Santana ("Plaintiff Santana") is an adult individual residing in Bronx County, New York.

30. Plaintiff Santana has been employed by Defendants from approximately 2003 through the present.

31. Plaintiff Santana regularly worked 72 hours per week (7 p.m. to 7 a.m., six days per week) without taking a meal break.

32. In addition, on many occasions, Plaintiff Santana was required by the Defendants to work extra hours beyond those of his shift (i.e. to cover for an absent co-worker).

33. At all times relevant, Plaintiff Santana was paid by check for the hours he worked, minus one hour per day for the meal break that he never took.

34. In addition to his weekly wages paid by check, Plaintiff Santana was given approximately $15 to $30 per week in cash. However, Plaintiff Santana was not compensated for the hours he worked beyond his scheduled work time (i.e. covering for absent co-worker).

35. Plaintiff Santana worked at the 1277 Jerome Avenue, Bronx, NY 10452 location.

36. Christian Santos ("Plaintiff Santos") is an adult individual residing in New York County, New York.

37. Plaintiff Santos was employed by Defendants from December 4, 2005 through approximately November 2006.

38. Plaintiff Santos regularly worked 72 hours per week (7 p.m. to 7 a.m., six days per week) without taking a meal break.

39. In addition, on many occasions, Plaintiff Santos was required by the Defendants to work extra hours beyond those of his shift (i.e. to cover for an absent co-worker).

40. At all times relevant, Plaintiff Santos was paid by check for the hours he worked, minus one hour per day for the meal break that he never took. However, Plaintiff Santos was not compensated for the hours he worked beyond his scheduled work time (i.e. covering for absent co-worker).

41. Plaintiff Santos worked at the following locations: 144th Street and Bryan Avenue, New York, NY; 404 W. 155th Street, New York, NY; and 1277 Jerome Avenue, Bronx, NY 10452.

42. Luis Ramon Luna ("Plaintiff Luna") is an adult individual residing in Bronx County, New York.

43. Plaintiff Luna was employed by Defendants from approximately March 26, 2002 through November 2004.

44. Plaintiff Luna regularly worked 72 hours per week (6:00 p.m. to 6:00 a.m., six days per week) without taking a meal break.

45. In addition, on many occasions, Plaintiff Luna was required by the Defendants to work extra hours beyond those of his shift (i.e. to cover for an absent co-worker).

46. At all times relevant, Plaintiff Luna was paid by check for the hours he worked, minus one hour per day for the meal break that he never took.

47. In addition to his weekly wages paid by check, Plaintiff Luna was given approximately $15 to $40 per week in cash. However, Plaintiff Luna was not compensated for the hours he worked beyond his scheduled work time (i.e. covering for absent co-worker).

48. Plaintiff Luna worked at the following locations: 187th Street and Valentine Avenue, Bronx, NY; and 169th Street, New York, NY.

49. Miguel Alcantara ("Plaintiff Alcantara") is an adult individual residing in Bronx County, New York.

50. Plaintiff Alcantara was employed by Defendants from May 1, 2003 through approximately October 2006.

51. Plaintiff Alcantara regularly worked 60 hours per week (7 p.m. to 7 a.m., five days per week) without taking a meal break.

52. In addition, on many occasions, Plaintiff Alcantara was required by the Defendants to work extra hours beyond those of his shift (i.e. to cover for an absent co-worker).

53. At all times relevant, Plaintiff Alcantara was paid by check for the hours he worked, minus one hour per day for the meal break that he never took.

54. In addition to his weekly wages paid by check, Plaintiff Alcantara was given $30 to $40 per week in cash. However, Plaintiff Alcantara was not compensated for the hours he worked beyond his scheduled work time (i.e. covering for absent co-worker).

55. Plaintiff Alcantara worked at the following locations: W. 145th Street, New York, NY, W. 155th Street, New York, NY, 169th Street and Jerome Avenue, Bronx, NY, and 199th Street and Webster Avenue, Bronx, NY.

