**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ANGELO PENA, ROLANDO ROJAS, JOSE
DIROCHE, and FRANKLIN SANTANA,
*individually and on behalf of others similarly situated*,

                *Plaintiffs*,

    -against-

SP PAYROLL, INC., NICHOLAS PARKING,
CORP., IVY PARKING, CORP.,
BIENVENIDO, LLC, CASTLE PARKING
CORP., SAGE PARKING CORP., and SAM
PODOLAK,

                *Defendants.*
----------------------------------------------------------X

**07 CV 7013**

**Collective Action Under
29 U.S.C. 216(b)**

**ECF Case**


## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT UNDER FED. R. CIV. P. 15(a)(2) AND FOR OTHER RELIEF

            BY:    MICHAEL FAILLACE & ASSOCIATES, P.C.
                      Michael A. Faillace, Esq. [MF-8436]
                      John A. Karol, Esq. [JK-9899]
                      110 East 59th Street, 32nd Floor
                      New York, New York 10022
                      (212) 317-1200
                      *Attorneys for Plaintiffs*

**Preliminary Statement**

Plaintiffs Angelo Pena, Rolando Rojas, Jose Diroche, and Franklin Santana (the "Named Plaintiffs"), as well as eight prospective named plaintiffs Christian Santos, Luis Ramon Luna, Miguel Alcantara, Miguel Garcia, Miguel Rojas, Victor Gonzales, Jose De Arce Reyes, and Edison Alvarez (the "Prospective Named Plaintiffs") (collectively the "Plaintiffs"), move the Court herein pursuant to Fed. R. Civ. P. ("FRCP") 15(a), to amend the Complaint in this action to (1) add the additional Prospective Named Plaintiffs (under FRCP 21 and 15) (who are formerly prospective "opt-in" plaintiffs under the proposed collective action under 29 U.S.C. 216(b)), (2) conform facts in the Complaint to facts as corrected and/or obtained in deposition and discovery, (3) remove the request for certification of a collective action under 29 U.S.C. 216(b), and (4) correct several typographic errors and conform the 'relief requested' section with the damages available given the removal of the collective action claims.

In seeking amendment of the Complaint, Plaintiffs further request relation back of the amendment under FRCP 15(c), and for all other relief that this Court should deem just and appropriate under the circumstances.

Defendants indicated that they only oppose the addition of one of the proposed prospective named plaintiffs, Edison Alvarez. In addition, Defendants indicated that they will oppose amendment of, or addition to, any of the factual assertions as set forth in the original Complaint.

As the parties are unable to agree, Plaintiffs respectfully move for the relief requested herein, including the adoption of their proposed amended complaint, relation back to the original pleading, and the amendment of the caption.

**Statement of Facts**

On August 6, 2007 the Named Plaintiffs filed their Complaint against Defendants Bienvendio, LLC, Castle Parking Corp., Sage Parking Corp., Sam Podolak, SP Payroll, Inc., Nicholas Parking, Corp., and IVY Parking Corp. (the "Defendants"). Faillace Affidavit ¶ 4; Exhibit A to Faillace Affidavit.

On August 14, 2007, Prospective Named Plaintiffs Edison Alvarez and Jose De Arce Reyes filed consent forms to become party plaintiffs (consent forms) under 29 U.S.C. 201 et seq. (the "Fair Labor Standards Act" or "FLSA"). Notably, issue had yet to be joined as of this date, and therefore, Plaintiffs could amend as of right. Faillace Aff. ¶ 5; Exhibits B and C to Faillace Aff.

On or about September 18, 2007 Defendants filed their Answer in this action. Faillace Aff. ¶ 6. Thereafter, On September 28, 2007 Prospective Named Plaintiff Miguel Alcantara filed his consent form to become party plaintiffs under the FLSA. Faillace Aff. ¶ 7, Exhibit E to Faillace Aff. On October 1, 2007 an initial conference was held, and a Joint Discovery Plan was adopted *inter alia* setting the date by which Plaintiffs were to make their application for class certification by January 15, 2008, and setting a status conference for April 18, 2008. Faillace Aff. ¶ 8.

