Michael Faillace & Associates, P.C.
Michael A. Faillace, Esq. [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANGELO PENA, ROLANDO ROJAS, JOSE
DIROCHE, and FRANKLIN SANTANA,
*individually and on behalf of others similarly
situated*,

       Plaintiffs,

  -against-

SP PAYROLL, INC., NICHOLAS PARKING
CORP., IVY PARKING CORP.,
BIENVENIDO, LLC, CASTLE PARKING
CORP., SAGE PARKING CORP., and SAM
PODOLAK,

       Defendants.
----------------------------------------------------------X

07 CV 7013

AFFIDAVIT OF
EDISON ALVAREZ

ECF Case

STATE OF NEW YORK  )
         ) ss:
COUNTY OF NEW YORK )

I, Edison Alvarez, being duly sworn and under penalty of perjury, depose and state as follows:

1. I reside at 30-13 105 Street, 2nd Floor, East Elmhurst, NY 11370.

2. I am a former employee of Defendants, and ceased my employment in or about the beginning of 2006.

3. I began my employment for the Defendants in approximately June of 2001.

4. I worked at the following locations:

  a. 15th Street Street (between 2nd and 3rd Avenues), New York, NY;

b. Wooster & Canal St., New York, NY;

c. 187th Street, Between Grand Concourse and Valentine, Bronx, NY;

d. 198th Street and Webster Ave., Bronx, NY;

e. 1277 Jerome Avenue, Bronx, NY;

f. 155th Steet and St. Nicholas, Bronx, NY;

g. 1832 3rd Avenue, New York, NY; and

h. 311 East 11th Street, New York, NY.

5. I always worked 72 hours per week, working from 7 a.m. to 7 p.m., with one day off a week (usually Sunday).

6. I was unable to take a meal break.

7. In my experience no one had time to take a meal break, and I never witnessed any of my co-workers taking meal breaks or leaving the premises in order to purchase or eat breakfast, lunch, or dinner.

8. I was paid by check for the first forty hours that I worked per week.

9. In addition to this weekly wage paid by check, I was paid approximately $180 to $200 per week in cash to compensate me for the 32 additional hours.

10. I did not receive time and a half pay for the 32 hours over 40 hours a week, rather I was paid at a straight rate, which was exactly the same hourly rate as I received for the first 40 hours a week.

11. My paychecks always stated that I only worked 40 hours a week, and never reflected the time I worked over 40 hours a week.

12. My employers knew I was working 72 hours a week.

2

13. I was asked to punch in and punch out of work using timecards. However, my timecards, which reflected the actual hours I worked, were not used to generate the hours reported on my paychecks.

14. Each week, my manager Raj would normally take my time cards to Mr. Saperstein, where Mr. Saperstein would calculate how much cash I would receive for the week. I would then get my cash payment in an envelope.

15. I know it was Mr. Saperstein who calculated the cash amounts because Raj told me whenever there was an error or correction to the payments, he would say he needed to take the correction or error to Mr. Saperstein.

16. Despite knowing my actual time worked, Defendants were not reporting my additional hours, and paying me in cash "off the books."

17. Although I worked over ten hours per day for six days per week, I was never paid any additional compensation. I have since learned that I was supposed to receive an additional hour of pay for each day I worked for more than 10 hours in a day.

18. From 2001 through December 2002, I was paid $5.15 an hour.

19. For a brief period in December 2002, I was paid at $6.00 an hour, then that pay was reduced in January 2003 to $5.70 an hour, and from then on until September 2003, I received $5.15 per hour.

20. In September 2003, my rate of pay was increased to $5.40 an hour.

21. From January 2005 through March 2005, I was paid $6.00 an hour.

22. In April 2005, my pay was increased to $7.00 an hour, where it remained until the cessation of my employment in late January 2006.

3

23. While Defendants did pay me in cash for my straight rate pay, I am still owed my additional half time pay over all the hours I worked over 40, and for the additional hour every day that I worked over 10 hours a day.

24. At no time did I see any posters or other postings telling employees about overtime wages, or other postings required by the New York State Dept. of Labor or the United States Dept. of Labor.

25. In 2002, I signed a document presented to me by my manager Raj.

26. Raj told me that if I did not sign the document, I would not receive any of the pay I had earned that week.

27. The document stated that I was only working 40 hours a week, however, I was clearly working 72 hours a week.

28. Defendants continued to pay me in cash for the hours worked over forty after they had my signature, and then ceased asking me to sign in 2002.

29. I never agreed that I would not be paid for work over 40 hours a week, and never waived any of my rights for my owed compensation.

30. I never received any accounting for the hours I worked over 40 per week.

31. I never received any accounting for the cash payments I received.

32. Rather I simply would receive the cash in the same envelope I received my check in each week.

33. Defendants did not habitually write down the amount of cash I received anywhere, rather there was an occasional time, for instance when I took a vacation day, where they would deduct that pay from my cash payment, and note that directly on my paycheck.

4

34. I received a W-2 form from Defendants each year, but the W-2 form did not include any indication of my cash payments from Defendants.

EDISON ALVAREZ

Sworn to before me
This 11th Day of August 2008.

NOTARY PUBLIC

YOLANDA RIVERO
Notary Public, State of New York
No. 01RI6051984
Qualified in Queens County
Commission Expires July 30, 2022

## VERIFICATION

Edison Alvarez, being duly sworn, deposes and says:

I am a plaintiff in the above action. I have been read the foregoing Affidavit in Spanish, and know its contents, and as to the matters alleged by me, it is true to my own knowledge.

_Edison Alvarez_

Sworn to before me
This 14th day of August 2008.

_____
Notary Public

YOLANDA RIVERA
Notary Public, State of New York
No. 02RI...
Qualified in Queens County
Commission Expires ...

## VERIFICACIÓN

Edison Alvarez, debido siendo jurado, depone y dice:

Soy un demandante en la acción antedicha. Me han leído la declaración jurada precedente en español y sé su contenido, y en cuanto a las materias alegadas por mí, es verdad a mi propio conocimiento.

_____
Edison Alvarez

Jurado antes a mí
El 11 de Agosto 2008.

_____
Notario Público

EDUARDA RIVERO
Notary Public, State of New York
No. 32PI06135S4
Qualified in Queens County
Commission Expires July 17, 2011