UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELO PENA, ROLANDO ROJAS, JOSE DIROCHE, and FRANKLIN SANTANA, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SP PAYROLL, INC., NICHOLAS PARKING, CORP., IVY PARKING, CORP., BIENVENIDO, LLC, CASTLE PARKING CORP., SAGE PARKING CORP., and SAM PODOLAK,<br><br>Defendants. | ECF Case<br><br>CIVIL ACTION NO.: 07-CV-7013 (RJH) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

Dated: New York, New York
September 8, 2008

Peter A. Walker
Lori M. Meyers

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendants

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ ii

ARGUMENT ........ 2

I. Plaintiffs' Failure to Comply with Local Rule 56.1 Does Not Create An Issue of Fact. ........ 2

II. Any Recordkeeping Deficiencies Were of Plaintiffs' Own Making. ........ 5

III. Many of Plaintiffs' Claims are Time-Barred and Should be Dismissed. ........ 6

IV. Plaintiffs' Equitable Estoppel Argument is Specious ........ 7

V. Defendants Do Not Allege that the New York Minimum Wage Law, or Any *Statute*, is Constitutionally Defective, Rather They Argue That There is Nothing in Any Statute That Provides a Right to Overtime or Spread of Hours Pay Under New York Law. ........ 8

CONCLUSION ........ 10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Alliance Sec. Prods. v. Fleming Co.,
471 F. Supp. 2d 452 (S.D.N.Y. 2007) ........ 4

Anderson v. Mt. Clemens Pottery Co.,
328 U.S. 680 (1946) ........ 5

Bellows v. Merchants Despatch Transp. Co.,
257 A.D. 15, 12 N.Y.S.2d 655 (4th Dep't 1939) ........ 9

Bevona v. SEIU,
No. 05 Civ. 1157 (DLC), 2007 U.S. Dist LEXIS 34133 (S.D.N.Y. May 10, 2007) ........ 3

Chenette v. Kenneth Cole Prods.,
No. 05 Civ. 4849 (DLC), 2008 U.S. Dist. LEXIS 59169 (S.D.N.Y. Aug. 6, 2008) ........ 4

Chimarev v. TD Waterhouse Inv. Servs., Inc.,
280 F. Supp. 2d 208 (S.D.N.Y. 2003) ........ 2

Continental Cas. Co. v. N.Y. Mortg. Agency,
No. 94 Civ. 8408 (KMW), 1998 U.S. Dist. LEXIS 12784 (S.D.N.Y. Aug. 5, 1998) ........ 3

Gonzalez v. El Acajutla Rest. Inc.,
No. CV 04-1513 (JO), 2007 U.S. Dist. LEXIS 19690 (E.D.N.Y. Mar. 20, 2007) ........ 7, 8

Knight v. New York City Hous. Auth.,
No. 03 Civ. 2746 (DAB), 2007 WL 313435 (S.D.N.Y. Feb. 2, 2007) ........ 2

Liu v. Jen Chu Fashion Corp.,
2004 U.S. Dist. LEXIS 35 (S.D.N.Y. Jan. 7, 2004) ........ 5

MacDonald v. Martinelli,
120 F. Supp. 382 (D.N.Y. 1953) ........ 7

Millington v. Morrow County Bd. of Comm'rs,
No. 2:06-cv-347, 2007 U.S. Dist. LEXIS 74348 (S.D. Ohio Oct. 4, 2007) ........ 6

Mitchell v. Mace Produce Co.,
163 F. Supp. 342 (D. Md. 1958) ........ 6

Morelock v. NCR Corp.,
586 F.2d 1096 (6th Cir. 1978) ........ 6

Netzer v. Continuity Graphic Assocs.,
963 F. Supp. 1308 (S.D.N.Y. 1997) ........ 8

