PETER A. WALKER, ESQ.
LORI M. MEYERS, ESQ.
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
(212) 218-5526

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |
|---|---|
| ANGELO PENA, ROLANDO ROJAS, JOSE DIROCHE, and FRANKLIN SANTANA, individually and on behalf of others similarly situated, | : ECF Case<br>:<br>:<br>: CIVIL ACTION NO.: 07-CV-7013 (RJH)<br>: |
| Plaintiffs, | : |
| v. | : |
| SP PAYROLL, INC., NICHOLAS PARKING, CORP., IVY PARKING, CORP., BIENVENIDO, LLC, CASTLE PARKING CORP., SAGE PARKING CORP., and SAM PODOLAK, | :<br>:<br>:<br>: |
| Defendants. | : |

_____:

**DEFENDANTS' COUNTER-STATEMENT OF UNDISPUTED
<u>MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1(b)</u>**

Pursuant to Rule 56.1(b) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendants, SP Payroll, Inc. ("SP Payroll"), Nicholas Parking, Corp. ("Nicholas Parking"), Ivy Parking, Corp. ("Ivy Parking"), Bienvenido, LLC ("Bienvenido Parking"), Castle Parking Corp. ("Castle Parking"), Sage Parking Corp. ("Sage Parking") (collectively, "Defendant Corporations"), and Sam Podolak ("Podolak") (collectively, "Defendants") submit this counter-statement in response to the unnumbered

portion of Plaintiffs' counter-statement, which demonstrates the absence of disputed material facts. For the Court's convenience and given Plaintiffs' failure to follow the local rules and number the paragraphs, Defendants will repeat Plaintiffs' claims and respond thereto in numbered paragraphs.[1]

**Statement**

**The defendants' timekeeping procedure was faulty**

The supervisor of the garages, Raj Kissoon, was responsible for collecting and reporting the hours worked by each employee at each location. There are instances in which the time cards fail to indicate when an employee punched in or punched out. In those instances, Raj did not know how many hours the employee worked, but made an assumption based on when the previous worker left or when the next worker started, but he was not present to observe that this is what happened. Kissoon depo., pp. 43-49 and plaintiff's dep. ex. 7 (Angelo Peno time card for the two week period beginning 7/16/07). Faillace Aff. at ¶122.

**Response**

1. Defendants deny the characterization of the heading used in this section. Although Plaintiffs fail to support their statement with any record evidence, Defendants admit that Mr. Kissoon was responsible for collecting and reporting the hours worked by employees at each location and that at times, the time cards fail to indicate when an employee punched in or out. The reason the time cards do not always indicate when an employee punched in and out is that employees failed to punch in and out. (Walker Reply Aff., Ex. A at 45:18-46:3, 47:11-13, 48:10-19, 108:21-111:7.) Defendants deny the remaining portions of this paragraph as unsupported by the evidence. Mr. Faillace's Affidavit, which mirrors this paragraph of the

---

[1] Copies of deposition testimony cited herein are annexed to the Reply Affidavit of Peter A. Walker ("Walker Reply Aff."), dated September 8, 2008.

counter-statement is not evidence and is not based on personal knowledge. In point of fact, Mr. Kissoon testified that he was responsible for preparing the schedule for the men in each garage (Walker Reply Aff., Ex. A at 17:2-10) and that when an employee failed to properly clock in or out, he was able to discern the hours worked by that employee by looking to the time card of the employee who relieved him. He also followed this procedure when preparing his weekly reports of the hours worked by the men. (Walker Reply Aff., Ex. A at 47:18-49:6, 58:8-19, 65:22-67:3.)

**Statement**

**The defendants improperly computed employee's pay by backing-in some of their hours**

At times when the employees were paid partly by check and partly in cash, the cash portion of their wages was improperly determined by a process of backing-in the number of hours for which they were paid in cash. The paycheck amounts were arrived at excluding time for lunch. Kissoon depo., pp. 57-60; Saperstein depo., pp. 72-73; and plaintiffs' depo. ex 12. The defendants claim the cash payments represented pay for lunch hours. However, the cash amounts were not arrived at by applying an hourly rate to daily recorded number of hours. Rather the cash amounts were figured as the difference between the net weekly paycheck amount and a weekly net pay number which the defendants got from the previous owner. Podolak depo., pp. 21-22, 64-65; Kissoon depo., pp. 63-64; Saperstein depo., pp. 72-89, and plaintiff's depo. ex. 9, 12, and 14. Faillace Aff. ¶123-5.