56. Miguel Garcia ("Plaintiff Garcia") is an adult individual residing in Bronx County, New York.

57. Plaintiff Garcia was employed by Defendants from May 1, 2003 through approximately September 2005.

58. Plaintiff Garcia regularly worked 60 hours per week (7 p.m. to 7 a.m., five days per week) without taking a meal break.

59. In addition, on many occasions, Plaintiff Garcia was required by the Defendants to work extra hours beyond those of his shift (i.e. to cover for an absent co-worker).

60. At all times relevant, Plaintiff Garcia was paid by check for the hours he worked, minus one hour per day for the meal break that he never took.

61. In addition to his weekly wages paid by check, Plaintiff Garcia was given approximately $10 to $15 per week in cash. However, Plaintiff Garcia was not compensated for the hours he worked beyond his scheduled work time (i.e. covering for absent co-worker).

62. Plaintiff Garcia worked at the W. 145th Street, New York, NY location.

63. Miguel Rojas ("Plaintiff Miguel Rojas") is an adult individual residing in New York County, New York.

64. Plaintiff Miguel Rojas was employed by Defendants from approximately April 2003 through November 2006.

65. Plaintiff Miguel Rojas regularly worked 72 hours per week (6 p.m. to 6 a.m., six days per week) without taking a meal break.

66. In addition, on many occasions, Plaintiff Miguel Rojas was required by the Defendants to work extra hours beyond those of his shift (i.e. to cover for an absent co-worker).

- 9 -

67. At all times relevant, Plaintiff Miguel Rojas was paid by check for the hours he worked, minus one hour per day for the meal break that he never took. However, Plaintiff Miguel Rojas was not compensated for the hours worked beyond his scheduled work time (i.e. covering for absent co-worker).

68. Plaintiff Miguel Rojas worked at the following locations: 404 W. 155th Street, New York, NY; 187 Street and Valentine Avenue, Bronx, NY; and 1277 Jerome Avenue, Bronx, NY.

69. Victor Gonzalez ("Plaintiff Gonzalez") is an adult individual residing in New York County, New York.

70. Plaintiff Gonzalez was employed by Defendants from June 12, 2005 until February 4, 2006.

71. Plaintiff Gonzalez regularly worked between 72 and 84 hours per week (7 p.m. to 7 a.m., six to seven days per week) without taking a meal break.

72. In addition, on many occasions, Plaintiff Gonzalez was required by the Defendants to work extra hours beyond those of his shift (i.e. to cover for an absent co-worker).

73. At all times relevant, Plaintiff Gonzalez was paid by check for the hours he worked, minus one hour per day for the meal break that he never took.

74. In addition to his weekly wages paid by check, Plaintiff Gonzalez was given approximately $10 to $15 per week in cash. However, Plaintiff Gonzalez was not compensated for the hours worked beyond his scheduled work time (i.e. covering for absent co-worker).

75. Plaintiff Gonzalez worked at the following locations: 199 Street and Western Avenue, Bronx, NY; 404 W. 155th Street, New York, NY; W. 145th Street, New York, NY; 144th

Street and Bryan Avenue, New York, NY; 1277 Jerome Avenue, Bronx, NY; and 1295 Jerome Street, Bronx, New York, NY.

76. Jose De Arce Reyes ("Plaintiff Reyes") is an adult individual residing in New York County, New York.

77. Plaintiff Reyes was employed by Defendants for approximately three months in 2002, and nine months in 2004.

78. Plaintiff Reyes regularly worked between 40 and 60 hours per week (five days per week) without taking a meal break.

79. In addition, on many occasions, Plaintiff Reyes was required by the Defendants to work extra hours beyond those of his shift (i.e. to cover for an absent co-worker).

80. At all times relevant, Plaintiff Reyes was paid by check for the hours he worked, minus one hour per day for the meal break that he never took.