On October 3, 2007, Prospective Named Plaintiffs Christian Santos Vargas and Victor Gonzales filed their consent forms to become party plaintiffs under the FLSA, and on October 4, 2007, Miguel Garcia filed his consent form. These consent forms were filed prior to the last day to amend as of right (20 days from the filing of the Answer). Faillace Aff. ¶ 9; Exhibits F, G, and H to Faillace Aff., respectively. On October 12, 2007, and October 30, 2007 consent forms to become party plaintiffs were filed by Luis Roman Luna, and Miguel Rojas, respectively.

Faillace Aff. ¶ 10; Exhibits I and J to Faillace Aff., respectively. Therefore, all the prospective named plaintiffs filed consent forms by October 30, 2007, within a month and a half of Defendants' filing of an Answer in this action.

In November and December of 2007, Defendants conducted depositions of all of the Named Plaintiffs, and notably conducted depositions of two of the Prospective Named Plaintiffs, Miguel Alcantara and Luis Luna. Faillace Aff. ¶ 11. Defendants also had planned to depose Prospective Named Plaintiff Edison Alvarez, and noticed his deposition for December 6, 2007. However, despite counsel and Prospective Named Plaintiff Edison Alvarez arriving at Defendants' counsel's offices on December 6, 2007, the Defendants cancelled the deposition because they were unable to provide a translator. Defendants never rescheduled the deposition of Edison Alvarez. Faillace Aff. ¶ 12-14; Exhibit K to Faillace Aff. ¶.

Defendants also availed themselves of other discovery of both the Named Plaintiffs and the Prospective Named Plaintiffs. Defendants' request for production specifically asked for materials for all prospective opt-in plaintiffs, as well as interrogatory responses from all prospective opt-in plaintiffs. Faillace Aff. ¶ 15; Exhibits L and M to Faillace Aff.

Discovery proceeded but was not completed by the April 18, 2008 scheduled status conference. During the April 18, 2008 Conference before the Court, the Defendants stated that they wished to move to remove all the Prospective Named Plaintiffs from the action, as Plaintiffs had not moved for class or collective action certification. Plaintiffs responded that they were amenable to dropping the collective action claims, but requested to amend the Complaint to include the Prospective Named Plaintiffs (all of whom had filed consent forms). Faillace Aff. ¶ 16-17.

Although Defendants initially opposed the amendment, Plaintiffs pointed out that they could alternatively file separate actions, and seek to join those actions with the present matter. The Court then requested that Plaintiffs and Defendants attempt to draft an amended complaint that both parties were amenable to (which would allow the entry of the amended complaint with consent of all parties under FRCP 15(a)). Plaintiffs supplied Defendants with a proposed amended complaint on or about June 10, 2008. Faillace Aff. ¶18-20.

The parties unfortunately have been unable to agree upon the form of a proposed amended Complaint. By letter dated July 3, 2008, Defendants set forth their objections to the proposed amendments. Defendants stated that they refused to allow amendment of the Complaint to reflect any new, corrective, or supplemental factual information. Faillace Aff. ¶ 21-3; Exhibit N to Faillace Aff.

The proposed amendments to the factual information contained in the proposed amended complaint either correct or supplement the information as a result of deposition testimony elicited by the Defendants from the Named Plaintiffs, and two of the Prospective Named Plaintiffs. For example, Named Plaintiff Angelo Pena states as follows in paragraph 10 of the original Complaint:

> 10. Angelo Pena ("Plaintiff Pena") is an adult individual residing in New York County, New York. Plaintiff Pena has been employed by Defendants from approximately October 2003 through the present. Plaintiff Pena regularly works 60 hours a week (7 p.m. to 7 a.m., five days a week). At all times relevant, Plaintiff Pena was paid the minimum hourly wage mandated by federal law. In addition to his weekly wages paid by check, Plaintiff Rojas was given approximately $20 to $70 a week in cash. Plaintiff Pena has worked at the following locations: 199 Street and Western Avenue, Bronx, NY; 404 W. 155th Street, New York, NY; 145th W. Street, New York, NY; and 1295 Jerome Street, New York, NY 10452 .