O'Keefe v. Arbon Equip. Corp.,
399 F. Supp. 2d 478 (S.D.N.Y. 2005) ........ 3

People ex rel. Siegel v. Weingrad,
26 N.Y.S.2d 841 (Brooklyn Ct. Spec. Sess. 1941) ........ 9

Pfenning v. Lufthansa German Airlines,
No. 95 CV 785 (NG), 1998 U.S. Dist. LEXIS 4610 (E.D.N.Y. Apr. 1, 1998) ........ 1

Seever v. Carrols Corp.,
528 F. Supp. 2d 159 (W.D.N.Y. 2007) ........ 5

South v. Saab Cars USA,
28 F.3d 9 (2d Cir. 1994) ........ 8

U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3,
No. 00 Civ. 4763 (RMB) (JCF), 2006 WL 2136249 (S.D.N.Y. Aug. 1, 2006) ........ 2

Wallace v. Water Tank Serv. Co.,
256 F. Supp. 689 (W.D. Okla. 1966) ........ 6

Wood v. Mid-America Mgmt. Corp.,
192 Fed. Appx. 378 (6th Cir. 2006) ........ 6

**STATUTES**

N.J.S.A. § 34:11-56a4 ........ 9

**RULES**

Local Civil Rule 24.1(b) ........ 9

Local Civil Rule 56.1(b)-(d) ........ 2

**PRELIMINARY STATEMENT**

Defendants SP Payroll, Inc. ("SP Payroll"), Nicholas Parking, Corp. ("Nicholas Parking"), Ivy Parking, Corp. ("Ivy Parking"), Bienvenido, LLC ("Bienvenido Parking"), Castle Parking Corp. ("Castle Parking"), Sage Parking Corp. ("Sage Parking") (collectively, "Defendant Corporations"), and Sam Podolak ("Podolak") (collectively, "Defendants") in the above-captioned action respectfully submit this reply memorandum of law in further support of their motion for partial summary judgment.

Plaintiffs' own papers confirm that partial summary judgment should be granted to Defendants. This is because Plaintiffs wholly fail to cite to anything in the evidentiary record which would create a triable issue of material fact. Plaintiffs' opposition papers are long on rhetoric, but lack substance and do not stand up to even cursory review by this Court.

Plaintiffs improperly attempt to create a genuine issue of material fact by disregarding the clear rules of this Court in their responses to the Defendants' Statement of Undisputed Material Facts ("56.1 Stmt.") under Local Civil Rule 56.1, by denying their own deposition testimony or seeking to rationalize it away. Thus for example, when Mr. Alcantara expressly conceded at his deposition that **he was paid overtime at the rate of time and one half**, even Plaintiff's counsel was forced to concede that the statement was made but, he added, "to the degree he understood the concept." (Pl. Counter-Stmt. ¶ 65.) Such rationalization and attempts to "explain away" deposition testimony are insufficient to defeat summary judgment. See Pfenning v. Lufthansa German Airlines, No. 95 CV 785 (NG), 1998 U.S. Dist. LEXIS 4610, at *3 n.1 (E.D.N.Y. Apr. 1, 1998) (a plaintiff may not create an issue of fact by "contradict[ing] or attempt[ing] to explain away admissions made at his deposition"). Moreover, rather than identify explicit admissible evidence, Plaintiffs simply deny the paragraphs of Defendants' 56.1 Statement and either refer to Mr. Faillace's Affidavit or to the proposed amended complaint, which is not a pleading in this lawsuit.

However, Defendants' motion should be granted for an even more compelling reason. When stripped of the hyperbole and rationalizations, a number of key concessions were made by Plaintiffs in their opposition papers:

- Plaintiffs admit that Messrs Pena, Rojas, Diroche, Santana, Alcantara, and Luna were paid the minimum wage rate (See, e.g., Pl. Counter-Stmt. ¶¶ 20, 32, 45, 54, 65, 75.)
- Plaintiffs admit that they received overtime at the rate of time and one half. (See, e.g., Pl. Counter-Stmt. ¶¶ 45, 54, 65.)
- Plaintiff Santana has admitted that at least since 2007 he has received pay for his lunch hour (Pl. Counter-Stmt. ¶ 56). Remarkably, Plaintiffs have not proffered any reason why Mr. Santana, but supposedly no other employees of Defendants, was paid for the lunch hour.