**Response**

2.     Defendants deny the characterization of the heading used in this section. Defendants deny the first sentence of this paragraph, for which no citation is offered, as unsupported by the evidence. With respect to the second sentence, Defendants deny that Mr. Kissoon made any representations on the cited pages with respect to payment for lunch. When Mr. Kissoon was questioned during his deposition about lunch, he consistently testified that the

3

employees were paid for their lunch hour. (Walker Reply Aff., Ex. A at 72:21-73:20, 75:4-76:20.) Defendants also deny that Mr. Saperstein made any representations on the cited pages with respect to payment for lunch. When Mr. Saperstein was questioned at his deposition with respect to lunch, he testified that employees were paid in cash for the lunch hour. (Walker Reply Aff., Ex. B at 26:15-18, 34:19-23, 35:18-22, 57:23-25, 60:3-14, 73:24-74:3, 77:16-23, 127:17-20.) Mr. Saperstein also testified that for a brief period of time in 2006, Defendants did not pay the men for the lunch hour. (Walker Reply Aff., Ex. B at 91:3-7.) But that, beginning in 2007, Defendants once again began to pay for lunch, this time including payment for the one hour lunch period in the employees' paychecks. (Walker Reply Aff., Ex. B at 96:15-97:2, 97:9-22, 98:3-5.) Defendants deny that deposition exhibit 12 addresses the issue of payment for lunch. With respect to the third sentence, for which no citation is offered, as noted in the pages cited by Defendants, Defendants admit that certain cash payments were made to the employees for the lunch hours. Defendants deny the fourth sentence of this paragraph, for which no citation is offered, as unsupported by the evidence. Defendants deny the fifth sentence of the paragraph as unsupported by the evidence as it mischaracterizes the testimony. In addition, Mr. Faillace's Affidavit is not admissible evidence and is not based on personal knowledge. On the cited pages, Mr. Podolak testified that he inherited a system of payment from a prior owner of the garages and that the men "got paid for their regular hours, time and a-half for the overtime and some cash for their lunch hour." (Walker Reply Aff., Ex. C at 21:3-5.) He further testified that "I don't recall how we did this. But it was certainly based on the amount of hours they worked and it probably was a combination of their check and cash to equal minimum pay standard for regular time and time and a-half for overtime." (Walker Reply Aff, Ex. C at 64:8-12.) On the cited pages, Mr. Kissoon merely confirms that he prepared a particular report. On the cited

4

pages, Mr. Saperstein testified about his payroll calculations during the various points in time beginning when Defendants purchased garages from the previous owner and then systems that he implemented thereafter.  Indeed, Mr. Saperstein testified that in performing calculations for payroll after Defendant purchased various garages from the previous owner, employees continued to be paid in a manner akin to that from the previous owner.  The former owner provided the net amount that employees were to receive for a specific number of hours.  For these employees, Saperstein did not use gross numbers, other than to "make sure they got paid minimum wage for their time worked.  Minimum wage plus overtime. (Walker Reply Aff., Ex. B at 56:20-57:13.)  In the pages cited by Plaintiffs, Mr. Saperstein makes clear that the total net pay "is the total net they're supposed to be receiving for the hours worked plus the lunch hour in cash and check." (Walker Reply Aff., Ex. B at 77:16-23.)  This system was only used for employees inherited from the prior owner and not employees, such as Mr. Pena, who were hired by Defendants.  (Walker Reply Aff., Ex. B at 95:15-22.)  According to Mr. Saperstein, beginning in 2006, all employees were paid exclusively by check.  (Walker Reply Aff., Ex. B at 60:3-6.)  Finally, Defendants deny that the exhibits referenced by Plaintiffs support the proposition for which they are cited.

**Statement**

Saperstein's deposition revealed that Defendants appeared to be deriving the hours worked from time cards, but they were not actually accurate, or reflected in the paystubs that were ultimately given to Plaintiffs.

**Response**

3.    Defendants deny this statement, for which no citation is offered, as unsupported by the evidence.

5

**Statement**

Saperstein admits that the time cards were not reliable, and often he simply guessed at the actual arrival and departure times of employees.  In this event, Saperstein then states that Raj was truly the person who knew when all the Plaintiffs were present at work.  See e.g. Saperstein Depo. 65:22 – 66:11 (admits that time cards were missing entries, he or Raj would have to fill them in) 101:10-13:  "There were isolated incidents where either Raj forgot to put their hours on the sheet or I did not pick it up.  But for whatever reason, the hours were missed."

**Response**

4. Defendants deny the first statement of this paragraph, for which no citation is offered, as unsupported by the evidence and lacking in foundation.  It also constitutes inappropriate argument which is not warranted in a Local Rule 56.1 Statement.  Defendants deny the second sentence of this paragraph as unsupported by the evidence in that it mischaracterizes the testimony of Mr. Saperstein.  Mr. Saperstein actually testified that when a punch in or out time was missing, "[i]t was up to Raj.  Raj was the one that knew when they were coming and going.  He was the one that determined what time they got there and what time they left."  (Walker Reply Aff., Ex. B at 66:8-11.)  Defendants deny the third statement of this paragraph as unsupported by the evidence and incomplete.  In point of fact, on page 101:10-15, the complete testimony of Mr. Saperstein is "[t]here were isolated incidents where either Raj forgot to put their hours on the sheet or I did not pick it up.  But for whatever reason, the hours were missed. **Raj would receive the complaint and the hours would be added in the following week."** (Emphasis is language from Mr. Saperstein's answer which was omitted by Plaintiffs.)  (Walker Reply Aff., Ex. B at 101:10-15.)