81. In addition to his weekly wages paid by check, Plaintiff Reyes was given approximately $15 to $20 per week in cash. However, Plaintiff Reyes was not compensated for the hours worked beyond his scheduled work time (i.e. covering for absent co-worker).

82. Plaintiff Reyes worked at the following locations: 199 Street and Western Avenue, Bronx, NY; and 187 Street and Valentine Avenue, Bronx, NY.

83. Edison Alvarez ("Plaintiff Alvarez") is an adult individual residing in Queens County, New York.

84. Plaintiff Alvarez was employed by Defendants from approximately June 2001 through January 28, 2006.

85. Plaintiff Alvarez regularly worked 72 hours per week without taking a meal break.

86. At all times relevant, Plaintiff Alvarez was paid by check for the first forty hours that he worked. In addition to his weekly wages paid by check, Plaintiff Alvarez was paid approximately $180 to $200 per week in cash to compensate him for the rest of the hours that he worked.

87. Plaintiff Alvarez's compensation for all of the hours worked was calculated based on a straight, flat rate.

88. Therefore, Plaintiff Alvarez was not paid overtime for all of the hours that he worked over forty.

89. Plaintiff Alvarez worked at the following locations: 15th Street (between 2nd and 3rd Avenues), New York, NY; 303 East 6th Avenue, New York, NY; 1277 Jerome Avenue, Bronx, NY; 1832 2nd Avenue, New York, NY; and 311 East 11th Street, New York, NY.

*Defendants*

90. Defendant SP Payroll, Inc. is a corporation organized and existing under the laws of the State of New York. SP Payroll, Inc. operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

91. Defendant Nicholas Parking, Corp. is a corporation organized and existing under the laws of the State of New York. Nicholas Parking, Corp. operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

92. Defendant Ivy Parking, Corp. is a corporation organized and existing under the laws of the State of New York. Ivy Parking, Corp. operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

93. Defendant Bienvenido, LLC is a corporation organized and existing under the laws of the State of New York.  Bienvenido, LLC operates parking lots and maintains its corporate headquarters at 1832 Second Avenue, New York, NY 10128.

94. Defendant Castle Parking Corp. is a corporation organized and existing under the laws of the State of New York.  Castle Parking Corp. operates parking lots and maintains its corporate headquarters at 9 E. 40th Street, New York, NY 10016.

95. Defendant Sage Parking Corp. is a corporation organized and existing under the laws of the State of New York.  Sage Parking Corp. operates a parking lot and maintains its corporate headquarters at 9 E. 40th Street, New York, NY 10016.

96. Defendant Sam Podolak is an individual engaged in business in the City and County of New York.  Defendant Podolak, who is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations, possesses operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, controls significant functions of Defendant Corporations, determines the wages of the parking lot attendants, and makes hiring decisions.

## STATEMENT OF FACTS

*Defendant Corporations Constitute Joint Employers*

97. SP Payroll, Inc., Nicholas Parking, Corp., Ivy Parking, Corp., Bienvenido, LLC, Castle Parking Corp., and Sage Parking Corp. are shell corporations controlled by the same owner, or owner group, operating as a unified operation.

98. Defendant Corporations are associated and joint employers, utilizing Plaintiffs in a fungible and interchangeable manner as parking lot attendants between the parking lots operated by the Defendant Corporations.

99. Defendant Corporations share the same employees among them, act in the interest of each other with respect to employees, pay their employees by the same method and in the same amount, share control over the employees, and are themselves under common control.

100. Upon information and belief, Defendant Podolak is the owner and/or executive director of the Defendant Corporations.

101. At all relevant times, Defendant Podolak employed and/or jointly employed the Plaintiffs.

102. The gross annual volume of sales made or business done by Defendant Corporations, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

103. At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*Defendants' General Compensation and Employment Practices*

104. At all times relevant to this action, Plaintiffs worked as attendants in parking lots owned and/or operated by Defendants. As such, Plaintiffs' work was involved with or related to the movement of goods for interstate commerce.

105. Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week and more than ten (10) hours a day.

106. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain accurate and complete timesheets or payroll records.

107.	For example, Defendants usually paid the Plaintiffs with a combination of a check and cash.

108.	Upon information and belief, this was done so to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for any overtime due, and (3) for spread of hours pay.

109.	Defendants paid Plaintiffs with a check and cash, which did not provide the Plaintiffs with an accurate accounting of daily hours worked and the total number of hours worked each week. Although Plaintiffs regularly worked between 60 to 72 hours per week, their pay checks only reflected an average of 55 hours per week. Defendants would pay an additional cash amount to the Plaintiffs. However, these cash payments also never accurately reflected the actual number of hours worked.

110.	Plaintiffs could not leave the parking lot unattended and as a result, were required to work their entire 12-hour shift without receiving a meal break.

111.	Defendants denied Plaintiffs time off for meals and breaks in violation of New York State Labor Law § 162.2. Plaintiffs received neither a thirty-minute break for lunch, nor an additional 20 minute break between 5 P.M. and 7 P.M. for those employed on a shift starting before 11 A.M. and continuing after 7 P.M.

112.	Even though the Plaintiffs were denied their meal break, Defendants improperly deducted one hour for each day that the Plaintiffs worked from their paychecks.

113.	At no time during the course of this action did Plaintiffs ever observe on Defendants' premises any posted notice regarding employees' rights under the Fair Labor Standards Act, New York State Labor Law and Regulations or the procedures for filing a charge for violations of these state and federal labor laws.

## FIRST CAUSE OF ACTION
### Minimum Wage Act Under the FLSA

114.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

115.  At all times relevant to this action, Plaintiffs were engaged in interstate commerce in an industry or activity affecting commerce.

116.  At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

117.  Defendant Corporations constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)-(s).

118.  Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. §§ 206(a) and 255(a).

119.  Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Overtime Wage Order Under the FLSA

1.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

2.  Defendants willfully failed to pay Plaintiffs pursuant to the overtime wage order at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of 29 U.S.C. §§ 207(a)(1) and 255(a).

3.  Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Minimum Wage Act Under the NYLL

120.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

122. Defendants knowingly paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

123. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

124. Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### Overtime Wage Order Under the NYSLL

125. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126. Defendants willfully failed to pay Plaintiffs overtime at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of NYLL § 190 *et seq.* and regulations of the New York State Department of Labor.

127. Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

128. Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### Spread of Hours Wage Order

129. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130. Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage rate for each day Plaintiffs worked more than ten hours in violation of the Spread of Hours Wage Order.

131.   Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs in excess of ten hours was willful within the meaning of NYLL § 663.

132.   Plaintiffs have been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)   Declaring Defendants' violation of the FLSA a willful violation of the FLSA;

(b)   Declaring Defendants' violation of the New York Labor Law a "willful" violation under NYLL § 663;

(c)   Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages due, damages for any improperly deductions taken from wages, as well as damages for spread of hours pay due under the FLSA and NYLL;

(d)   Awarding Plaintiffs liquidated damages of 100% of their damages due under the FLSA's minimum and overtime wage orders, and damages for improper deductions from wages, pursuant to 29 U.S.C. § 216(b);

(e)   Awarding Plaintiffs liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, improper deductions, and overtime compensation shown to be owed pursuant to NYLL § 663;

(f)   Awarding Plaintiffs prejudgment interest as applicable;

(g)   Awarding Plaintiffs the expenses incurred in this action, including costs and attorney's fees; and

(h)   Awarding Plaintiffs all such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 2, 2008

                                            MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
     Michael A. Faillace, Esq. [MF-8436]
     110 East 59th Street, 32nd Floor
     New York, New York 10022
     (212) 317-1200
     *Attorneys for Plaintiffs*