In the proposed amended Complaint, Plaintiff Pena states the following in paragraphs 8-14:

4

8. Angelo Pena ("Plaintiff Pena") is an adult individual residing in New York County, New York. [Unchanged]

9. Plaintiff Pena has been employed by Defendants from approximately October 2003 through the present. [Unchanged]

10. Plaintiff Pena regularly works 60 hours per week (7 a.m. to 7 p.m., five days a week), without taking a meal break. [This paragraph was changed as a result of Deposition Testimony. "7 a.m. to 7 p.m." was changed from "7 p.m. to 7 a.m.," See Pena TR 10:18-19. "…[W]ithout taking a meal break" was added. See Pena TR 24:5-24.]

11. In addition, on many occasions, Plaintiff Pena was and is required by the Defendants to work extra hours beyond those of his shift (i.e. to cover for an absent co-worker). [This paragraph was added to reflect transcript testimony. See Pena TR 10:23-5, 38:6-11.]

12. At all times relevant, Plaintiff Pena was and is paid by check for the hours he worked, minus one hour per day for the meal break that he never took. [This paragraph was added to reflect discovery obtained and testimony, See Pena TR 35:25, 36:2, 40:18-22, 43 20-25 and 44:2]

13. In addition to his weekly wages paid by check, Plaintiff Pena receives approximately $10 to $20 per week in cash. However, Plaintiff Pena is not compensated for the hours worked beyond his scheduled work time (i.e. covering for absent co-worker). [The changes here were made to reflect deposition testimony, Pena TR at 33:17-18, 35:17-20 (regarding the cash payments); Pena TR at 39:4-6, 40:8-22 (regarding failure of Defendants to specifically pay Pena for hours worked beyond his scheduled time)]

14. Plaintiff Pena has worked at the following locations: 199 Street and Western Avenue, Bronx, NY; 404 W. 155th Street, New York, NY; W. 145th Street, New York, NY; and 1295 Jerome Street, New York, NY 10452.

Faillace Aff. 24-26; Exhibit O to Faillace Aff.

Where the depositions of the Plaintiffs, and two of the Prospective Named Plaintiffs, were taken by Defendants, the proposed Amended Complaint draws directly from the deposition transcripts for the factual information being amended. Plaintiffs have provided citations to relevant portions of the Plaintiff deposition transcripts accompanying Mr. Faillace's Aff. in support of this motion. See Faillace Aff. ¶ 27-33; Exhibits P, Q, R, S, and T to the Faillace Aff.

5

For the Prospective Named Plaintiffs for whom Defendants chose not to take depositions, Plaintiffs added additional paragraphs in the Proposed Amended Complaint for each Prospective Named Plaintiff setting forth their expected testimony at trial, based upon the information communicated to counsel.  Faillace Aff. ¶34.

Plaintiffs then made additional changes to the Prospective Amended Complaint, including the removal of the class action and collective action pleadings, and changes to the "Defendants' General Compensation and Employment Practices" to reflect what was revealed in depositions and discovery.  (See e.g. Proposed Amended Complaint paragraphs 107, 108, 109, 110 and 112.)  The relief requested section was also substantially amended to reflect the removal of the class allegations and correct typographical errors.  Further changes reflected in the Proposed Amended Complaint include the correction of occasional typographical errors, the splitting apart of larger paragraphs into smaller paragraphs, and the renumbering of the paragraphs.[1]  Faillace Aff. ¶35-8.

Defendants oppose the addition of Prospective Named Plaintiff Edison Alvarez.  Defendants take the position that the addition of Prospective Named Plaintiff Edison Alvarez would be "futile," as according to Defendants "Mr. Alvarez was paid more than $30,000 in cash, in addition to his paychecks, and he actually was overpaid and owes the Company more than $13,000."  See Defendants' July 3, 2008 letter (attached to Faillace Aff. as "Exhibit V."); Faillace Aff. ¶¶ 39-40.