Accordingly, Defendants respectfully request that their motion for partial summary judgment be granted.

## ARGUMENT

### I. Plaintiffs' Failure to Comply with Local Rule 56.1 Does Not Create An Issue of Fact.

Local Civil Rule 56.1 requires that each numbered paragraph in Defendants' Statement of Facts be deemed admitted "unless *specifically controverted* by a correspondingly numbered paragraph . . . by [Plaintiff]" and "*followed by citation to evidence which would be admissible*" in accordance with Fed. R. Civ. P. 56(e). See Local Civil Rule 56.1(b)-(d) (emphasis added). Plaintiffs cannot manufacture a genuine issue of material fact by (i) denying Defendants' factual statement without citing admissible evidence; (ii) offering non-responsive statements and argument in its Counter-Statement; or (iii) misstating the record. See Knight v. New York City Hous. Auth., No. 03 Civ. 2746 (DAB), 2007 WL 313435, at *1 (S.D.N.Y. Feb. 2, 2007); U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3, No. 00 Civ. 4763 (RMB) (JCF), 2006 WL 2136249, at *3-5 (S.D.N.Y. Aug. 1, 2006); Chimarev v. TD Waterhouse Inv. Servs., Inc., 280 F. Supp. 2d 208, 223 (S.D.N.Y. 2003), aff'd, 99 Fed. Appx. 259 (2d Cir. 2004) (table). Here, Plaintiffs' Counter-Statement is laden with these deficiencies.

For example, numerous paragraphs of Plaintiffs' Counter-Statement contain no reference to admissible testimony but instead are replete with argument and reference to Mr. Faillace's Affidavit[1] or the proposed, rather than the existing pleading, and seek to explain away the admissions made by his clients or, when unable to rationalize such unequivocal admissions, to urge that his clients are not attorneys and did not really make such representations or did not understand the representations that they were making. (See, e.g., Pl. Counter-Stmt. ¶¶ 16, 27, 45[2], 50, 56, 60, 65, 68, 89, 91, 93, 95, 97.)

Other references to the testimony identified in Plaintiffs' Counter-Statement are materially misleading and inaccurate. Thus, for example, in paragraph 19, Plaintiffs deny that Mr. Pena works with other employees despite his testimony that during 2007, Jose Suazo and Diroche Colon would be at the garage during the same time that he was working and that the most number of employees with whom he worked was three and the least number of employees with whom he worked was one. (Pena Tr. at 13:2-7, 22-14:9.)

Still other paragraphs deny that Plaintiffs were paid minimum wage, but then are internally inconsistent and concede that Plaintiffs were paid the minimum wage. For example in paragraph 20, counsel denies that Mr. Pena was paid the minimum wage, but then admits that "Mr. Pena was paid at the minimum wage" and that "Defendants paid him at the hourly rate that was equal to minimum wage." See also paragraphs 32, 45, 54 for similar concessions.

---

1 Much of Mr. Faillace's Affidavit is defective and must be disregarded inasmuch as it is not based upon his personal knowledge and contains legal arguments and conclusions. O'Keefe v. Arbon Equip. Corp., 399 F. Supp. 2d 478, 482 (S.D.N.Y. 2005) ("[A]n attorney affidavit not made on personal knowledge . . . is insufficient to defeat a summary judgment motion.") (quotations omitted); Bevona v. SEIU, No. 05 Civ. 1157 (DLC), 2007 U.S. Dist LEXIS 34133, at *5 n.4 (S.D.N.Y. May 10, 2007) ("[L]egal arguments . . . do not belong in an affidavit."); Continental Cas. Co. v. N.Y. Mortg. Agency, No. 94 Civ. 8408 (KMW), 1998 U.S. Dist. LEXIS 12784, at *37 (S.D.N.Y. Aug. 5, 1998) (disregarding legal conclusions contained in affidavits).