**Statement**

This renders many of Saperstein's statements regarding the lunch hours, and his assurances that all the wage and hour laws were followed suspect. See e.g. Saperstein Depo., Page 68 lines 11 through 16 "The time cards were not reflecting that they were going out, so I needed - I needed that to happen") (referring to how the employees weren't punching their time cards for lunch breaks he claims they took). See also Saperstein Depo at 66:12–67:4 (employees were not punching out for lunch).

**Response**

5. Defendants deny the first statement of this paragraph, for which no citation is offered, as unsupported by the evidence and lacking in foundation. It also constitutes inappropriate argument which is not warranted in a Local Rule 56.1 Statement. Defendants admit that the cited references to pages 66-68 of Mr. Saperstein's deposition refer to the fact that employees, on occasion, were not punching in and out for lunch despite being told to do so.

**Statement**

It also calls in to question the accuracy of the hours Raj reported as Raj appears to have only been present for half an hour to 45 minutes at each of the six facilities each day, and therefore could not possibly have seen when employees were present or not. See Raj Sasson [sic] Depo TR at 14:23-6. Further Raj only really reviewed the time cards themselves to determine when employees were present at the garages, and not actual time periods. See Raj Sasson [sic] Depo TR at 16. Further Raj admits that his accounting for hours of employees filling in at other garages is not accurate, as they do not punch in any timecard. See Raj Sasson [sic] Depo at 20:22 – 28:2.

7

**Response**

      6.      Defendants deny the first statement of this paragraph, for which an incomplete citation is offered, as unsupported by the evidence and containing inappropriate argument which is not warranted in a Local Rule 56.1 Statement.  However, Defendants admit that Mr. Kissoon testified that he was present at each of the six garages for which he was responsible for one half hour to forty five minutes each day.  (Walker Reply Aff., Ex. A at 12:18-23, 14:23-15:6.)  Defendants deny the remaining statements in this paragraph as unsupported by the record citations.  In fact, on the cited page, Mr. Kissoon testified that when he was present at the individual garages, he reviewed the timecards for the men who were there.  (Walker Reply Aff., Ex. A at 16:5-15.)  Defendants deny that Mr. Kissoon made any of the comments attributed to him in the last sentence of this paragraph on the referenced pages, except admit that Mr. Kissoon stated that when there is a special event in a neighborhood, he would move an employee from one garage to another and that such employee would not punch in or out at the garage to which he was sent.  (Walker Reply Aff., Ex. A at 19:15-20:6.)

**Statement**

      Interestingly, when Raj was questioned as to how much it was decided to pay an employee based on their hours worked, he identified Saperstein as the decision maker.  See Sasson [sic] Depo at 30-31.

**Response**

      7.      Defendants deny this statement as unsupported by the evidence in that it mischaracterizes the testimony.  Mr. Kissoon actually testified that Mr. Saperstein makes the decision as to the amount of cash that any particular worker is supposed to receive in addition to his paycheck.  (Walker Reply Aff., Ex. A at 30:9-21.)

**Statement**

However, Saperstein identifies Raj as the decision-maker with respect to hours reported. See Saperstein Depo. 65:22 – 66:11.

**Response**

8.   Defendants deny this statement as unsupported by the evidence in that it mischaracterizes the testimony.  It is also contrary to Plaintiffs' statements in the first unnumbered paragraph of its counter-statement.  Mr. Saperstein actually testified that when employees failed to punch-in or punch-out for work, Mr. Kissoon figured out employee hours because he "knew when they were coming and going.  He was the one that determined what time they got there and what time they left."  (Walker Reply Aff., Ex. B at 65:22-66:11.)  In addition, Mr. Kissoon testified that when an employee failed to properly clock in or out, he was able to discern the hours worked by that employee by looking to the time card of the employee who relieved him.  He also followed this procedure when preparing his weekly reports of the hours worked by the men.  (Walker Reply Aff., Ex. A at 47:18-49:6, 58:8-19, 65:22-67:3.)

**Statement**

Therefore, Plaintiffs submit that these time records, and the statements provided in Saperstein's Affidavit purporting to supply the factual foundation for the employee records, and the fact that all employees were compensated appropriately do not resolve any issues of fact in Defendants' favor.  See Faillace Aff. at ¶¶122-130.

**Response**

9.   Defendants deny this statement as unsupported by the evidence and lacking in foundation.  Mr. Faillace's Affidavit is not evidence and is not based on personal knowledge. This statement also constitutes inappropriate argument which is not warranted in a Local Rule 56.1 Statement.

9

**Statement**

Plaintiffs therefore contend that there are sufficient issues of fact to counter this motion for summary judgment.

**Response**

10.     Defendants deny this statement as unsupported by the evidence.  It also constitutes inappropriate argument which is not warranted in a Local Rule 56.1 Statement.

Dated: New York, New York
       September 8, 2008

Respectfully submitted,

SEYFARTH SHAW LLP


By  s/ Peter A. Walker
    Peter A. Walker
    Lori M. Meyers
620 Eighth Avenue
New York, New York 10018
Phone:  (212) 218-5500
Fax:  (212) 218-5526

Attorneys for Defendants

NY1 26527175.2