Plaintiffs note that Defendants initially at the April 18, 2008 conference did not single out Alvarez as a Plaintiff they refused to consent to adding.  Further, Defendants noticed and then

---

[1] A "redline" comparison of the original Complaint, and the Proposed Amended Complaint, generated by my offices using Microsoft Word's compare document function, is attached hereto for the Court's convenience as Exhibit U to the Faillace Aff.

6

cancelled the deposition of Alvarez. Faillace Aff. ¶41. Plaintiffs are therefore somewhat surprised by Defendants' specific opposition to Alvarez's inclusion. Plaintiffs note that if Alvarez is forced to file a separate action, he will simply relate this action to Alvarez's new one, and request relation back to his opt-in consent form, which was filed on 8/14/97, less than 20 days after the filing of the Complaint. Plaintiffs submit that such an action will not be "futile" as Defendants suggest, and it will be judicially inefficient to require him to file a separate matter. Faillace Aff. ¶42. Indeed, Plaintiffs respectfully submit that the addition of all the Prospective Named Plaintiffs will result in increased judicial efficiency, as it will eliminate the need to file separate actions.

    Finally, Defendants knew of or should have known that the action, as sought to be amended, would be brought against them by both the Named Plaintiffs, and the Prospective Named Plaintiffs   The original Complaint sets forth claims that arose out of the same conduct, transactions or occurrences as are alleged in the proposed amended Complaint. Plaintiffs clearly plead in the original Complaint violations of the minimum wage, overtime provisions, and other rules and regulations of the FLSA and NYLL, giving Defendants sufficient notice of the action. All the Prospective Named Plaintiffs filed consent forms well before the close of last year, so Defendants knew whom they were, and in fact deposed two of them. Adopting the proposed amendments will foster a trial based upon the merits of the action, promote judicial efficiency, and should be allowed as a matter of fundamental fairness. Faillace Aff. ¶43-47.

**DISCUSSION**

Leave to amend a complaint shall be freely given in the interests of justice. FRCP 15(a) ("The court should freely give leave when justice so requires"); Foman v. Davis, 371 U.S. 178, 182 (1962); Manning v. Utilities Mutual Ins. Co., 254 F.3d 387, 402 (2d Cir. 2001). The interests of justice are served by liberal permission to amend unless the amendment would be futile or has no merit. Hunt v. Alliance North American Government Income Trust, Inc., 159 F.3d 723, 728 (2d Cir. 1998). Amendments are favored as they tend "to facilitate a proper decision on the merits." Junior Gallery, Ltd. v. Neptune Orient Line, Ltd., 1997 WL 26293 at *3, 94-cv-4518 (S.D.N.Y. Jan. 22, 2007) (quoting Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99 (1957). An amendment enables a party "to assert matters that were overlooked or unknown… at the time [of the] original compliant." Gonzalez v. Nicholas Zito Racing Stable Inc., 04-cv-0022 (SLT), 2008 WL 941643 at *3 (E.D.N.Y. March 31, 2008) (quoting Sigma v. Dean Witter Reynolds, Inc., 766 F.2d 698, 703 (2d Cir. 1985).

FRCP 21 states that "…On motion or on its own, the court may at any time, on just terms, add or drop a party." FRCP 21. "Rules 15 and 21 are inextricably linked, as Rule 21 is subject to the standards set forth in Rule 15(a)." Godlewska v. HAD, 2006 WL 1422410, 03-cv-3985 (E.D.N.Y. May 18, 2006). Relation back is governed by FRCP Rule 15(c). "An amendment to a pleading relates back to the date of the original pleading when… (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading…" FRCP 15(c).