2 Here Plaintiffs make a completely nonsensical argument. They admit that the paychecks of Mr. Diroche reveal that his regular rate was $7.15 per hour and his overtime rate was $10.73 per hour, but that "this is no indication that Mr. Diroche was actually paid the proper amount of overtime pay, simply that the paycheck states as such." Plaintiffs have not adduced any evidence that Mr. Diroche was not, in fact, paid this amount.

Perhaps the most egregious of Plaintiffs' misrepresentations is contained in that portion of their Counter-Statement in which they purport to add allegations against Defendants.[3] Separate and apart from the procedural deficiencies of this section of the Counter-Statement, Plaintiffs make bald and erroneous statements without even attempting to find record support, most likely because none exists. Thus, Plaintiffs take pot shots at Mr. Saperstein and claim, without any citation whatsoever, that his "deposition revealed that Defendants appeared to be deriving the hours worked from time cards, but they were not actually accurate, or reflected in the paystubs that were ultimately given to Plaintiffs."

Thereafter, Plaintiffs quote from Mr. Saperstein's deposition to demonstrate the alleged deficiencies in Defendants' recordkeeping practices. Thus, Plaintiffs quote Mr. Saperstein as saying "[t]here were isolated incidents where either Raj forgot to put their hours on the sheet or I did not pick it up. But for whatever reason, the hours were missed." That same answer continues "Raj would receive the complaint and the hours would be added in the following week." (Walker Reply Aff., Ex. B at 101:10-15.) Plaintiffs only disingenuously quoted part of Mr. Saperstein's answer. Such manipulations of the evidence typify Plaintiffs' submission.

Finally, Plaintiff's 56.1 Counter-Statement contains impermissible legal arguments and legal conclusions which are not only wholly insufficient to put facts into dispute, but which also must be disregarded in deciding Defendants' motion for summary judgment. Chenette v. Kenneth Cole Prods., No. 05 Civ. 4849 (DLC), 2008 U.S. Dist. LEXIS 59169, at *19-20 n.8 (S.D.N.Y. Aug. 6, 2008) ("[T]he 56.1 Statement contains legal argument and conclusory assertions in violation of Local Rule 56.1's requirement that such submissions be restricted to concise statements of material facts."); Alliance Sec. Prods. v. Fleming Co., 471 F. Supp. 2d 452, 454 (S.D.N.Y. 2007) ("[L]egal arguments . . . belong in briefs, not Rule 56.1 statements, and so are disregarded in determining whether there are genuine issues of material fact."), aff'd, 2008 U.S. App. LEXIS 16098 (2d Cir. 2008).

---

[3] Defendants have fully addressed these allegations in their own Counter-Statement submitted herewith.

**II. Any Recordkeeping Deficiencies Were of Plaintiffs' Own Making.**

Relying on Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946), Plaintiffs assert that the law mandates that their recollections, regardless of how inconsistent, vague or outright preposterous they may be, will always prevail over Defendants' records. This is simply not true. Plaintiffs must "prove[] that [they] *in fact* performed work for which [they were] improperly compensated and…*produce[] sufficient evidence* to show the amount and extent of that work *as a matter of just and reasonable inference*." Anderson, 328 U.S. at 687 (emphasis added). In Liu v. Jen Chu Fashion Corp., a case relied on by Plaintiffs for the proposition that, absent rebuttal by defendants, their recollections as to hours worked are presumed to be correct, the court actually did not rely solely on plaintiffs' recollections, but on contemporaneous records. Liu, 2004 U.S. Dist. LEXIS 35, at *10 (S.D.N.Y. Jan. 7, 2004); (Pl. Mem. at 4 n.2). Here, Plaintiffs have not produced any evidence, let alone sufficient or credible evidence, that they each worked consistently for twelve or more hours a day, without leaving the premises or stopping to eat, regardless of whether they worked during the day or throughout the night.