Here, the Prospective Named Plaintiffs all filed consent forms under the FLSA to become "opt-in" plaintiffs. Plaintiffs now seek to drop the collective allegations. However, because of the opt-in consent forms filed, the Defendants have known of the identity of the Prospective

8

Named Plaintiffs in this action since late October 2007. Indeed, two of the Prospective Named Plaintiffs were deposed, and discovery was sought and produced in this action for all the Plaintiffs, not simply the Named Plaintiffs. There is no unfair surprise or prejudice to Defendants in adding these Plaintiffs, whose addition has been contemplated throughout the life of this action. Plaintiffs should therefore be allowed to amend their Compliant so as to include all the Prospective Named Plaintiffs as a matter of justice. See Brown v. Dunbar & Sullivan Dredging Co., 189 F.2d 871, 873-5 (2d Cir. 1951) (amendments properly granted to unnamed plaintiffs to join action where consent forms timely filed by FLSA "opt in" plaintiffs);

Further, the factual amendments that Plaintiffs seek to add do not unfairly surprise the Defendants. In fact, the depositions from which the factual corrections and additions issue occurred in the last months of 2007. The Complaint as originally drafted sets forth the same transactions, conduct, and occurrences from which the present amendments flow, and it was only as a result of discovery conducted by Defendants that the information was discovered. Plaintiffs submit that the amendment should be allowed as a matter of fairness, and so as to try this case on the merits. See e.g. Godlewska v. HAD, supra at *2 (Opt-in FLSA Plaintiffs allowed to amend to include spread of hour claims "learned through discovery" under NYCRR 12§§ 142-2.4 months after the close of discovery); Lynch v. U.S. Automobile Assoc., 07-cv-562 (CM), 2007 WL 3355506 (S.D.N.Y. Nov. 8 2007) (Leave to amend to include in the caption FLSA "opt-in" plaintiffs, and to add CA state labor law claims granted).

Plaintiffs do not believe that Defendants possess any grounds to oppose this motion. A court has discretion to deny a motion to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). Defendants in their letter appear to make an argument of that

the amendment would be futile. In the event Defendants make this argument, Plaintiffs do not think they will be able to meet the burden to oppose amendment. "It is axiomatic that the party opposing an amendment has the burden of establishing that leave to amend would be futile. Where no colorable grounds exist to support a claim or defense, a motion to amend will be denied on the basis of futility. On the other hand if the movant has colorable grounds to support its claim or defense, justice requires that leave to amend be granted." Hines v. City of Albany, 542 F.Supp.2d 218 (N.D.N.Y. 2008). (internal citations omitted) (citing *inter alia* Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 783 (2d Cir. 1984).

    Plaintiffs submit that their amendments are colorable, and would not be futile. The Prospective Named Plaintiffs all opted in, and have stated valid causes of action in the [Proposed] First Amended Complaint. The Named Plaintiffs, and two of the Prospective Named Plaintiffs, have deposition transcripts supporting their causes of action. Defendants may not hide behind the fact that they choose not to depose a certain Prospective Named Plaintiffs, such as Alvarez, in the hopes of dismissing his action. Therefore, Plaintiffs respectfully submit that Defendants will not be able to successfully show the application for amendment would be futile.

    Plaintiffs therefore respectfully request that the Court grant their motion to amend pursuant to FRCP 15(a) adding the additional Prospective Named Plaintiffs (under FRCP 21 and 15), conforming facts in the Complaint to facts as corrected and/or obtained in deposition and discovery, removing the request for certification of a collective action under 29 U.S.C. 216(b), correcting several typographic errors and conform the 'relief requested' section with the damages available given the removal of the collective action claims, and amending the case caption accordingly. Plaintiffs further request relation back of the amendment under FRCP 15(c), and

10

respectfully request all other relief that this Court should deem just and appropriate under the circumstances.

Dated: July 12, 2008.

                                            MICHAEL FAILLACE & ASSOCIATES, P.C.

By:              /s/              
     Michael A. Faillace, Esq. [MF-8436]
     John A. Karol, Esq. [JK-9899]
     110 East 59th Street, 32nd Floor
     New York, New York 10022
     (212) 317-1200
     *Attorneys for Plaintiffs*

To:    Peter Arnold Walker, Esq.
        Seyfarth Shaw LLP
        620 8th Avenue
        New York, NY 10018
        (212) 218-5570
        Fax: (212) 218-5526
        Email: pwalker@seyfarth.com