To the extent that there are any deficiencies in Defendants' records, which Defendants deny, these were created by Plaintiffs themselves, as Plaintiffs often failed to follow procedure and punch in and out for the lunch hour or would forget to punch in and out for the day. (Walker Reply Aff., Ex. A at 45:18-46:3, 47:11-13, 48:10-19, 108:21-111:7.) Where as here, plaintiffs themselves create the deficiency in timekeeping records, courts have declined to apply the Anderson reduced burden. Seever v. Carrols Corp., 528 F. Supp. 2d 159, 170 (W.D.N.Y. 2007) ("There is no support for plaintiff's position that the [Anderson] burden of proof should be applied where the time record "deficiencies" alleged by the employee are admittedly and voluntarily self-created.") See also Millington v. Morrow Cty. Bd. of Comm'rs, No. 2:06-cv-347, 2007 U.S. Dist. LEXIS 74348, at *25 (S.D. Ohio Oct. 4, 2007) (citing Wood v. Mid-America Mgmt. Corp., 192 Fed. Appx. 378 (6th Cir. 2006).

**III. Many of Plaintiffs' Claims are Time-Barred and Should be Dismissed.**

In an attempt to avoid the consequences of their failure to properly follow the Fair Labor Standards Act and file the required consents, Plaintiffs argue that consent forms are not necessary where no collective action is sought (Pl. Mem. at 7). Quite simply, Plaintiffs miss the point.

Plaintiffs filed this action as a 216(b) collective action and have not been given permission to amend their complaint. Therefore, even the named plaintiffs are not considered parties to this action until the time that their consents are filed and these consents do not relate back to the date the original Complaint was filed. See Def. Mem. at 6-10. Thus, Mr. Pena became a plaintiff on July 30, 2008, Messrs. Santana and Diroche became plaintiffs on August 7, 2008 and Mr. Rojas became a plaintiff on August 8, 2008. (See Faillace Aff., Ex. S.)[4]

Unlike this action, the cases cited by Plaintiffs for the proposition that a consent is unnecessary where no collective action is sought were all *originally filed as **individual** actions*. (Pl. Mem. at 7 n.5.) See, e.g., Morelock v. NCR Corp., 586 F.2d 1096, 1103 (6th Cir. 1978); Mitchell v. Mace Produce Co., 163 F. Supp. 342 (D. Md. 1958); Wallace v. Water Tank Serv. Co., 256 F. Supp. 689 (W.D. Okla. 1966).[5] Not one of the cases cited by Plaintiffs is controlling here or holds that a consent is unnecessary in a case procedurally postured like the one at bar.

Moreover, the law is equally clear that the statute of limitations continues to run on the Plaintiffs' claims until the consent is filed, such that certain claims may be truncated or dismissed. See Def. Mem. at 6-10. Indeed, because of the truncation of claims that results from the named

---

4 Ironically, Messrs. Pena, Diroche and Rojas, each signed their consents on July 20, 2007, well before this suit was commenced, but these consents were not filed until more than a year later. Coincidentally, Mr. Santana signed his consent on exactly the same day, but one year later -- July 20, 2008. (See Faillace Aff., Ex. R.) Mr. Faillace has offered no reason for his failure to timely file these consents.

5 In addition to citing inapposite cases, Plaintiffs even misquote the inapposite cases that they cite. For example, the quote contained on page 7 of Plaintiffs' Mem. allegedly contained in MacDonald v. Martinelli, 120 F. Supp. 382 (D.N.Y. 1953) does not appear on the cited page, let alone anywhere within the MacDonald opinion.

Plaintiffs' abject failure to file the required consents – three of which were supposedly signed on July 20, 2007 -- the only way for Plaintiffs' to salvage this lawsuit and maximize their claims is by attempting to belatedly amend the complaint to *inter alia* abandon the collective action. (See Def. Mem. at 10.) It would be unjust to allow Plaintiffs to avoid the statute of limitations in this manner, particularly where, as here, Plaintiffs did not seek to amend until well after the conclusion of discovery, when counsel, as a matter of strategy, realized a collective action could not be maintained.[6] Fairness dictates that Plaintiffs' counsel should be precluded from manipulating the law to suit his needs. To permit relation back as Plaintiffs request would deprive Defendants of its substantive statute of limitations defense.

**IV. Plaintiffs' Equitable Estoppel Argument is Specious**

Plaintiffs' assertion that the Court should invoke the doctrine of equitable estoppel to toll the limitations period because their counsel was "lulled into believing" that he and Defendants' counsel could work together to fashion an amended complaint, as alleged on page 10 of Plaintiffs' Memorandum not only defies credulity, but is contrary to law. The amendment to which Plaintiff refers was to eliminate the class allegations and to add the opt-ins as named plaintiffs and had nothing whatsoever to do with counsel's failure to file consents for the named Plaintiffs.

To be sure, equitable estoppel is only applied "under extraordinary circumstances" to excuse a plaintiff's failure to comply with the applicable statute of limitations "where the plaintiff knew of the existence of his cause of action, but the defendant's misconduct caused him to delay in bringing suit." Netzer v. Continuity Graphic Assocs., 963 F. Supp. 1308, 1316 (S.D.N.Y. 1997). Importantly, "[e]quitable estoppel is applicable only in situations where ***demonstrated 'egregious wrongdoing'*** by a

[6] Contrary to Plaintiffs' claims and as noted in Defendants main Memorandum, the court in Gonzalez v. El Acajutla Rest. Inc., No. CV 04-1513 (JO), 2007 U.S. Dist. LEXIS 19690 (E.D.N.Y. Mar. 20, 2007), dismissed and/or truncated plaintiffs' claims because of Mr. Faillace's failure to file the required consents on behalf of the named plaintiffs. The court there refused to allow Mr. Faillace to rely on the filing of the complaint to toll the statute of limitations.

defendant prevents a plaintiff from bringing suit on a claim of which plaintiff is aware." Id. at 1316-18 (describing possible egregious wrongdoing as, for example "overt threats to [Plaintiff's] career or threats of physical harm") (emphasis added). For equitable estoppel to apply, courts have required plaintiffs to use due diligence to remedy their defects and preserve their rights. South v. Saab Cars USA, 28 F.3d 9, 12 (2d Cir. 1994); Netzer, 963 F. Supp. at 1316. Here there was no due diligence and counsel's attempt to blame Defendants' counsel for his own failure to file consents that were purportedly in his possession for more than a year is, to say the least, unbelievable. The fact that counsel was chastised for similar conduct in the Gonzalez case, decided in 2007, makes his repeated conduct here inexcusable.

Nor are there any "extraordinary circumstances" here and Plaintiffs do not even claim that there were. To the contrary, Plaintiffs devote less than one half of one page of their twenty-five page memorandum to this point and merely whine that they thought counsel would work together to fashion an amended complaint -- a position that is further undercut by the fact that Plaintiff's provided a draft amended complaint to Defendants and a wholly different draft to the Court. This Court is faced solely with the inexcusable failure of Plaintiffs' counsel to follow a clear and well-established statutory prerequisite to bringing a FLSA 216(b) action.

## V. Defendants Do Not Allege that the New York Minimum Wage Law, or Any *Statute*, is Constitutionally Defective, Rather They Argue That There is Nothing in Any Statute That Provides a Right to Overtime or Spread of Hours Pay Under New York Law.

Unable to challenge Defendants' arguments head on, Plaintiffs create arguments which they attribute to Defendants. Thus, Plaintiffs' claim that Defendants have attacked the constitutionality of the New York Minimum Wage Law. Defendants have not. Nor do Defendants contest that the legislature of New York has the power and authority to enact an overtime law.[7] What Defendants

---

[7] Defendants also do not contend that the *New York Minimum Wage Law* is "constitutionally infirm because [it] incorporate[s] by reference provisions of another statute, the FLSA." (Pl. Mem. at 22-23).

have argued, however, is that the courts in New York have recognized that the New York legislature **has not** enacted such an overtime statute, and further, that the regulations promulgated by the Commissioner of Labor do not create a substantive right to overtime. (Def. Mem. at 16-20). Indeed, Plaintiffs have not pointed to any statute that provides them with a right to overtime in New York. Compare N.J.S.A. § 34:11-56a4 (New Jersey's wage statute providing explicitly that employees are entitled to "1 1/2 times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week.").

Plaintiffs are also incorrect in asserting that Defendant has somehow violated Southern District Local Civil Rule 24.1(b) which requires notification of a claim of unconstitutionality where "[a] party draws in question the constitutionality of a *statute* of [the] State." Loc. Civ. R. 24.1(b) (emphasis added). Again, Defendant has not alleged that any *statute* is unconstitutional, but rather that there is no overtime statute in New York. Thus, Plaintiffs' Local Rule 24.1 argument is a red herring.

In response to Defendant's argument that the regulations promulgated by the Commissioner do not create a substantive right to overtime, Plaintiff cites two cases in which the regulations of the Commissioner of Labor have been upheld. (Pl. Mem. at 20.) Notably, in the cases cited by Plaintiffs, the regulations upheld are not the overtime regulations, but rather minimum wage regulations and workplace safety regulations, which were enacted pursuant to the minimum wage law (Labor Law Art. 19 and § 564(2) and the workplace safety law (Labor Law § 200), respectively. See People ex rel. Siegel v. Weingrad, 26 N.Y.S.2d 841 (Brooklyn Ct. Spec. Sess. 1941); Bellows v. Merchants Despatch Transp. Co., 257 A.D. 15, 16, 12 N.Y.S.2d 655, 657 (4th Dep't 1939), aff'd, 283 N.Y. 581 (1940). Thus, these cases are inapposite.

On page 22 of Plaintiffs' Memorandum, in reference to Defendants' argument that the overtime regulations do not comport with Article III, section 16 of the State Constitution, Plaintiffs

repeat their self-created argument that Defendants advanced the position that the New York Minimum Wage Law is "constitutionally infirm." (Pl. Mem. at 22). Not so. Again, here Defendants argue -- solely in terms of regulations -- that the Commissioner has impermissibly incorporated the provisions of the FLSA into the state regulations. Defendants argument centers on the constitutionality of the incorporation of the FLSA in the *regulations*. While Plaintiffs argue that Article III, Section 16 does not apply to administrative regulations, Plaintiffs have cited no case law for this proclamation. (Pl. Mem. at 24). Finally, for the reasons contained in Defendants' moving papers, the spread of hours regulation is untenable because the Commissioner of Labor exceeded his authority in creating this regulation which, in essence, raises New York's minimum wage without legislative action. (Def. Mem. at 15-21.)

## CONCLUSION

For the foregoing reasons, as well as those set forth in Defendants' moving papers and its Opposition to Plaintiffs' Motion for Leave to Amend, this Court should (a) grant Defendants' motion; (b) dismiss Counts One, Three, Four and Five of Plaintiffs' Complaint; (d) deny Plaintiffs' motion for leave to amend their Complaint; and (d) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 8, 2008

SEYFARTH SHAW LLP

By: s/ Peter A. Walker
Peter A. Walker
Lori M. Meyers
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendants